5

United States District Court
Southern District of Texas
FILED

OCT 0 4 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |

## MOTION TO REMAND

DARWIN BISHOP, through his counsel, requests this Court to remand this case to the 357th Judicial District Court of Cameron County, Texas from which it was removed on the following legal and factual basis:

1. Darwin Bishop brought this action on August 7, 2000 against his own insurance company, Union Standard Insurance Co., for its failure to pay a claim occurring on March 2, 1997. Defendant has conducted discovery by taking a sworn statement from Plaintiff in accordance with the policy provisions. Plaintiff's Original Petition sets forth the relief sought by Plaintiff, that is the sum of Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00) which is inclusive of all damages sought by Plaintiff. Nowhere in the body of Plaintiff's pleadings has Plaintiff sought an amount equal or exceeding the jurisdiction of this court.

2. In determining whether jurisdiction existed, the rule has long been established that the amount in controversy is determined from the Complaint itself, unless it appears or in some way is shown that the amount stated in the Complaint is not in good faith. *Horton v. Liberty Mutual Insurance Company* 367 US 348, 353, 81 S Ct 1570, 1573; *St. Paul Mercury Indemnity Company v. Red Cab Company* 303 US 283, 289, 58 S Ct 586, 590, 82 L. Ed 845 (1938). The Defendant has the burden of establishing that Plaintiff acted in bad faith in understating his claim. *Gaitor v. Peninsular and Occidental Steam Ship Company*, 287 F2d 252, 253-54 (5th Circuit 1961). There is no question of bad faith and Defendant has not raised the issue of bad faith. Again, the pleading is the instrument that determines the jurisdiction of the federal court.

File Server/Bishop, Darwin/Mtn/Remand

1

3. Defendant, Union Standard, in its Notice of Removal, paragraph IV, (attached as Exhibit "A"), and it's Original Answer state that "should plaintiff prevail on the claim against defendant as stated in the Plaintiff's Original Petition, attached to this notice, plaintiff's damages are believed to be in excess of Seventy Five Thousand Dollars ($75,000.00)", this statement is nothing more than a mere assertion of federal jurisdiction, without substantiation. A bare assertion is insufficient to support removal as the burden rests with the party asserting federal jurisdiction. *Fallstrom v. Comstock*, Lexis 12339, U.S. Dist. Court, 1999, *United Ford & Commer. Workers Union, Local 919 AF-CIO v. Centermore Properties Meriden Square, Inc.*, 30 F3d 298, *McNutt v. General Motors Acceptance Corporation*, 298 U. S. 189 (1936. The Defendant has failed to sustain its burden

4. Should Defendant now proclaim that Plaintiff's cause of action exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00) then Defendant should explain to this court how the only offer ever tendered by Defendant Union Standard was the sum of Ten Thousand and No/100 Dollars ($10,000.00).

5. Plaintiff would further demonstrate the value of his claim by offering to resolve his claim, for the pleaded sum of Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00).

6. Plaintiff would further show that no demand by Plaintiff was ever tendered for an amount of Seventy-five Thousand and No/100 Dollars ($75,000.00) or higher. There is no issue of bad faith raised by the Defendant in its removal, except for the mere assertion in the Notice of Removal previously discussed.

7. Plaintiff moves for an order of this court directing Defendant to pay all costs and disbursements incurred by reason of Defendant's removal and the further order that this cause be remanded to the 357th Judicial District Court of Cameron County, Texas from which it was removed.

File Server/Bishop, Darwin/Mtn/Remand

RESPECTFULLY SUBMITTED,

R.W. ARMSTRONG & ASSOCIATES

BY: _____
R. W. Armstrong
Fed.Id.No. 2237
SBN 01323500
2600 Old Alice Road, Ste. A
Brownsville, Texas 78521
Telephone:   (956) 546-5556
Telecopier:   (956) 546-0470
**ATTORNEY FOR PLAINTIFF
DARWIN BISHOP**

## CERTIFICATE OF CONFERENCE

I certify that I, R.W. Armstrong, conferred with opposing counsel on the 3rd day of October, 2000, and she was unavailable. However, I have previously advised that I would file a Motion to Remand.

