7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 7 2000

Michael N. Milby
Clerk of Court

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. __B-00-138__ |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | |

---

**DEFENDANT UNION STANDARD INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF DARWIN BISHOP'S MOTION TO REMAND**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **UNION STANDARD INSURANCE COMPANY**, Defendant in the above-styled and numbered cause of action and files this its Response to Plaintiff **DARWIN BISHOP'S** (hereinafter "BISHOP") Motion to Remand, and for such Response, would respectfully show unto the Court the following:

**I.**

On or about October 3, 2000, **BISHOP** filed his Motion to Remand arguing that the amount in controversy does not exceed $75,000.00 and therefore, this court does not have proper jurisdiction pursuant to 28 U.S.C. § 1332.

In his Original Petition, a true and correct copy of which is attached hereto as Exhibit "A," **BISHOP** alleges several causes of action against this Defendant, including fraud, negligence, violations of the DTPA, violations of the Texas Insurance Code and breach of contract. **BISHOP**

claims that the fair market value of the property in question at the time of the loss was "*at least $57,000.00.*" **BISHOP** further claims that he is "seeking to recover $57,000.00, along with attorney's fees, the aggregate amount does not exceed $74,500.00." See paragraph V of Plaintiff's Original Petition, attached hereto as Exhibit "A."

II.

**BISHOP** pleads an amount less than $75,000.00 only to evade federal jurisdiction. The amount in controversy is expected to exceed $75,000.00. Therefore, this court would have proper jurisdiction pursuant to 28 U.S.C. § 1332.

In their Motion to Remand, **BISHOP** cites case law that stands for the proposition that in determining diversity jurisdiction, the amount in controversy is determined by the complaint itself, unless the amount stated in the complaint is not in good faith. *See paragraph 2 of BISHOP'S Motion to Remand, a true and correct copy of which is attached hereto as Exhibit "B".*

However, the term "bad faith" in the context of pleading under the jurisdictional limits of diversity jurisdiction has a specific definition. For example, the court in *De Aguilar v. Boeing Co.,* found that "plaintiffs who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of their pleading" is considered "bad faith." *47 F.3d 1404, 1410 (C.A. (Tex.) 1995).*

In the instant case, **BISHOP** has done exactly what the court in *De Aguilar* prohibited. **BISHOP** is conveniently pleading under the jurisdictional limit solely for the purpose of evading federal jurisdiction with the knowledge that his claims may be worth more than $75,000.00.

**BISHOP'S** claim for attorney's fees must be considered in determining the amount in controversy. Federal courts hold that attorney's fees are included in determining the amount in controversy. *See St. Paul Reinsurance Co., v. Greenberg, 134 F.3d 1250, 1252-1253 (C.A.5 (Tex.) 1998); and Suber v. Chrysler Corp., 104 F.3d 578, 585 (3rd Cir. 1997).*

**BISHOP** has also plead fraud, which may result in a punitive or exemplary damage claim exceeding the jurisdictional amount of $75,000.00. Nothing will prohibit **BISHOP** from amending his pleadings in state court to include punitive or exemplary damage claims later in the litigation. The potential for exemplary and punitive damages is real and must be considered by the court in determining the amount in controversy. *See St. Paul Reinsurance Co.,, 134 F.3d at 1252-1253 (considering punitive damages in determining amount in controversy); See also Allstate Ins. Co. v. Hilburn 692 F.Supp 698, 702 (S.D. Miss. 1988).*

Further, BISHOP has made a claim for alleged violations of the Texas DTPA, and that this Defendant's conduct was unconscious and grossly unfair. Such a claim could result in an award for treble damages of actual damages. Thus, a potential amount in controversy could exceed $75,000.00.

**BISHOP'S** pleading was done in bad faith to avoid federal jurisdiction, as the amount of controversy, including a claim for attorney's fees, punitive damages or treble damages clearly could exceed an amount in excess of $75,000.00.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **UNION STANDARD INSURANCE COMPANY**, prays that upon final hearing hereof, Plaintiff, **DARWIN BISHOP'S** Motion to Remand is denied; and for such other and further relief, general and special, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place - Suite 620
100 Savannah Avenue
McAllen, Texas 78504
(956) 971-9446 Telephone
(956) 971-9451 Facsimile


BY: _____
      CARLA M. SAENZ
      State Bar No. 17514595
      **Federal ID No. 7994**
      **ATTORNEYS FOR DEFENDANT,**
      **UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this _17th_ day of November, 2000, to all counsel of record, to wit:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

