

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 1 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DARWIN BISHOP | § § | |
| V. | § § | CIVIL ACTION NO. B-00-138 |
| UNION STANDARD INSURANCE CO. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANT UNION STANDARD INSURANCE COMPANY'S RESPONSE TO PLAINTIFF DARWIN BISHOP'S MOTION TO REMAND**



COMES NOW, DARWIN BISHOP, Plaintiff in the above-styled and numbered cause of action and files this, his Reply to Defendant Union Standard Insurance Company's Response to Plaintiff Darwin Bishop's Motion to Remand, and in support thereof would show:

1. Plaintiff would object to Defendant's assertion that *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir 1995) supports Defendant's bare assertion that Plaintiff has pled his damages in this action in bad faith. In *De Aguilar*, The 5th Circuit Court articulated the following test for overriding a plaintiff's pleadings as to damages:

> " . . . the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what he pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]"

Defendant Union Standard Insurance Company has completely failed to meet its burden of

**File Server/Bishop, Darwin [99-219]/Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand**

proving by a preponderance of evidence that the amount in controversy exceed the jurisdictional amount in the case at bar. Defendant has only made bare assertions as to the probable value of Plaintiff's claims. In *ANPAC v. Dow Quimica De Colombia*, 988 F.2d. 559, 565-66 (5th Cir. 1993), the Court held that removal was improper where the defendant only supported its position with its notice of removal which stated, without elaboration, that the matter in controversy exceeded jurisdictional limits. The Court wrote:

> "When specifically contested in a motion to remand, bare allegations by the removing party (much less statements in passing) have been held insufficient to invest a federal court with jurisdiction." *Rollwitz v. Burlington Northern Railroad*, 507 F. Supp. 582, 587 (D. Mont 1981); *Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1077-78 (M.D. Fla. 1978)

The relevant case law has made clear that removal is improper is the action at hand. Accordingly, this case should be remanded to the 357th Judicial District Court of Cameron County.

2. Plaintiff requests an order of this court directing Defendant to pay all costs and disbursements incurred by reason of Defendant's removal and the further order that this cause be remanded to the 357th Judicial District Court of Cameron County, Texas from which it was removed.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556
Telecopier: (956) 546-0470

BY: _____
R.W. Armstrong
TBA#01323500
ID#2401

**ATTORNEY FOR PLAINTIFF DARWIN BISHOP**

**File Server/Bishop, Darwin [99-219]/Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand**

2

# CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of Plaintiff's Reply to Defendant Union Standard Insurance Company's Response to Plaintiff Darwin Bishop's Motion to Remand was on this the 1st day of December, 2000 sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

_____
R. W. Armstrong

**File Server/Bishop, Darwin [99-219]/Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand**

3