UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JURY

| | | |
|---|---|---|
| DARWIN BISHOP<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO. B-00-138 |
| UNION STANDARD INSURANCE<br>COMPANY<br>*Defendant* | §<br>§<br>§ | |

United States District Court
Southern District of Texas
FILED

JAN 0 2 2001

Michael N. Milby
Clerk of Court

---

**JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

---

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held at the law offices of Griffith, Saenz, & Hill, L.L.P., in Brownsville, Texas, on December 28, 2000. Ron Armstrong for the Plaintiff and Carla M. Saenz, attorney for the Defendant participated in said meeting.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff Darwin Bishop reported a property loss claim under his homeowner's policy with his insurance company, Defendant Union Standard Ins. Co., as a result of an alleged theft of his property in Plaintiff's parked truck and trailer left outside during the night supposedly awaiting to be transported by the Plaintiff the next day. The Plaintiff claims a loss of $58,000.00, in property loss. A dispute over the amount of loss reported is at issue.

4. Specify the allegation of federal jurisdiction.

   Defendant alleges diversity jurisdiction and allege that the amount in controversy exceeds $75,000.00. Plaintiff denies federal jurisdiction.

5.  Name the parties who disagree and the reasons.

    There is no disagreement with either party or their positions.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Unknown at this time as discovery is incomplete. However, any additional parties may be joined within thirty (30) days of the Initial Pretrial Conference.

7.  List anticipated interventions.

    None known at this time.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    Initial disclosures by the parties were filed with the Court on November 5, 2000 and October 19, 2000.

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

        Responses to be made by March 1, 2001.

    B.  When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff anticipates sending interrogatories and requests for production to Defendants on or before February 1, 2001.

    C.  When and to whom the defendant anticipates it may send interrogatories.

        Defendants anticipate sending interrogatories and requests for production to Plaintiff on or before February 1, 2001.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking depositions of the defendant's designated representatives and any witnesses, whether expert or lay witnesses, within ninety (90) days of the date of the Initial Pretrial Conference.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking the oral deposition of the Plaintiff and any witnesses, expert or lay witnesses, within ninety (90) days of the date of the Initial Pretrial Conference.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff anticipates designating experts within 90 days of the Pretrial Conference.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Plaintiff anticipates taking depositions of the Defendant's experts within one hundred twenty (120) days of the Initial Pretrial Conference.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule (a)(2)(B) (expert report).

Defendants anticipate taking the depositions of the Plaintiffs' experts within thirty (30) days of the date such experts are disclosed. With regard to these Defendants' experts, none have been designated at this time; however, if experts are retained, they will be deposed within thirty (30) days of their designation.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

We have agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

Joint Discovery/Case Management Plan

Within 180 days from the date of the Initial Pretrial Hearing.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties expect that voluntary mediation will be possible after completion of discovery.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have discussed the basis for their differing opinions about the value of the case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Voluntary mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties have agreed to proceed before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    A timely demand for jury trial has been made.

19. Specify the number of hours it will take to present the evidence in this case.

    2 to 3 days.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None at this time.

21. List other motions pending.

    None at this time.

Joint Discovery/Case Management Plan

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None known at this time.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The Disclosure of Interested Parties has been filed concurrently with the Plan.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Mr. Ron Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
(956) 546-5556
(956) 546-0470
State Bar No. 01323500
Federal Identification No. 2401
*Attorney for Plaintiff,*
*Darwin Bishop*

Carla M. Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place - Suite 620
100 Savannah Avenue
McAllen, Texas 78503
(956) 971-9446 Telephone
(956) 971-9451 Facsimile
State Bar No. 17514595
Federal Identification No. 7994
*Attorney for Defendant*
**Union Standard Insurance Company**

Respectfully Submitted this the 2nd day of January, 2001:

By: _____
RON ARMSTRONG

By: _____
CARLA M. SAENZ
(Carla M. Saenz, by Ron Armstrong by permission)