

17

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 23 2001

Michael N. Milby
Clerk of Court

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT UNION STANDARD INSURANCE COMPANY'S
## MOTION FOR PARTIAL SUMMARY JUDGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES UNION STANDARD INSURANCE COMPANY ("UNION STANDARD") Defendant in the above entitled and styled cause of action, and files this its Motion for Partial Summary Judgment, and in support thereof would show the Court as follows;

### I.

### FACTUAL BACKGROUND

On August 7, 2000, Plaintiff, **DARWIN BISHOP,** filed Plaintiff's Original Petition, a true and correct copy of which is attached hereto as Exhibit "A," and incorporated herein for purposes of this Motion. According to Plaintiff's Original Petition, **DARWIN BISHOP** asserts claims of negligence, fraud, violations of the Texas Insurance Code and the DTPA as causes of action against Defendant **UNION STANDARD** for their alleged failure to promptly and fairly settle a property loss claim reported by the Plaintiff **DARWIN BISHOP**.

## II.

## ARGUMENTS AND AUTHORITIES

Plaintiff **DARWIN BISHOP'S** causes of action for negligence, DTPA violations and Texas Insurance Code violations are barred by the two (2) year statute of limitations pursuant to Section 16.003 of the Texas Civil Practice and Remedies Code. According to Plaintiff's Original Petition, the date of loss occurred on March 12, 1997 and the proof of loss was rejected on or about September 16, 1997, as evidenced by a true and correct copy of a certified letter to **DARWIN BISHOP** dated September 16, 1997, by **UNION STANDARD**, attached hereto as Exhibit "B" and incorporated for all purposes of this Motion. According to the Court's docket sheet, Plaintiff filed his Original Petition on August 7, 2000, more than two (2) years from the date the loss was rejected. A true and correct copy of the State Court's docket sheet is attached hereto as Exhibit "C", and incorporated for all purposes of this Motion. Thus, Plaintiff's claims for negligence, violations of DTPA and violations of the Texas Insurance Code are barred by the two (2) year statute of limitations.

## III.

Defendant **UNION STANDARD** is entitled to partial summary judgment as to the claims for negligence, violations of DTPA and violations of the Texas Insurance Code asserted by **DARWIN BISHOP**, as these claims are barred, as a matter of law, by the two year statute of limitations pursuant to Section 16.003 of the Texas Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **UNION STANDARD INSURANCE COMPANY** prays that this Court grant its Motion for Partial Summary Judgment as to the claims asserted by Plaintiff **DARWIN BISHOP** for negligence, violations of the DTPA and

violations of the Texas Insurance Code, and for such other relief to which Defendant may be entitled.

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile


BY: _____
CARLA M. SAENZ
State Bar No. 17514595
Federal ID No. 7994
**ATTORNEYS FOR DEFENDANT,
UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this 23rd day of May, 2001, to all counsel of record, to wit:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

CMRRR 7000 1530 0005 5015 0479

*Attorney for Plaintiffs*

_____
CARLA M. SAENZ

*Defendant, Union Standard's Motion
for Partial Summary Judgment*
g:\files\union sta\motions\limita~1.wpd

4

# Exhibit "A"

FILED _9:00_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

AUG 0 7 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS

CAUSE NO. 2000-08-3247-F

| | | |
|---|---|---|
| DARWIN BISHOP | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| UNION STANDARD INSURANCE COMPANY | § | 357th JUDICIAL DISTRICT |

===========================================================

**PLAINTIFF'S ORIGINAL PETITION**

===========================================================

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, **Darwin Bishop**, and files this his Original Petition complaining of Defendant **Union Standard Insurance Company**. Pursuant to Texas Rules of Civil Procedure, Rule 190.3, Plaintiff alleges discovery is intended to be conducted under Level 2. For cause of action, Plaintiff, **Darwin Bishop**, would respectfully show the Court and Jury the following:

I.

**PARTIES**

Plaintiff **Darwin Bishop** is an individual residing in Cameron County, Texas. Defendant **Union Standard Insurance Company** (hereinafter referred to as "Union Standard") is a foreign corporation with corporate headquarters in Oklahoma City, Oklahoma. Defendant is licensed to conduct business in the State of Texas, with its principal place of business in Irving, Texas, and may be served through its registered agent for process, Mr.

