

25



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

AUG 1 3 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| | **JURY** | |
| **DARWIN BISHOP** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-00-138** |
| | § | |
| **UNION STANDARD INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | |

## DEFENDANT UNION STANDARD INSURANCE COMPANY'S
## MOTION FOR LEAVE TO FILE ITS RESPONSE TO PLAINTIFF'S
## OPPOSED MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES UNION STANDARD INSURANCE COMPANY ("UNION

STANDARD") Defendant in the above entitled and styled cause of action, and files this Motion

for Leave to File Its Response to Plaintiff's Opposed Motion for Summary Judgment, and for good

cause would show the Court as follows:

1.      Good cause exists to allow the Defendant to file a response to Plaintiff's Opposed Motion

for Summary Judgment. The undersigned counsel was apprised of Plaintiff's motion on Friday,

August 10, 2001, when she visited with Plaintiff's counsel at the Cameron County Courthouse

who inquired of Defendant's response to Plaintiff's Motion for Summary Judgment. The

undersigned counsel advised Mr. Ron Armstrong that she had never seen Plaintiff's motion, and

subsequently, faxed said motion that same day, as evidenced by a true and correct copy of the fax

transmittal sheet and accompanying motion, attached hereto as Exhibit "A." According to the file

stamped copy of the Plaintiff's Opposed Motion for Summary Judgment, the opposed motion was filed with the Clerk's Office on June 28, 2001. However, the transmittal letter to the U.S. District Clerk, Michael M. Milby, is dated June 22, 2001, and indicated to have been hand-delivered for filing on that day. A true and correct copy of said transmittal letter is attached hereto as Exhibit "B," and incorporated herein for all purposes.

2.      According to the Chamber Rules for Civil Procedure for the United States District Court for the Southern District of Texas, Brownsville Division, counsel must respond to an opposed motion *within twenty days from the date the motion is filed with the Clerk's Office.* The deadline for this Defendant to have filed a response to Plaintiff's opposed motion was July 18, 2001.

3.      Upon receipt of the opposed motion on Friday, August 11, 2001, the undersigned attorney's office conducted a diligent search to discover if said motion was ever delivered or received by their office according to the certificate of service. The motion was found misplaced and misfiled in a unmarked file folder and not filed within the pleadings folder of this case. Moreover, the opposed motion was never seen or read by the undersigned counsel. Thus, the Defendant did not timely respond as required by the Chamber Rules. *See* Affidavit of Carla M. Saenz attached hereto as Exhibit "C."

4.      The undersigned attorney, a member of good standing with this Court and the State Bar of Texas, would have filed a timely response in accordance with the Chamber Rules had she seen the motion. Clearly, an innocent mistake was made by the Defendant's attorney's office who inadvertently misplaced the motion before giving it to the undersigned attorney for review and a response thereto.

5.      The mistake and error was not due to the intentional neglect or disregard of the Chamber

Rules for this Court, but instead by an innocent error in the clerical filing of the motion in the

Defendant's attorney's office. "District courts have broad discretion in interpreting, applying, and

determining the requirements of their own local rules and general orders." *United States vs. Gray,*

*876 F.2d 1411 (9[h] Cir. 1989), cert. denied, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed. 2d 497*

*(1990), citing United States vs. DeLuca F.2d 1277, 1281 (9[h] Cir. 1982).*

6.      There is no scheduling order setting forth deadlines to file or respond to dispositive

motions. See a true and correct copy of Second Amended Agreed Scheduling Order attached

hereto as Exhibit "D." Accordingly. Defendant is not seeking to modify this Court's scheduling

order. In *Infotec Staff Services, Inc. vs. First USA Bank vs. CSR Technologies, Inc.*, the Court

granted leave to file a late response to a Motion for Summary Judgment "[i]n the interest of

addressing the merits of the action," where there was no deadline for such filing. WL641816

(N.D. TEX. 1998) Accordingly, good cause exists to allow the Defendant to file a response to

Plaintiff's Opposed Motion for Summary Judgment so that the merits of this action may be

addressed.

7.      A response to Plaintiff's Opposed Motion for Summary Judgment was immediately

prepared and attached hereto as Exhibit "E." as supporting evidence to this motion for leave.

There was no delay on the part of the Defendant after determining the clerical error.

