

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 3 2001

Michael N. Milby
Clerk of Court

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

**DEFENDANT UNION STANDARD INSURANCE COMPANY'S
FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **UNION STANDARD INSURANCE COMPANY**, Defendant in the above-styled and numbered cause of action and files this its First Amended Answer to Plaintiff's, First Amended Complaint as filed in said cause, and for such Answer, would respectfully show unto the Court the following:

**I.
ANSWER**

1.0   Defendant, **UNION STANDARD INSURANCE COMPANY**, admits that venue is proper in Cameron County, Texas.

1.1   Defendant, **UNION STANDARD INSURANCE COMPANY**, admits that the property located at 2419 East Washington, in Harlingen, Texas, was covered by an insurance policy, policy number HP5619958-20, issued to the Plaintiff by Defendant with a maximum limit of $57,000.00 in coverage. Defendant can neither admit or deny that the Plaintiff was the owner of

"certain antique objects." Defendant further denies that the "certain antique objects" had a fair market value in excess of $57,000.00 on March 12, 1997. Defendant denies that **UNION STANDARD INSURANCE COMPANY** failed to reasonably investigate or effectuate a prompt, reasonable, or equitable settlement of Plaintiff's claim of loss.

1.2   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies the allegations of breach of contract contained in paragraph "IV" of Plaintiff's First Amended Complaint in its entirety.

1.3   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies the allegations of damages contained in paragraph "V" of Plaintiff's First Amended Complaint in its entirety.

1.4.   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies that the Plaintiff is entitled to the sum in the amount of $59,160.00 plus prejudgment interest; denies that the Plaintiff is entitled to recover attorney's fees in the amount of atleast $5,000.00; and denies that it is entitled to such other and further relief to which the Plaintiff may be justly entitled to receive.

## II.
## AFFIRMATIVE DEFENSES

2.01   Pleading in the alternative, Plaintiff is himself guilty of various acts, wrongs, and omissions, each of which constituted negligence, misrepresentation, breach of contract, anticipatory breach, comparative fault, comparative responsibility, and each of which was the sole cause, or, alternatively, a proximate cause or producing cause of the occurrence in question and the alleged damages.

2.02    Pleading further in the alternative, Defendant would show Plaintiff failed to take prompt, timely, and reasonable steps to mitigate damages, if he sustained any.

2.03.   Pleading further in the alternative, Defendant pleads the doctrine of unavoidable accident and/or consequences.

2.04    Pleading further in the alternative, Defendant would state that Plaintiff's causes of action are barred by the applicable statute of limitations pursuant to Section 16.004 of the Texas Civil Practices & Remedies Code. and Interpretive Case Law.

2.05    Pleading further in the alternative, Defendant evokes the doctrine of laches and would state that all of Plaintiff's claims are stale and thereby barred.

2.06    Pleading further in the alternative, Defendant would state that the occurrence in question and the alleged incident was the result of and solely caused by persons, factors, instrumentalities, circumstances, and conditions over which it had no control or right of control.

2.07    Pleading further in the alternative, Defendant would state that under the facts of this case the Court should instruct the jury on acts of God.

2.08    Pleading further in the alternative, Defendant would state that all conditions precedent have not been met as to Plaintiff's claim for breach of contract.

2.09    Pleading further in the alternative, Defendant would state that Plaintiff's causes of action are the result of fraud.

2.10    Pleading further in the alternative, Defendant would state that at all relevant times, they were acting in a reasonable and prudent manner exercising ordinary care as would be expected under the same or similar circumstances in Cameron County, Texas; and that it fully performed its legal responsibilities or, alternatively, substantially performed them. Pleading alternatively,

Defendants stated they did not breach any legal duty, if any, owed to the Plaintiff.

2.11   Pleading further in the alternative, Defendant would state that Plaintiff had full knowledge of all facts or, in the alternative, should be charged with knowledge of all facts which would have been discovered by a reasonably prudent person similarly situated, and therefore Plaintiff has waived or, alternatively, are estopped from asserting that the conduct of Defendant was the cause of his alleged damages.