_____
R. W. Armstrong

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the **Motion to Remand** was on this the 3rd day of October, 2000 sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

*Certified Mail Z 258 926 750*

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

_____
R. W. Armstrong

File Server/Bishop, Darwin/Mtn/Remand

3

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | VERIFICATION |
| COUNTY OF CAMERON | § | |

I, R.W. Armstrong, being first duly sworn, depose and say:

1. I am the attorney for Plaintiff, Darwin Bishop, in the above-entitled action.

2. The above-entitled action was filed in the 357th Judicial District Court of Cameron County, Texas on August 7, 2000, and was removed to this Court by Defendant Union Standard Insurance Co., on September 6, 2000, with original and removal jurisdiction of this court over the above-entitled action being premised solely on the ground of with original and removal jurisdiction of this Court over the above-entitled action being premised on the grounds of alleged federal causes of action that the matter in controversy exceeding the sum of **SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00).**

3. The amount in controversy as evidenced by the pleadings does not meet the jurisdictional requirements. Further, the actual damages to this date are under **Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00).**

4. Jurisdiction is improper in United States District Court for the Southern District of Texas.

Affiant further sayeth not:

_____
R.W. Armstrong

SUBSCRIBED AND SWORN TO BEFORE ME on this the 3rd day of October, 2000, to certify which witness my hand and seal of office.

_____
Rosa M. Garcia
Notary Public, State of Texas
My Commission Expires: 6/5/2001

[Notary Seal: ROSA M. GARCIA, Notary Public, State of Texas, My Commission Expires 06-05-2001]

File Server/Bishop, Darwin/Mtn/Remand

4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JURY

| | |
|---|---|
| DARWIN BISHOP § | |
| *Plaintiff* § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| UNION STANDARD INSURANCE § | |
| COMPANY § | |
| *Defendant* § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES UNION STANDARD INSURANCE COMPANY, Defendant in the above numbered and styled cause and files this its Notice of Removal, and in support would show:

I.

UNION STANDARD INSURANCE COMPANY is the defendant in a civil action filed on August 7, 2000, in the 357th Judicial District Court of Cameron County, Texas, entitled *Darwin Bishop vs. Union Standard Insurance Company*, Cause No. 2000-08-3247-E. A copy of the citation, original petition, answer of this defendant, and notice of removal are attached and constitute all process, pleadings, and orders served in the action. Also filed simultaneously with this notice of removal is an Index of Matters Filed and a list of Attorneys in Charge.

II.

The citation issued to UNION STANDARD INSURANCE COMPANY and petition in this action were served upon William Clark Thornton, on August 7, 2000, in Irving, Texas.

Defendant's Notice of Removal          1

Defendant UNION STANDARD INSURANCE COMPANY'S notice of removal is filed within thirty days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

### III.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that defendant is now and was at the time the action was commenced a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma. Defendant UNION STANDARD INSURANCE COMPANY is not incorporated in the State of Texas. At the time this action was commenced, defendant UNION STANDARD INSURANCE COMPANY was, and still is, a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma.

### IV.

Should plaintiff prevail on the claim against defendant as stated in the Plaintiff's Original Petition, attached to this notice, plaintiff's damages are believed to be in excess of Seventy Five Thousand Dollars ($75,000.00).

### V.

Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the plaintiff and defendant are diverse in citizenship.

WHEREFORE, UNION STANDARD INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. s 1446, removes this action for trial from the 357th Judicial District Court of Cameron County, Texas, on this the 6th day of September, 2000.