CARLA M. SAENZ

Defendant's Response to Plaintiff's Motion to Remand                                    5

CMPDF - www.fasoo.com

# EXHIBIT "A"

CVISPDF – www.fastio.com

Case 1:00-cv-00138   Document 7   Filed in TXSD on 11/17/2000   Page 7 of 24

FILED ___9:00___ O'CLOCK ___P___ M
AURORA DE LA GARZA DIST CLERK

AUG 0 7 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2000-08-3247-F

| | | |
|---|---|---|
| DARWIN BISHOP | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| | § | |
| UNION STANDARD INSURANCE | § | 357th JUDICIAL DISTRICT |
| COMPANY | § | |

==================================================================

## PLAINTIFF'S ORIGINAL PETITION

==================================================================

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, **Darwin Bishop**, and files this his Original Petition complaining of Defendant **Union Standard Insurance Company**. Pursuant to Texas Rules of Civil Procedure, Rule 190.3, Plaintiff alleges discovery is intended to be conducted under Level 2. For cause of action, Plaintiff, **Darwin Bishop**, would respectfully show the Court and Jury the following:

I.

### PARTIES

Plaintiff **Darwin Bishop** is an individual residing in Cameron County, Texas. Defendant **Union Standard Insurance Company** (hereinafter referred to as "Union Standard") is a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma. Defendant is licensed to conduct business in the State of Texas, with its principal place of business in Irving, Texas, and may be served through its registered agent for process, Mr.

CibPDF - www.fenhs.com

William Clark Thornton, 122 West Carpenter Freeway, Suite 350, Irving, Texas  7039-2008.

## II.

### VENUE

Venue is proper in Cameron County, pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.001, 15.002, as all or a substantial portion of the events giving rise to this cause of action took place in Cameron County.

## III.

### FACTS

Plaintiff is the owner of certain valuable antique objects (hereinafter, "property"), which had a fair market value of over $57,000.00 on March 12, 1997.  On that date, the property was stolen by unknown persons from Plaintiff's residence at 2419 East Washington, Harlingen, Texas, and never recovered by Plaintiff. The property was covered by an insurance policy, policy number HP5619958-20, sold to Plaintiff by Defendant **Union Standard**. This policy had a maximum limit of $57,000.00.  Defendant **Union Standard** failed to reasonably investigate or to effectuate a prompt, reasonable, or equitable settlement of Plaintiff's claim of loss.  Defendant only offered Plaintiff $10,000.00 on the claim.

## IV.

### CAUSES OF ACTION AGAINST DEFENDANT UNION STANDARD:

#### a.   TEXAS INSURANCE CODE

Plaintiff would show that Defendant **Union Standard**, the insurer of the property in question, failed to effectuate a

prompt, fair, and equitable settlement of Plaintiff's claim of loss, when **Union Standard**'s liability was reasonably clear. All conditions precedent to **Union Standard**'s liability on the insurance policy in question have occurred. Defendant **Union Standard** also failed to affirm within a reasonable time whether Plaintiff's claim would be affirmed or denied. Such acts by Defendant **Union Standard** are in violation of Texas Insurance Code, Article 21.21 (West 1998) Sec. 4 (10)(a)(ii), and Sec. 4 (10)(a)(v)(A), and Art. 21.21-2 Sec. 2(b)(4), and were knowingly committed by Defendant **Union Standard**. Defendant **Union Standard** also made, published, disseminated, and circulated advertisements, circulars, and/or statements which misrepresented the terms of the policy issued to Plaintiff, or the benefits promised thereby, and misrepresented material facts or policy provisions in violation of Art. 21.21 Sec. 4(1), and (10)(a)(i) and Art. 21.21-2 Sec. 2(b)(1). Defendant **Union Standard** also failed to make a reasonable investigation of Plaintiff's claim, prior to refusing it, in violation of Art. 21.21 Sec. 4(10)(a)(viii).

## b.  DTPA

Plaintiff would show that Defendant **Union Standard** has knowingly violated the Texas Deceptive Trade Practices Act, Business and Commerce Code  § 17.01 et seq., (West 1998) in the following particulars:

a)  Citing policy exclusions that do not apply, or exclusions that are at best ambiguous, in violation of DTPA § 17.46(b)(5) and (12).

b)   Misrepresenting that if Plaintiff suffered a loss, Defendant **Union Standard** would cover the loss, in violation of DTPA § 17.46(b)(5) and (12).

c)   Defendant **Union Standard**'s agents and employees unconscionably denied Plaintiff's claims by taking advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree, in violation of DTPA § 17.50(a)(3).

d)   Defendant engaged in unfair practices in the insurance business in violation of DTPA § 17.50(a)(4).