File server/petition/bishop, d. #99-219

- 1 -

William Clark Thornton, 122 West Carpenter Freeway, Suite 350, Irving, Texas 7039-2008.

## II.

## VENUE

Venue is proper in Cameron County, pursuant to Tex. Civ. Prac. & Rem. Code §§ 15.001, 15.002, as all or a substantial portion of the events giving rise to this cause of action took place in Cameron County.

## III.

## FACTS

Plaintiff is the owner of certain valuable antique objects (hereinafter, "property"), which had a fair market value of over $57,000.00 on March 12, 1997. On that date, the property was stolen by unknown persons from Plaintiff's residence at 2419 East Washington, Harlingen, Texas, and never recovered by Plaintiff. The property was covered by an insurance policy, policy number HP5619958-20, sold to Plaintiff by Defendant **Union Standard**. This policy had a maximum limit of $57,000.00. Defendant **Union Standard** failed to reasonably investigate or to effectuate a prompt, reasonable, or equitable settlement of Plaintiff's claim of loss. Defendant only offered Plaintiff $10,000.00 on the claim.

## IV.

## CAUSES OF ACTION AGAINST DEFENDANT UNION STANDARD:

### a. TEXAS INSURANCE CODE

Plaintiff would show that Defendant **Union Standard**, the insurer of the property in question, failed to effectuate a

prompt, fair, and equitable settlement of Plaintiff's claim of loss, when **Union Standard**'s liability was reasonably clear. All conditions precedent to **Union Standard**'s liability on the insurance policy in question have occurred. Defendant **Union Standard** also failed to affirm within a reasonable time whether Plaintiff's claim would be affirmed or denied. Such acts by Defendant **Union Standard** are in violation of Texas Insurance Code, Article 21.21 (West 1998) Sec. 4 (10)(a)(ii), and Sec. 4 (10)(a)(v)(A), and Art. 21.21-2 Sec. 2(b)(4), and were knowingly committed by Defendant **Union Standard**. Defendant **Union Standard** also made, published, disseminated, and circulated advertisements, circulars, and/or statements which misrepresented the terms of the policy issued to Plaintiff, or the benefits promised thereby, and misrepresented material facts or policy provisions in violation of Art. 21.21 Sec. 4(1), and (10)(a)(i) and Art. 21.21-2 Sec. 2(b)(1). Defendant **Union Standard** also failed to make a reasonable investigation of Plaintiff's claim, prior to refusing it, in violation of Art. 21.21 Sec. 4(10)(a)(viii).

b. <u>DTPA</u>

Plaintiff would show that Defendant **Union Standard** has knowingly violated the Texas Deceptive Trade Practices Act, Business and Commerce Code § 17.01 et seq., (West 1998) in the following particulars:

a) Citing policy exclusions that do not apply, or exclusions that are at best ambiguous, in violation of DTPA § 17.46(b)(5) and (12).

File server/petition/bishop, d, #99-219

-3-

b) Misrepresenting that if Plaintiff suffered a loss, Defendant **Union Standard** would cover the loss, in violation of DTPA § 17.46(b)(5) and (12).

c) Defendant **Union Standard**'s agents and employees unconscionably denied Plaintiff's claims by taking advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree, in violation of DTPA § 17.50(a)(3).

d) Defendant engaged in unfair practices in the insurance business in violation of DTPA § 17.50(a)(4).

Plaintiff seeks recovery for these unfair business practices Defendant has knowingly engaged in.

### c. NEGLIGENCE

Alternatively, Plaintiff would claim that Defendant **Union Standard** failed to exercise due care when processing, investigating, and denying Plaintiff's claim. Such lack of due care constitutes negligence, for which Plaintiff seeks recovery herein.

### d. FRAUD

Defendant **Union Standard** committed common law fraud by making material representations to Plaintiff about the coverage it offered Plaintiff in the insurance policy in question. These representations were made as positive assertions with the intention that Plaintiff act upon them, and Plaintiff did in fact rely upon them to Plaintiff's detriment. Plaintiff seeks recovery herein for the damages it has suffered as a result of this reliance.

### e. **BREACH OF CONTRACT**

Defendant **Union Standard** breached its contract with Plaintiff in the following particulars:

a) Failing to reasonably and promptly settle Plaintiff's claim when Defendant **Union Standard**'s liability on the contract was reasonably clear.

b) Failing to conduct a reasonable investigation of Plaintiff's claim.

c) Failing to inform Plaintiff within a reasonable time whether its claim was to be denied or not.