8.      Defendant has a viable and meritorious defense to the opposed motion for summary

judgment as genuine issues of material fact exist to deny the summary judgment in favor of the

Plaintiff.

9.     As of this date, Plaintiff's Opposed Motion for Summary Judgment has not been set for hearing.  Pursuant to the Court's Chamber Rules, "5.. E.." unless Plaintiff's Motion is set for hearing, it will be heard at the next status conference.  Presently, no status conference is scheduled in this cause.  Accordingly, no delay or prejudice has been caused to the Plaintiff by the late filing of the Defendant's response and supporting evidence contained therein.   In fact, continued discovery has been ongoing as of date.

10.    The trial of this case is not set until January 8, 2002, with jury selection on January 4, 2002.   The pre-trial conference is set for January 3, 2002, at 2:00 p.m.   The parties have discussed participating in a mediation of this case.

        **WHEREFORE PREMISES CONSIDERED**, Defendant **UNION STANDARD** prays that, upon a hearing and notice, that this Court grant the Defendant **UNION STANDARD** leave to file a response to Plaintiff's Opposed Motion for Summary Judgment and to any all relief justly entitled to.

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: _____
        CARLA M. SAENZ
        State Bar No. 17514595
        Federal ID No. 7994
        SUSAN R. SULLIVAN
        State Bar No. 11546700
        Federal ID No. 13144
        **ATTORNEYS FOR DEFENDANT,**
        **UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been

sent on this 13th day of August, 2001, to all counsel of record, to wit:

Mr. R. W. Armstrong                    **VIA CMRRR 7000 0520 0024 6464 3005**
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

CARLA M. SAENZ

Defendant's Motion for Leave to File Response to Plaintiff's Opposed MSJ                    5

Defendant's Motion for Leave to

File Response to Plaintiff's Opposed

Motion for Summary Judgment

**Exhibit "A"**

CutePDF - www.fsavia.com

# R. W. ARMSTRONG & ASSOCIATES

2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone: (956) 546-5556   Fax: (956) 546-0470

---

## August 10, 2001

### To: Hon. Carla Saenz
### Griffith, Saenz & Hill, L.L.P.
### 1325 Palm Blvd.
### Brownsville, Texas

### Fax:   (956) 541-2864

**NUMBER OF PAGES BEING TRANSMITTED:**   6 including cover sheet

**File No.:**   99-219

**From:**   R. W. Armstrong/ Annie

**Re:**   Civil Action No. B-00-138; *Darwin Bishop vs. Union Standard Insurance Company*; U. S. District Court for the Southern District of Texas, Brownsville Division

**Message:** Attached is the OPPOSED MOTION FOR SUMMARY JUDGMENT. Due to the volume of this document, I have only attached The Opposed Motion for Summary Judgment, the Certificate of Conference, and the Affidavit of Darwin Bishop. I will send the other attachments via mail or delivery. If you have any questions, please contact me.

**THANK YOU!**
Annie

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT/CONFIDENTIAL:** This message is intended only for the use of the individual or entity to which it is addressed. This message contains information from the law firm of R. W. Armstrong which may be privileged, confidential and/or exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee, or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is in error, and you are requested to notify us immediately at our telephone number set forth above. We will be happy to arrange for the return of this message via the United States Postal Service to us at no cost to you.

United States District Court
Southern District of Texas
FILED

JUN 2 8 2001

Michael N. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

DARWIN BISHOP §
§
V. § CIVIL ACTION NO. B-00-138
§
UNION STANDARD INSURANCE CO. §
§

## OPPOSED MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff **Darwin Bishop** through his counsel and moves this Court, pursuant to Rule 56 (A) of the Federal Rules of Civil Procedure, for an order directing entry of summary judgment in favor of Plaintiff **Darwin Bishop** and against Defendant **Union Standard Insurance Company** on the cause of action and for the relief sought in Plaintiff's complaint.

1.      This motion is made on the grounds that no genuine triable issue of material fact exists and that Plaintiff **Darwin Bishop** is entitled to judgment as a matter of law.

2.      This motion is based on the *Affidavit of Darwin Bishop*, attached hereto as **Exhibit A** and made a part hereof for all purposes and on the documents attached to Plaintiff's exhibits as well as the files and pleadings in the procedure.