2.12   Pleading further in the alternative, Defendant would state that Plaintiff's attorneys' fees are neither reasonable nor necessary. Further, Defendant would state that Plaintiff's attorneys' fees are unrelated to the legal services rendered against this Defendant.

2.13   Pleading further in the alternative, Defendant would state that Plaintiff's claim for exemplary and/or punitive damages cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of an exemplary and/or punitive damage award, (2) is not adequately instructed on the limits of exemplary and/or punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of this Defendant, (4) is permitted to award exemplary and/or punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for exemplary and/or punitive

damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of protection from excessive fines as provided in the Eighth Amendment and this Defendant's due process and equal protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 3 and Section 19 of the Texas Constitution, and would be improper under the common law and public policies of the State of Texas.

2.14    Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages against this Defendant are barred, in whole or in part, because an award of punitive damages under Texas law would violate this Defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 3 and Section 19 of the Texas Constitution.

2.15    Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages cannot be sustained because Texas law regarding the standards for determining liability for and the amount of punitive damages fail to give this Defendant prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of this Defendant due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

2.16    Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages against this Defendant cannot be sustained, because an award of punitive damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that may be

imposed, would violate these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

2.17   Pleading further in the alternative, Defendant would state that this Defendant asserts that to the extent exemplary and/or punitive damages are sought by Plaintiff, which should be denied, such damages are limited by the Texas Civil Practice and Remedies Code, Section 41.008.

2.18   Pleading further in the alternative, Defendant would state that Plaintiff's claim for exemplary and/or punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issues of exemplary and/or punitive damages from the remaining issues would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution and would be improper under the common law and public policies of Texas.

2.19   Defendant pleads and invokes the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary and/or punitive damages pursuant to the provisions of Section 41.007.

2.20   Pleading in the alternative, Defendant would show that the Plaintiff has failed to fulfill its obligations or duties under the insurance policy.

2.21   Pleading in the alternative, Defendant would show that a reasonable offer was extended to the Plaintiff following a reasonable investigation of the claim.

2.22   Pleading in the alternative, Defendant would show that the Plaintiff has made same or similar complaints or reported losses of theft in the past.

imposed, would violate these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

2.17    Pleading further in the alternative, Defendant would state that this Defendant asserts that to the extent exemplary and/or punitive damages are sought by Plaintiff, which should be denied, such damages are limited by the Texas Civil Practice and Remedies Code, Section 41.008.

2.18    Pleading further in the alternative, Defendant would state that Plaintiff's claim for exemplary and/or punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issues of exemplary and/or punitive damages from the remaining issues would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution and would be improper under the common law and public policies of Texas.

2.19    Defendant pleads and invokes the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary and/or punitive damages pursuant to the provisions of Section 41.007.

2.20    Pleading in the alternative, Defendant would show that the Plaintiff has failed to fulfill its obligations or duties under the insurance policy.

2.21    Pleading in the alternative, Defendant would show that a reasonable offer was extended to the Plaintiff following a reasonable investigation of the claim.

2.22    Pleading in the alternative, Defendant would show that the Plaintiff has made same or similar complaints or reported losses of theft in the past.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **UNION STANDARD INSURANCE COMPANY**, prays that upon final hearing hereof, Plaintiff, **DARWIN BISHOP** recovers nothing from this suit; that Defendant, **UNION STANDARD INSURANCE COMPANY**, recover costs, expenses and fees; and for such other and further relief, general and special, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: _/s/ Carla M. Saenz_
CARLA M. SAENZ
State Bar No. 17514595
**ATTORNEYS FOR DEFENDANT,
UNION STANDARD INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

     **I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this 28th day of November, 2001, to all counsel of record, to wit:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

_____
CARLA M. SAENZ