Defendant's Notice of Removal                                                                                     2

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place - Suite 620
100 Savannah Avenue
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 fax


BY: _____
　　　CARLA M. SAENZ
　　　Texas Bar No. 17514595
　　　Federal Id. No. 7994

ATTORNEY FOR DEFENDANT,
UNION STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the above and foregoing document has been sent on this 6th day of September, 2000, to all counsel of record, to wit:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*

_____
CARLA M. SAENZ

Defendant's Notice of Removal                                                                 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| UNION STANDARD INSURANCE CO. | § | |

## ORDER GRANTING MOTION TO REMAND

The motion of Plaintiff Darwin Bishop to remand the above-entitled action to the 357th Judicial District Court of Cameron County, Texas, from whence it came, having regularly come on to be heard by this Court on the _____ day of _____, 2000, and R.W. Armstrong appearing as counsel for Plaintiff, and Carla Saenz appearing as counsel for Defendant, and this Court having considered such motion, the Affidavit of R.W. Armstrong, and all proceedings heretofore had herein, and having heard arguments of counsel, and it appearing to this Court that the above-entitled action was removed to this Court improvidently, this Court being without jurisdiction, since it is not a civil action founded on a claim or right arising under the Constitution and laws of the United States, and is, therefore an action over which this Court does not have original and hence removal jurisdiction, it is, therefore,

ORDERED that the above-entitled action be and it hereby is remanded to the 357th Judicial District Court of Cameron County, Texas.

FURTHER ORDERED that plaintiff be awarded costs herein in the amount of $_____.

THUS DONE AND SIGNED on this the _____ day of _____ 2000.

_____
PRESIDING JUDGE

File Server/Bishop, Darwin/Mtn/Remand

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| UNION STANDARD INSURANCE CO. | § | |

## MOTION TO REMAND

DARWIN BISHOP, through his counsel, requests this Court to remand this case to the 357th Judicial District Court of Cameron County, Texas from which it was removed on the following legal and factual basis:

1. Darwin Bishop brought this action on August 7, 2000 against his own insurance company, Union Standard Insurance Co., for its failure to pay a claim occurring on March 2, 1997. Defendant has conducted discovery by taking a sworn statement from Plaintiff in accordance with the policy provisions. Plaintiff's Original Petition sets forth the relief sought by Plaintiff, that is the sum of Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00) which is inclusive of all damages sought by Plaintiff. Nowhere in the body of Plaintiff's pleadings has Plaintiff sought an amount equal or exceeding the jurisdiction of this court.

2. In determining whether jurisdiction existed, the rule has long been established that the amount in controversy is determined from the Complaint itself, unless it appears or in some way is shown that the amount stated in the Complaint is not in good faith. *Horton v. Liberty Mutual Insurance Company* 367 US 348, 353, 81 S Ct 1570, 1573; *St. Paul Mercury Indemnity Company v. Red Cab Company* 303 US 283, 289, 58 S Ct 586, 590, 82 L. Ed 845 (1938). The Defendant has the burden of establishing that Plaintiff acted in bad faith in understating his claim. *Gaitor v. Peninsular and Occidental Steam Ship Company*, 287 F2d 252, 253-54 (5th Circuit 1961). There is no question of bad faith and Defendant has not raised the issue of bad faith. Again, the pleading is the instrument that determines the jurisdiction of the federal court.

File Server/Bishop, Darwin/Mtn/Remand

1



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § § | |
| V. | § § § | CIVIL ACTION NO. B-00-138 |
| UNION STANDARD INSURANCE CO. | § § | |

## ORDER GRANTING MOTION TO REMAND

The motion of Plaintiff Darwin Bishop to remand the above-entitled action to the 357th Judicial District Court of Cameron County, Texas, from whence it came, having regularly come on to be heard by this Court on the _____ day of _____, 2000, and R.W. Armstrong appearing as counsel for Plaintiff, and Carla Saenz appearing as counsel for Defendant, and this Court having considered such motion, the Affidavit of R.W. Armstrong, and all proceedings heretofore had herein, and having heard arguments of counsel, and it appearing to this Court that the above-entitled action was removed to this Court improvidently, this Court being without jurisdiction, since it is not a civil action founded on a claim or right arising under the Constitution and laws of the United States, and is, therefore an action over which this Court does not have original and hence removal jurisdiction, it is, therefore,

ORDERED that the above-entitled action be and it hereby is remanded to the 357th Judicial District Court of Cameron County, Texas.

FURTHER ORDERED that plaintiff be awarded costs herein in the amount of $_____.

THUS DONE AND SIGNED on this the _____ day of _____ 2000.

_____
PRESIDING JUDGE

File Server/Bishop, Darwin/Mtn/Remand

5