Plaintiff seeks recovery for these unfair business practices Defendant has knowingly engaged in.

## c.  NEGLIGENCE

Alternatively, Plaintiff would claim that Defendant **Union Standard** failed to exercise due care when processing, investigating, and denying Plaintiff's claim.  Such lack of due care constitutes negligence, for which Plaintiff seeks recovery herein.

## d.  FRAUD

Defendant **Union Standard** committed common law fraud by making material representations to Plaintiff about the coverage it offered Plaintiff in the insurance policy in question.  These representations were made as positive assertions with the intention that Plaintiff act upon them, and Plaintiff did in fact rely upon them to Plaintiff's detriment.  Plaintiff seeks recovery herein for the damages it has suffered as a result of this reliance.

File server/petition/bishop, d. #99-219

### e.   BREACH OF CONTRACT

Defendant **Union Standard** breached its contract with Plaintiff in the following particulars:

a) Failing to reasonably and promptly settle Plaintiff's claim when Defendant **Union Standard**'s liability on the contract was reasonably clear.

b) Failing to conduct a reasonable investigation of Plaintiff's claim.

c) Failing to inform Plaintiff within a reasonable time whether its claim was to be denied or not.

All conditions precedent to Defendant **Union Standard**'s liability on the contract have occurred. Plaintiff made all required premium payments on the contract, and the contract had not been modified, altered, or rescinded as to any material portion by any party thereto.

### v.

### DAMAGES

The fair market value of the property at the time of loss was at least $57,000.00. The policy, which covered the property in question, had a limit of $100,000.00. Plaintiff is seeking to recover $57,000.00 from Defendant, along with attorney's fees, the aggregate amount does not exceed $74,500. Plaintiff is also entitled to court costs and reasonable and necessary attorney's fees under these provisions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that on final trial of this cause, Plaintiff have the following:

File server/petition/bishop, d, #99-219

a.   Judgment against Defendant **Union Standard Insurance Company** for a sum in the amount of $74,500.00, which includes prejudgment interest, attorney fees; and

b.   Such other and further relief to which Plaintiff may be justly entitled to receive.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas  78521
Telephone:(956) 546-5556
Telecopier:(956) 546-0470

_____
R. W. Armstrong
TBA 01323500

**ATTORNEY FOR PLAINTIFF**

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.002.01

No. 2000-08-003247-E

T H E   S T A T E   O F   T E X A S            **ORIGINAL**

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UNION STANDARD INSURANCE COMPANY
BY SERVING ITS REGISTERED
AGENT, MR. WILLIAM CLARK
THORNTON, 122 W. CARPENTER FRWY
SUITE 350, IRVING, TX.

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said PETITION was filed on AUGUST 07, 2000. A copy of same accompanies this citation.

The file number of said suit being No. 2000-08-003247-E.

The style of the case is:

DARWIN BISHOP
VS.
UNION STANDARD INSURANCE COMPANY

Said petition was filed in said court by _____HON. RON ARMSTRONG_____
(Attorney for        PLAINTIFF          ), whose address is
2600 OLD ALICE ROAD, SUITE A     BROWNSVILLE TX  78521              .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of AUGUST, A.D. 2000.

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521
By: [signature], Deputy

Case 1:00-cv-00138   Document 7   Filed in TXSD on 11/17/2000   Page 14 of 24

# OFFICERS RETURN OF SERVICE

ORIGINAL

CASE # 200008003247

DARWIN BISHOP

VS

UNION STANDARD INSURANCE CO.

COURT 357
Clt. Ref.#

Clt.#   7172

The documents came to our hand for service on 08/12/00  Time: 12:15:18

Documents received for service:

CITATION; PLAINTIFF'S ORIGINAL PETITION

The documents were delivered on 08/15/00  Time: 10:25:00

Executed at: 122 J.W. Carpenter Frwy.W.#350
             Irving, TX 75062

to the following: Union Standard Insurance Company
                  By Delivering To Its' President, Craig Sparks

FILED 2:45 O'CLOCK P. M
AURORA DE LA GARZA DIST. CLERK

SEP - 1 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
0001 _____ DEPUTY

☑ PERSONALLY delivering the document to the person above.
___ SUBSTITUTE SERVICE per Order by delivering to _____ in person
     who is sixteen (16) years of age or older, at the above listed address which is the
     usual place of abode/business of the above named person.
___ POSTING per Order by securely affixing to the main entry way at the above address.