All conditions precedent to Defendant **Union Standard**'s liability on the contract have occurred. Plaintiff made all required premium payments on the contract, and the contract had not been modified, altered, or rescinded as to any material portion by any party thereto.

## V.

### DAMAGES

The fair market value of the property at the time of loss was at least $57,000.00. The policy, which covered the property in question, had a limit of $100,000.00. Plaintiff is seeking to recover $57,000.00 from Defendant, along with attorney's fees, the aggregate amount does not exceed $74,500. Plaintiff is also entitled to court costs and reasonable and necessary attorney's fees under these provisions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer and that on final trial of this cause, Plaintiff have the following:

File server/petition/bishop, d, #99-219

a.  Judgment against Defendant **Union Standard Insurance Company** for a sum in the amount of $74,500.00, which includes prejudgment interest, attorney fees; and

b.  Such other and further relief to which Plaintiff may be justly entitled to receive.

                        RESPECTFULLY SUBMITTED,

                        **R.W. ARMSTRONG & ASSOCIATES**
                        2600 Old Alice Road, Suite A
                        Brownsville, Texas  78521
                        Telephone: (956) 546-5556
                        Telecopier: (956) 546-0470


                        _____
                        R. W. Armstrong
                        TBA 01323500

                        **ATTORNEY FOR PLAINTIFF**

# Exhibit "B"

ClibPDF - www.fastio.com



**Union Standard**
Insurance Company

September 16, 1997

**Certified Z 156 073 142**

Darwin Bishop
2419 W. Washington
Harlingen, Texas 78550

      Insured:    Darwin Bishop
      Claim No:  214723
      D/Loss:    3/12/97
      Policy No:  HP5619958

Dear Mr. Bishop:

We have your proof of loss sworn to on September 11th, 1997 and filed with us on or about September 12, 1997. We reject your proof of loss and decline to make payment because we do not agree in any way with the value of your stolen property.

*Please take notice* that under the terms and conditions of the above mentioned policy of insurance, you are hereby required to submit to an examination under oath with respect to your claim for loss and damage as a result of the theft that occurred on or about March 12, 1997. The examination under oath will take place at the Law office of Griffith & Saenz, 1325 Palm Blvd. Suite # A, Brownsville, Texas 78520. Please contact Carla Saenz at 1-956-971-9446 regarding the date and time.

In connection with that examination you must produce all relevant documents in your possession or under your control pertaining to the theft itself including, but not limited to, the following: bills, invoices, canceled checks or cash receipts evidencing both the original purchase of your property and its replacement as a result of the theft; books of account; copies of tax returns for three years prior to the theft; the original policy of insurance; and the last will and testament of your deceased father.



10,000 IH 10 West, Suite 304
San Antonio, Texas 78230-3120
Ph: 210-561-9061, Fax: 210-561-9357

Page 2

In demanding this examination under oath, the insurance company does not waive any of the terms and conditions of the policy of insurance, nor any of its rights and privileges thereunder.

Yours very truly,


Sheila M Moss
Claims Adjuster

cc:   Texas Agency L.L.P
      Connelly & Bartnesky Ins.
      1209 E. Harrison
      Harlingen, Texas  78550

cc:   Carla Saenz Atty. At Law
      1325 Palm Blvd Suite # A
      Brownsville, Texas   78520

cc:   Darwin Bishop
      P. O. Box 2032
      Zapata, Texas  78076
      copy by regular mail

# Exhibit "C"

```
RUN DATE 08/15/00
RUN TIME 2:39 PM
```

```
                                                          00002401
                                                          HON. RON ARMSTRONG
                                                          2600 OLD ALICE ROAD, SUITE A
                                                          BROWNSVILLE TX        78521  0000

               DARWIN BISHOP
                    VS                    *  *  *  *   C L E R K ' S   E N T R I E S   *  *  *              (06)
       UNION STANDARD INSURANCE COMPANY                                                                 DECEPTIVE TRADE

                                                                                    08/07/00  ORIGINAL PETITI
                                                                                    08/07/00  CITATION: UNION
                                                                                              COMPANY
                                                                                    08/07/00  SERVED:
```