3.      The motion is also based on the *Affidavit of R. W. Armstrong*, attorney for Plaintiff **Darwin Bishop**. Such affidavit is attached hereto as **Exhibit B** and made a part hereof for all purposes.

4.      In further support of this MOTION FOR SUMMARY JUDGMENT, Plaintiff **Darwin Bishop** would show that Defendant **Union Standard Insurance Company** issued a policy of insurance, Policy No. HP5619958-20, insuring Plaintiff's **Darwin Bishop** home and contents thereof. This policy had a maximum content value of $59,160.00. A copy of the policy is attached hereto as **Exhibit C** and made a part hereof for all purposes.

File Server:Bishop, Darwin [99-219]:Mtn/Summary Judgment

1

5.   On or about March 12, 1997, Plaintiff **Darwin Bishop** suffered a loss (theft) at his residence at 2419 East Washington, Harlingen, Texas. The undisputed facts further show that Plaintiff **Darwin Bishop** timely notified Defendant **Union Standard Insurance Company** of this loss and submitted a claim in writing evidencing this loss, the loss exceeds $100,000. Defendant **Union Standard Insurance Company** has failed to pay the loss after demand, causing the necessity of this suit. A copy of the demand letter to Defendant **Union Standard Insurance Company** is attached hereto as **Exhibit D** and made a part hereof for all purposes.

6.   It was necessary for Plaintiff **Darwin Bishop** to employ an attorney to represent him before this court; accordingly, Plaintiff **Darwin Bishop** is entitled to recover reasonable attorney's fees, which Plaintiff **Darwin Bishop** alleges to be the sum of $5,000.00 to date. Plaintiff's **Darwin Bishop** claim encompasses all issues before this honorable court and Plaintiff **Darwin Bishop** requests judgment in the amount of $59,160.00 along with pre-judgment interest, post-judgment interest, attorney's fees, and costs.

Dated the _26_ day of _June_, 2001.

RESPECTFULLY SUBMITTED,

**R.W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Ste. A
Brownsville, Texas 78521
Telephone:   (956) 546-5556
Telecopier:   (956) 546-0470

BY: _____

R. W. Armstrong
Fed.Id.No. 2237
State Bar No. 01323500
**Attorney for Plaintiff**
**Darwin Bishop**

## CERTIFICATE OF CONFERENCE

I certify that I, R.W. Armstrong, conferred with opposing counsel; she is opposed to this motion.

_____
R. W. Armstrong

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the **Motion for Summary Judgment** was on this the ___ day of June, 2001 sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd. Suite H
Brownsville, Texas 78521

_____
R. W. Armstrong

File Server:Bishop, Darwin [99-219]:Mtn/Summary Judgment

3

# EXHIBIT A
## Affidavit of Darwin Bishop

STATE OF TEXAS                §

                              §          **AFFIDAVIT OF DARWIN BISHOP**

COUNTY OF CAMERON             §

BEFORE ME, the undersigned Notary Public in and for the State of Texas, this day appeared **Darwin Bishop**, who upon oath deposed and said as follows:

1. "My name is Darwin Bishop. I am over the age of 18 years and am fully competent to make this affidavit. I have personal knowledge of the facts stated below each of which are true and correct.

2. On or about March 12, 1997, I suffered a theft at my residence, located at 2419 East Washington, Harlingen, Texas.

3. Unknown persons stole personal property belonging to me, which had a fair market value of in excess of $57,000.

4. The stolen property was covered by an insurance policy, Policy No. HP5619958-20, issued by Union Standard Insurance Company. This policy had a maximum content value of $57.8000. Attached is a true and correct itemized list of the personal property stolen.

5. I timely filed a claim under the policy, but Union Standard Insurance Company failed to effect a prompt, reasonable, or equitable settlement of my claim.

6. There is due and owing the sum of $57,800 according to the terms of the policy.

**AFFIANT FURTHER SAYETH NOT.**

_Darwin Merritt Bishop_
Darwin Bishop

SUBSCRIBED AND SWORN TO BEFORE ME on this the 22nd day of June, 2001, to certify which witness my hand and seal of office.