## AFFIDAVIT

I, am over the age of eighteen, not a party to nor interested in the outcome of the above
suit, I have never been convicted of a felony or misdemeanor involving moral turpitude
in any state of federal jurisdicion and I have studied and am familiar with the Texas RULES
OF CIVIL PROCEDURE, VERNON'S TEXAS CIVIL STATUTES, CIVIL PRATICE AND REMEDIES CODE and all
other applicable rules and statutes relating to service of citation and/or notices.

Service Fee: $100

Witness Fee Tendered: _____

STATE OF TEXAS}

Dwight Mullen
Professional Civil Process Dallas, Inc.
714 Jackson St., Suite 930
Dallas, Texas 75202

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized
person known to me to be the person whose name is subscribed to the foregoing document
and, being by me first duly sworn declared that the statements therein contained are
true and correct.  Given my hand and seal of office this ___ day of ____ 2000.

PCP Inv.# D0800 259

NOTARY PUBLIC SIGNATURE

PETER S. ARMSTRONG
MY COMMISSION EXPIRES
April 16, 2003

# EXHIBIT "B"

CVISPDF – www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

DARWIN BISHOP             §
                                §

V.                                §            CIVIL ACTION NO. B-00-138
                                §
                                §

UNION STANDARD INSURANCE CO.    §

## MOTION TO REMAND

      DARWIN BISHOP, through his counsel, requests this Court to remand this case to the 357th Judicial District Court of Cameron County, Texas from which it was removed on the following legal and factual basis:

1.      Darwin Bishop brought this action on August 7, 2000 against his own insurance company, Union Standard Insurance Co., for its failure to pay a claim occurring on March 2, 1997. Defendant has conducted discovery by taking a sworn statement from Plaintiff in accordance with the policy provisions. Plaintiff's Original Petition sets forth the relief sought by Plaintiff, that is the sum of Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00) which is inclusive of all damages sought by Plaintiff. Nowhere in the body of Plaintiff's pleadings has Plaintiff sought an amount equal or exceeding the jurisdiction of this court.

2.      In determining whether jurisdiction existed, the rule has long been established that the amount in controversy is determined from the Complaint itself, unless it appears or in some way is shown that the amount stated in the Complaint is not in good faith. *Horton v. Liberty Mutual Insurance Company* 367 US 348, 353, 81 S Ct 1570, 1573; *St. Paul Mercury Indemnity Company v. Red Cab Company* 303 US 283, 289, 58 S Ct 586, 590, 82 L. Ed 845 (1938). The Defendant has the burden of establishing that Plaintiff acted in bad faith in understating his claim. *Gaitor v. Peninsular and Occidental Steam Ship Company*, 287 F2d 252, 253-54 (5th Circuit 1961). There is no question of bad faith and Defendant has not raised the issue of bad faith. Again, the pleading is the instrument that determines the jurisdiction of the federal court.

File Server/Bishop, Darwin/Mtn/Remand

3.    Defendant, Union Standard, in its Notice of Removal, paragraph IV, (attached as Exhibit "A"), and it's Original Answer state that "should plaintiff prevail on the claim against defendant as stated in the Plaintiff's Original Petition, attached to this notice, plaintiff's damages are believed to be in excess of Seventy Five Thousand Dollars ($75,000.00)", this statement is nothing more than a mere assertion of federal jurisdiction, without substantiation.  A bare assertion is insufficient to support removal as the burden rests with the party asserting federal jurisdiction.  *Fallstrom v. Comstock*, Lexis 12339, U.S. Dist. Court, 1999, *United Ford & Commer. Workers Union, Local 919 AF-CIO v. Centermore Properties Meriden Square, Inc.*, 30 F3d 298, *McNutt v. General Motors Acceptance Corporation*, 298 U. S. 189 (1936.  The Defendant has failed to sustain its burden

4.    Should Defendant now proclaim that Plaintiff's cause of action exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00) then Defendant should explain to this court how the only offer ever tendered by Defendant Union Standard was the sum of Ten Thousand and No/100 Dollars ($10,000.00).

5.    Plaintiff would further demonstrate the value of his claim by offering to resolve his claim, for the pleaded sum of Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00).

6.    Plaintiff would further show that no demand by Plaintiff was ever tendered for an amount of Seventy-five Thousand and No/100 Dollars ($75,000.00) or higher.  There is no issue of bad faith raised by the Defendant in its removal, except for the mere assertion in the Notice of Removal previously discussed.