_[signature]_
Notary Public, State of Texas

> HOMER P. MANAUTOU
> Notary Public, State of Texas
> My Commission Expires 07-27-04

File Server:Bishop, Darwin [99-219]:Mtn/Summary Judgment

Defendant's Motion for Leave to

File Response to Plaintiff's Opposed

Motion for Summary Judgment

**Exhibit "B"**

CUtePDF – www.favisa.com



L   A   W   Y   [
BOARD CERTIF
PERSONAL INJURY  |  ·

∞

June 22, 2001

Mr. Michael M. Milby                                    **Hand Delivery**
U.S. District Clerk
United States Federal Hall of Justice
Southern District of Texas
600 East Harrison
Brownsville, Texas 78520

> Re:   **Civil Action No. B-00-138**; *Darwin Bishop vs. Union*
> *Standard Insurance Company*; In the U. S. District Court for
> the Southern District of Texas, Brownsville Division
> Our File No. 99-219

Dear Mr. Milby:

    Enclosed herewith please find an original and two (2) copies of the
**Opposed Motion for Summary Judgment**, which is being submitted to
your office for filing purposes in the above-referenced cause of action.

    We request that you file the original and copy, file-stamp our copy, and
return with our courier.

    By copy of same, copy has been forward to counsel of record for
defendant by certified mail, return receipt requested.

    Thank you in advance for your usual courtesies in these matters.

Very truly yours,

R. W. Armstrong

RWA/le
Enclosure
xc:   Darwin Bishop
     Ms. Carla Saenz (Certified Mail)

✉
2600 OLD ALICE RD.
BROWNSVILLE, TX.
78521-1450

☎
956-546-5556
FAX 546-0470

RECEIVED
JUN 2 8 2001

Defendant's Motion for Leave to

File Response to Plaintiff's Opposed

Motion For Summary Judgment

**Exhibit "C"**

CitiPDF - www.fastio.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

### JURY

| | | |
|---|---|---|
| **DARWIN BISHOP** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-00-138** |
| | § | |
| **UNION STANDARD INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | |

---

## AFFIDAVIT OF CARLA M. SANEZ

---

**STATE OF TEXAS**

**COUNTY OF CAMERON**

ON THIS DAY, the undersigned affiant appeared before me, a notary public, who knows the affiant to be the person whose signature is hereinbelow set forth. After being by me duly sworn, the affiant stated under oath:

"My name is Carla M. Saenz, a licensed attorney in the State of Texas and U.S. District Courts for the Southern and Western Districts of Texas; a member in good standing with the State Bar of Texas and United States District Courts for the Southern and Western Districts of Texas; and a senior partner with the Law Firm of Griffith, Saenz & Hill, L.L.P., in Brownsville, Texas. I am of sound mind, over the age of 18 years, have never been convicted of a felony or crime of moral turpitude, and am competent to make this affidavit. Further, this affidavit is true and correct based upon my personal knowledge of the matters set forth herein.

Due to a clerical error in our Brownsville office, the Plaintiff's Opposed Motion for Summary Judgment was misfiled in an unmarked folder and not properly filed in the pleadings folder of the file. I never read or reviewed the Plaintiff's Opposed Motion for Summary Judgment and as such, a response was not timely filed in accordance with the Local Rules for this Court.

Affidavit of Carla M. Saenz

1

On Friday, August 10, 2001, I saw Mr. Ron Armstrong, the Plaintiff's counsel, at the Cameron County Court House who inquired as to the Defendant's response to Plaintiff's opposed motion. I advised him I hadn't seen the motion. Mr. Armstrong contacted his office, and a copy of the opposing motion was sent to me via facsimile transmittal, as evidenced by a true and correct copy of the transmittal sheet and accompanying motion attached to the Defendant's Motion for Leave as Exhibit "A."

A response to Plaintiff's Opposed Motion for Summary Judgment was immediately prepared and is ready to be filed upon the granting of Defendant's Motion for Leave to File a Response to Plaintiff's Opposed Motion for Summary Judgment.

A viable and meritorious defense exits to deny Plaintiff's Opposed Motion for Summary Judgment.