7.    Plaintiff moves for an order of this court directing Defendant to pay all costs and disbursements incurred by reason of Defendant's removal and the further order that this cause be remanded to the 357th Judicial District Court of Cameron County, Texas from which it was removed.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**

BY: _____

R. W. Armstrong
Fed.Id.No. 2237
SBN 01323500
2600 Old Alice Road, Ste. A
Brownsville, Texas 78521
Telephone:    (956) 546-5556
Telecopier:    (956) 546-0470
**ATTORNEY FOR PLAINTIFF**
**DARWIN BISHOP**

## CERTIFICATE OF CONFERENCE

I certify that I, R.W. Armstrong, conferred with opposing counsel on the 3rd day of October, 2000, and she was unavailable. However, I have previously advised that I would file a Motion to Remand.

_____
R. W. Armstrong

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the **Motion to Remand** was on this the 3rd day of October, 2000 sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

*Certified Mail Z 258 926 750*

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

_____
R. W. Armstrong

File Server/Bishop, Darwin/Mtn/Remand

2

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | |
| | § | **VERIFICATION** |
| **COUNTY OF CAMERON** | § | |

I, R.W. Armstrong, being first duly sworn, depose and say:

1.  I am the attorney for Plaintiff, Darwin Bishop, in the above-entitled action.

2.  The above-entitled action was filed in the 357th Judicial District Court of Cameron County, Texas on August 7, 2000, and was removed to this Court by Defendant Union Standard Insurance Co., on September 6, 2000, with original and removal jurisdiction of this court over the above-entitled action being premised solely on the ground of with original and removal jurisdiction of this Court over the above-entitled action being premised on the grounds of alleged federal causes of action that the matter in controversy exceeding the sum of **SEVENTY FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00).**

3.  The amount in controversy as evidenced by the pleadings does not meet the jurisdictional requirements. Further, the actual damages to this date are under **Seventy-four Thousand Five Hundred and No/100 Dollars ($74,500.00).**

4.  Jurisdiction is improper in United States District Court for the Southern District of Texas.

Affiant further sayeth not:

_____
R.W. Armstrong

SUBSCRIBED AND SWORN TO BEFORE ME on this the 3ʳᵈ day of October, 2000, to certify which witness my hand and seal of office.

_____
Rosa M. Garcia
Notary Public, State of Texas
My Commission Expires: _6/5/2001_

ROSA M. GARCIA
Notary Public, State of Texas
My Commission Expires 06-05-2001

File Server/Bishop, Darwin/Mtn/Remand

# EXHIBIT "A"

CitePDF - www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

### JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES UNION STANDARD INSURANCE COMPANY, Defendant in the above numbered and styled cause and files this its Notice of Removal, and in support would show:

### I.

UNION STANDARD INSURANCE COMPANY is the defendant in a civil action filed on August 7, 2000, in the 357th Judicial District Court of Cameron County, Texas, entitled *Darwin Bishop vs. Union Standard Insurance Company*, Cause No. 2000-08-3247-E. A copy of the citation, original petition, answer of this defendant, and notice of removal are attached and constitute all process, pleadings, and orders served in the action. Also filed simultaneously with this notice of removal is an Index of Matters Filed and a list of Attorneys in Charge.

### II.

The citation issued to UNION STANDARD INSURANCE COMPANY and petition in this action were served upon William Clark Thornton, on August 7, 2000, in Irving, Texas.

Defendant's Notice of Removal                                                                    1

Defendant UNION STANDARD INSURANCE COMPANY'S notice of removal is filed within thirty days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

## III.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that defendant is now and was at the time the action was commenced a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma. Defendant UNION STANDARD INSURANCE COMPANY is not incorporated in the State of Texas. At the time this action was commenced, defendant UNION STANDARD INSURANCE COMPANY was, and still is, a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma.

## IV.

Should plaintiff prevail on the claim against defendant as stated in the Plaintiff's Original Petition, attached to this notice, plaintiff's damages are believed to be in excess of Seventy Five Thousand Dollars ($75,000.00).

## V.

Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the plaintiff and defendant are diverse in citizenship.

WHEREFORE, UNION STANDARD INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. s 1446, removes this action for trial from the 357th Judicial District Court of Cameron County, Texas, on this the 6th day of September, 2000.

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place - Suite 620
100 Savannah Avenue
McAllen, Texas 78503
(956) 971-9446
(956) 971-9451 fax


BY: _____
      CARLA M. SAENZ
      Texas Bar No. 17514595
      Federal Id. No. 7994

ATTORNEY FOR DEFENDANT,
UNION STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this _6th_ day of September, 2000, to all counsel of record, to wit:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*

CARLA M. SAENZ