The clerical error was not due to the intentional neglect or disregard for the Local Rules of this Court, but instead due to an innocent mistake and improper clerical filing. "District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders." *United States vs. Gray, 876 F.2d 1411 (9th Cir. 1989), cert. denied, 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed. 2d 497 (1990), citing United States vs. DeLuca F.2d 1277, 1281 (9th Cir. 1982)*

As of this date, Plaintiff's Opposed Motion for Summary Judgment has not been set for hearing. Pursuant to the Court's Chamber Rules, "5., E.," unless Plaintiff's Motion is set for hearing, it will be heard at the next status conference. Presently, no status conference is scheduled in this cause. Accordingly, no delay or prejudice has been caused to the Plaintiff. In fact, ongoing discovery is being conducted by the parties.

The trial of this case is not set until January 8, 2002.

Further affiant saith not.

IN WITNESS WHEREOF, this affidavit is executed by the undersigned affiant as of the date hereinafter referenced.

_____
CARLA M. SAENZ

SUBSCRIBED AND SWORN TO BEFORE ME on this the 3th day of August ,

2001. to certify which witness my hand and seal of office.

SANDRA ESPINOZA
NOTARY PUBLIC
Notary Public,
State of Texas
Comm. Exp. 12-09-2003

Notary Public in and for the
State of Texas
My Commission Expires: 12-09-03

Affidavit of Carla M  Saenz

3

Defendant's Motion for Leave to

File Response to Plaintiff's Opposed

Motion for Summary Judgment

**Exhibit "D"**

2.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 0 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | (636(c)) |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
|     *Defendant* | § | |

## SECOND AMENDED AGREED SCHEDULING ORDER

On the __28th__ day of June 2001, came on to be heard the parties' second request for a

Scheduling Order in the above-entitled and numbered Cause. The Court, having considered the

pleadings and the request of the parties and having determined that the parties agreement to the

following deadlines, it is of the opinion that the Second Agreed Scheduling Order should be entered.

**IT IS ORDERED** as follows:

1.    Plaintiff shall identify any and all expert witnesses whom he expect to testify at the trial of this matter, and shall provide a written report, as well as a current curriculum vitae or resume, from each non-party testifying expert who is retained by Plaintiff on or before October 1, 2001.

2.    Defendant shall identify any and all expert witnesses whom it expects to testify at the trial of this matter, and shall provide a written report, as well as a current curriculum vitae or resume, from each non-party testifying expert who is retained by Defendants on or before November 1, 2001

3.    The amount of discovery allowed in this case is limited in accordance with Federal Rules of Civil Procedure, however, depositions may be taken by the parties as are reasonably necessary for the purpose of this litigation.

4.    Plaintiff shall produce his designated retained testifying expert witnesses for deposition within 45 days before trial.



RECEIVED

JUL - 2 2001

BY:_____

5.  Defendant shall produce its designated retained testifying expert witnesses for deposition within 30 days before trial.

6.  The parties shall join any and all additional parties, including third parties on or before __90__ days before trial.

7.  Plaintiff shall file any and all amended or supplemental pleadings on or before __30__ days before trial.

8.  Defendants shall file any and all amended or supplemental pleadings on or before __15__ days before trial.

9.  Mediation shall take place on or before __30__ days before trial.

10  Discovery shall be completed by all parties on or before __14__ days before the joint pretrial is filed unless further agreement by all parties.

11.  The joint pretrial order shall be filed on or before __December 20, 2001__. (Plaintiff is responsible for filing the pretrial order on time.)

10.  The case is set for pretrial hearing on __January 3, 2002,__/ 2:00 p.m.

11  The case is set for jury selection and announcements on __January 4, 2002,__/ 9:30 a.m.

12.  Jury Trial is set for __January 8,__ 2002, at 9:00 a.m.

**IT IS FURTHER ORDERED** that the above-stated deadlines may be modified by the agreement of the parties or by an Amended Order signed by the Court. If the case is not reached for trial on the current trial setting, this Scheduling Order shall be void.

Signed this __28th__ day of ___June___, 2001.

_____

**JUDGE PRESIDING**

APPROVED AND AGREED:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
(956) 546-5556 Telephone
(956) 546-0470 Facsimile

BY: _____
     R.W. Armstrong
     SBN: 01323500
     **Counsel for Plaintiffs**

Ms. Carla M. Saenz
**Griffith, Saenz & Hill, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, TX 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: _____
     Carla M. Saenz
     SBN: 17514595
     **Counsel for Defendant**

Defendant's Motion for Leave to

File Response to Plaintiff's Opposed

Motion for Summary Judgment

**Exhibit "E"**

CutePDF - www.fastio.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
|     *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
|     *Defendant* | § | |

DEFENDANT UNION STANDARD INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S OPPOSED MOTION FOR  SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES UNION STANDARD INSURANCE COMPANY ("UNION STANDARD") Defendant in the above entitled and styled cause of action, and files this its Response to Plaintiff's Opposed Motion for Summary Judgment, and in support thereof would show the Court as follows:

1.        On or about March 12, 1997, a policy of insurance, issued by Defendant **UNION STANDARD** to Plaintiff **DARWIN BISHOP**, was in effect covering the dwelling and personal property located at 2419 Washington Street in Harlingen, Texas, as evidenced by a true and correct copy of the insurance policy attached hereto as Exhibit "A," and incorporated herein for all purposes.

2.        On or about March 12, 1997, the Plaintiff **DARWIN BISHOP** reported a theft of personal property at his dwelling located at  2419 Washington Street in Harlingen, Texas, to the Harlingen

Police Department, as evidenced by a true and correct copy of the incident report attached hereto as Exhibit "B," and incorporated herein for all purposes.

3.     According to the incident report and investigation of the Harlingen Police Department, Plaintiff reported a theft of personal property from the bed and cab, through an "unsecured driver door" of his pick-up truck, with a reported value of $3,340.00.   *See* Exhibit "B."

4.     On or about April 18, 1997, the Plaintiff reported the loss to his insurance agent, Connelly & Bartnesky, Ins., as evidenced by a true and correct copy of the Property Loss Notice attached hereto as Exhibit "C," and incorporated herein for all purposes.  According to Exhibit "C," the probable amount of loss value was $3,300.00.

5.     The insurance policy provides duties that *an insured **must** comply with after a loss is reported* as follows:

### Section I - Conditions

### 3. Duties after Loss

  "(4)   furnish a complete inventory of damaged personal property showing the quantity, description and amount of loss. Attach all bills, receipts and related documents which you have that justify the figures in the inventory.

  (6)   send to us, if we request, *your signed sworn proof of loss within 91 days* of our request on a standard form supplied by us.  We must request a signed sworn proof of loss within 15 days after we receive your written notice, or we waive our right to require a proof of loss.  Such waiver will not waive our other rights under this policy.

    (a) This proof of loss shall state, to the best of your knowledge and belief:

      (i)    the time and cause of loss.
      (ii)   the interest of the insured and all others in the property involved including all liens on the property.
      (iii)  other insurance which may cover the loss.

    (iv)    the actual cash value of each item of property and the amount of loss to each item.

    (b)    If you elect to make claim under the Replacement Cost Coverage of this policy, this proof of loss shall also state. to the best of your knowledge and belief:

    (iii)    the full cost of repair or replacement of loss without deduction for depreciation."

*See* Section 1- Conditions of Exhibit "A."

6.    On or about June 17. 1997, the Defendant was in receipt of the Plaintiff's ninety-three (93) page inventory in reference to his theft loss. a true and correct copy of which is attached hereto as Exhibit "D," and incorporated herein for all purposes.

7.    On July 1, 1997. a Reservation of Rights Letter was sent to the Plaintiff, a true and correct copy of which is attached hereto as Exhibit "E," and incorporated herein for all purposes.

8.    On or about September 11. 1997, the Plaintiff submitted his sworn statement of proof of loss claiming that the actual cash value of the property allegedly stolen was $105, 370.46. a true and correct copy of which is attached hereto as Exhibit "F," and incorporated herein for all purposes.

9.    On September 16. 1997, the Defendant rejected Plaintiff's proof of loss and declined to make payment because of a dispute with the value of the alleged stolen property. The Plaintiff was requested to submit to an examination under oath with respect to his claim for loss and damage as a result of the alleged theft. He was also requested to produce all relevant documents in his possession pertaining to the loss by theft including bills, invoices, canceled checks or cash receipts evidencing both the original purchase and its replacement cost as a result of the theft; books and account: copies of tax returns for three years prior to the theft; the original policy of insurance;

CNMPDF - www.texio.com

and the last will and testament of his deceased father. A true and correct copy of said letter is attached hereto as Exhibit "G," and incorporated herein for all purposes.

10.     On October 22, 1997 and again on November 26, 1997, the Plaintiff's Statement Under Oath was taken, true and correct copies of which are attached hereto as Exhibit "H" and "I" respectively, and incorporated herein for all purposes. On October 22, 1997, at his first examination under oath, the Plaintiff did not produce as requested any bills, invoices, canceled checks or cash receipts evidencing the value or replacement cost for the alleged items stolen. The examination under oath was continued until November 26, 1997, for the Plaintiff to produce such items. Once again, the requested information was not produced.

11.     On January 26, 1998, the Defendant extended an offer of $10,000.00, as full and final settlement of the Plaintiff's claim. A true and correct copy of the letter extending said offer is attached hereto as Exhibit "J," and incorporated herein for all purposes. Plaintiff rejected said offer.

12.     On August 8, 2000, almost three (3) years following the date of loss, Plaintiff filed his Original Petition.

13.     On May 2, 2001, the preliminary expert report of Keitha Brooke, a Member of the International Society of Appraisers, was received by this Defendant. A true and correct copy of Ms. Brooke's preliminary report is attached hereto as Exhibit "K," and incorporated herein for all purposes. As the Court will note, even Ms. Brooke was unable to provide an appraisal of the property allegedly stolen.

14.     On June 26, 2001, the Plaintiff responded to this Defendant's Written Interrogatories and Request for Production, a true and correct copy of said responses and exhibits are attached hereto

as Exhibit "L." and incorporated herein for all purposes.  On July 25, 2001, the Plaintiff provided supplemental responses to Defendant's Requests For Production, a copy of which is attached hereto as Exhibit "M." and incorporated herein for all purposes, and on July 31, 2001, Plaintiff provided supplemental responses to Defendant's Written Interrogatories and Second supplemental Responses to Defendant's Requests for Production, a copy of which is attached hereto as Exhibit "N." and incorporated herein for all purposes.

15.     To date, other than a few estimated appraisals received by this Defendant for the first time on June 26. 2001. four years following the date of loss. the Plaintiff has not provided this Defendant with all information necessary to justify the figures in his inventory pursuant to the terms of the insurance policy.  *See* subpart 3. a. (4) of Section I entitled "Conditions" of Exhibit "A."

16.     The Plaintiff has reported at least four other similar theft loss claims prior to the loss in question. *See* Plaintiff's response to Defendant's Written Interrogatory No. 6 contained in Exhibit "L." and his Statements Under Oath. Exhibits "H" and "I."

17.     This Defendant denies that the Plaintiff is entitled to summary judgment as there are genuine issues of material fact in dispute.   In particular. Defendant denies that the Plaintiff has complied with his duties under the terms of the insurance policy, and further denies that the Plaintiff has submitted all documents necessary to justify the value of the inventory in his proof of loss.   Initially. the Plaintiff reported a loss of $3,300.00, but after some time, submits an inventory of alleged items stolen with a value of over $100,000.00, almost $50,000.00 more than the policy limits for personal property. Defendant denies that the property contained in the inventory was stolen as allegedly reported by the Plaintiff and further denies the value of the

inventory as submitted. Defendant would show that the Plaintiff is familiar with the processing

of theft claims, is comparatively at fault in allowing his unsecured vehicle open to the public, is

comparatively at fault for failing to mitigate his damages and comparatively at fault for his breach

of the contract of insurance by failing to submit the necessary documents to establish proof of the

value of the inventory reportedly stolen.

18.     As such, Plaintiff's Opposed Motion for Summary Judgment should be denied.

        WHEREFORE PREMISES CONSIDERED, Defendant UNION STANDARD prays that,

upon consideration of their response, discovery, supporting documents and evidence, the Court

deny the Plaintiff's Opposed Motion for Summary Judgment.

Respectfully Submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile


BY: _____
        CARLA M. SAENZ
        State Bar No. 17514595
        Federal ID No. 7994
        **ATTORNEYS FOR DEFENDANT,**
        **UNION STANDARD INSURANCE COMPANY**

# CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been

sent on this _13th_ day of August, 2001, to all counsel of record, to wit:

Mr. R. W. Armstrong                     CMRRR70000520 0024 6464 3005
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

CARLA M. SAENZ