29/1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 8 2001

Michael N. Milby
Clerk of Court

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | |

### DEFENDANT'S DESIGNATION OF EXPERT WITNESSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **UNION STANDARD INSURANCE COMPANY**, hereinafter referred to as the Defendant, and respectfully submit their Designation of Expert Witnesses as follows:

Defendant would designate the following retained experts who may be called to testify in the trial of this cause:

Anita Eisenhauer, A.S.A.
Anita's Antiques
11753 Up River Road
Corpus Christi, TX 78410
(512) 241-7097
May testify as to the value and authenticity of the alleged collectibles, antiques, and other property allegedly stolen from the Plaintiff and the cost of replacing these items; appraisal of these items, if any, but may be called for any purpose which is within his competence by reason of his training, experience, or personal knowledge. A copy of Ms. Eisenhauer's curriculum vitae and expert report are attached hereto as Exhibit "A."

Defendant's Designation of Expert Witnesses                                                                                       1

Additionally, Defendant anticipates calling the following non-retained experts:

Joan Ethlan Santogrosse
309 E. Russell Ave.
Bonham, TX 75418
(903) 640-8051

Plaintiff Darwin Bishop's sister. May have knowledge regarding the alleged theft made the basis of this lawsuit, property allegedly stolen; other thefts reported by the Plaintiff; and value of items allegedly stolen.

Ginger Jordan
309 E. Russell Ave.
Bonham, TX 75418
(903) 640-8051

Plaintiff's niece and may have knowledge of facts and circumstances surrounding the incident in question; property allegedly stole and other thefts reported by the Plaintiff; and value of items allegedly stolen.

Debby Gilliam
122 W. Carpenter Frwy., Suite 350
Irving, Texas 75039-2008

Senior Claims Adjustor in charge of the handling of this claim; terms and conditions of the insurance policy; reported loss of the Plaintiff; other property loss claims; claims handling of property claims; but may be called for any purpose which is within their competence by reason of their training, experience, or personal knowledge.

Any and all Officers, Investigators, Detectives, personnel & staff of
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Officer Joe F. Garcia
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Detective Lieutenant Mathew Charles Manning
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Officer Richard Turner
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Patrol Division Captain, Vasquez
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Sargent Ramon Vela
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

J.M. Villarreal
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Robert W. Wiley
Harlingen Police Department
1102 South Commerce Street
Harlingen, Texas 78550
(956) 427-8750

Eric Nelson (former Harlingen Police Officer)
United State Border Patrol
4201 W. Military Highway
McAllen, TX 78503
(956) 618-8163

While not retained as experts, the above experts will testify as to their investigation of the theft in question; causation thereof; items reportedly stolen; volume and contents of property allegedly stolen; personal observations of the loss sustained by the Plaintiff; but may be called for any purpose which is within his competence by reason of his training, experience, or personal knowledge.

Sue Bennett
Harlingen, TX 78550
Telephone No. Unknown
May have knowledge of facts and circumstances surrounding the incident in question and property allegedly stolen.

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingwood, Texas 77336
(281) 358-1061
(210) 967-6737
Investigator assigned to investigate the alleged theft claim of Darwin Bishop. May have knowledge of relevant facts regarding the theft made the basis of this lawsuit.

Additionally, Defendant anticipates calling the following experts designated by the Plaintiff:

Guy Bevil
Bygones By Guy
119 W. Park Ave.
Pharr, TX 78577
(956) 702-4661
Plaintiff's antique appraisal expert.

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100
Plaintiff's antique expert

Paul Rosamond
Guns and Goods
444 S. 77 sunshine Strip
Harlingen, TX 78550
(956) 412-7571
Plaintiff's firearm expert.

    Any and all owners, managers, personnel & staff of
    Bull Rider Western Wear
    1606 S. 77
    Harlingen, Texas 78550
    (956) 425-7291

  May have knowledge of the cost of clothing allegedly stolen at the time of the theft made the basis of this lawsuit.

  In addition, these Defendants specifically reserve the right to call any witness who may be identified by any other party, either past or present, to this lawsuit.

  Defendant has listed the investigating officers and intends to rely upon the Offense Report for their expert opinions.

  Defendants reserve their right to supplement this designation.

Respectfully submitted,

Carla M. Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd., Suite H
Brownsville, TX 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: /s/ Carla M Saenz
        CARLA M. SAENZ
        State Bar No. 17514595
        Federal Id. No. 7994
        **ATTORNEY FOR DEFENDANT,**
        **UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this 17th day of December, 2001, to all counsel of record, to wit:

Mr. R. W. Armstrong            VIA CMRRR 7000 0520 0024 6464 3678
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*


_____
CARLA M. SAENZ

Anita Eisenhauer, Appraiser
11753 Up River Road
Corpus Christi, Texas 78410-3320
361-241-7097
361-241-7098 (fax)

A REVIEW APPRAISAL
FOR
CARLA M. SAENZ
Griffith, Saenz & Hill, L.L.P.
1325 Palm Blvd., Suite H
Brownsville, Texas 78520

RE: Civil Action No. B-00-138
Darwin Bishop Vs. Union Standard Insurance Company
In the United States District Court
For the Southern District of Texas
Brownsville Division
Our File No. 6400.0021/1092

December 17, 2001


EXHIBIT
A

Anita Eisenhauer, Appraiser
11753 Up River Road
Corpus Christi, Texas 78410-3320
361-241-7097
361-241-7098 (fax)

December 17, 2001

Ms. Carla M. Saenz
Griffith, Saenz & Hill, L.L.P.
1325 Palm Blvd., Suite H
Brownsville, Texas 78520

    RE: Civil Action No. B-00-138
      Darwin Bishop Vs. Union Standard Insurance Company
      In the United States District Court
      For the Southern District of Texas
      Brownsville Division
      Our File No. 6400.0021/1092

Dear Ms. Saenz:

The Review Appraiser was furnished the following:

  1) Plaintiff's First Amended Complaint

  2) Plaintiff's Responses to Defendant's Written Discovery and Supplemental Answers Including Attachments and Exhibits
    a) Plaintiff's Sworn Statement
    b) Plaintiff's Proof of Loss Statement and Sworn Proof of Loss;
    c) Photographs
    d) Estimate Prepared by the Plaintiff, Darwin Bishop, dated September 8, 1997

  3) Plaintiff's Designation of Experts and Curriculum Vitae and Experts Reports;

  4) Records for the Plaintiff from Harlingen Police Department

  5) Records from Zapata County Sheriff's Department

  6) Copy of renewal insurance policy for Darwin Bishop, 2419 Washington, Harlingen, Texas 78550 issued by Union Standard Insurance Company. Policy number 5619958-20 including Endorsement HO 101 Personal Property Replacement Cost Policy period September 10, 1997 to September 10, 1998.

  7) Plaintiff's Fourth Supplemental Initial Disclosure Pursuant to Rule 26 (a) (1)-(2) of the Federal Rules of Civil Procedure.

  8) Plaintiff's Fifth Supplemental Initial Disclosure Pursuant Rule 26 (a) (1) – (2) of the Federal Rules of Civil Procedure

  9) Volumes I and II of the Plaintiff, Darwin Bishop's Statements Under Oath

  10) Last Will and Testament of George Flack Bishop

The appraiser was asked to review these documents and render an expert opinion on the issues in dispute. The appraiser has read the documents listed and is providing a preliminary review appraisal.

1

The Appraiser reserves the right to add further material at a later date as more information is provided. There are pages and pages of tools, fishing equipment and knives taken from catalogs and possibly price guides. No reference is given to identify the source or sources. No correlation was made by Mr. Bishop between what was listed for the loss on the 124 pages and these many pages from catalogs, drawings, and (price guides?). There are no dates of reference for these many pages. The "Index of Stolen Items" is not assembled with the 124 pages of line items.

There are definitions applicable for the Replacement Value Endorsement to the Standard Homeowner's Insurance Policy which must be given for this Appraisal Review. In the case of loss, payment is based on the replacement value of the item. There are two different replacement costs. **Replacement cost new** is the cost to replace an item with another having similar qualities within a reasonable amount of time in the most relevant marketplace. Where applicable, this takes into consideration costs associated with shipping and purchasing from a specific source. **Replacement cost used (comparable)** is the cost necessary to replace an item of personal property with an equivalent item having similar appearance, quality, condition, age, authorship and utility.

The Appraisal Report of Gerald Tomlin did not address the Broad Evidence Rule which is applicable in insurance appraisals. The broad evidence rule is a principal the use of which requires the appraiser to provide a broad range of value information in order to assist a third party (usually an insurance company or a court of law) in making a fully informed decision as to a fair and equitable recovery settlement.

The Broad Evidence Rule (a.k.a.) The McAnarney Rule states that there are no fixed or rigid guidelines for the determination of the amount of recovery in case of loss. This rule allows for all the facts and circumstances which logically tend to develop a correct estimation of value of the lost property at the time of the loss. The Appraisal Report of Gerald Tomlin gave only one value and did not give the relevant marketplace. Collectible toys have a specific market; Avon bottles purchased at garage sales is a different market from collectible toys. Mr. Bishop stated that he purchased Avon bottles at garage sales; Mr. Tomlin did not give this broad information allowing the third party to make a reasonable determination of value.

Looking at the items listed on the 124 pages furnished by Mr. Bishop, many of the items listed are generic and not specific items. For example: Match Box Toys. Listed was "Concrete Mixer". There was no specific ID numbers or color description. There are at least six different concrete mixers pictured in *Matchbox Toys*, complied by Nancy Schiffer; they also have a wide range in value. The Appraisal Report of Gerald Tomlin is specific in items that were valued. How was he able to choose a specific item for value? Match Box toys are listed in *Schroeter's Collectible Toys Antique to Modern Price Guide*. The readers of this book are cautioned about value and condition. The following are suggested valuation criteria to consider. Condition is of supreme importance. Schroeter's gives a range based upon condition. Suggested: deduct 10% if the original container is missing; deduct 30% if the condition is excellent; and as much as 70% for a toy graded only very good. Mr. Bishop stated that the Match Box toys were 90%. There is no mention of the condition in the Appraisal Report or the relevant market. A source book by David Maloney gives dealers, clubs, collectors and experts; this aids in locating the appropriate market for collectible toys as well as other items for the layman and the professional.

The Appraisal Report by Gerald Tomlin has no page numbers. Look at pages 9 and 10 of the items listed by Mr. Bishop and locate the A.J. Day pictures-Oil Paintings. Refer to the Oil Paintings in the Appraisal Report. There are no A.J. Day oil paintings on canvas listed in the Appraisal Report. The Oil Paintings appraised are by artist W.B. Henley. The size does not give inches or feet, only 9 x 12. The appraisal states that W.B. Henley is an American Artist, date of 1953. *Art Sales Index* is identified as the source of value: $929.00. The Review Appraiser looked at *Art Sales Index*, published in 1991. The following was discovered: W.B. Henley is a 19th C. British artist whose paintings have sold in small British country auctions. One of his paintings titled *Devonshire Mill*, 23" x 35" sold for 540 pounds. This is equivalent to $929.00. This is the same value used for all of the paintings in the Appraisal Report. The sizes are not comparable. The painter is given an incorrect country of origin and his years of work are incorrect. W.B. Henley's paintings are also listed in *Davenport's*, a compilation of art sales. All of the paintings listed in the Appraisal Report are attributed to the wrong artist and the valuations are incorrect.

2

The reader is left with no information about A.J. Day. Who is he? How valuable are his paintings? What is the market for his paintings?

The Appraisal Report does not follow the guidelines set out by the Appraisal Foundation. Mr. Tomlin is a member of the Appraisers Association of America. The appraisal organization's Rules of Ethics require their members to use the guidelines set out in USPSP (Uniform Standards of Professional Appraisal Practice).

The Appraisal Report does not address the required following items: required by USPAP.

1) Date of the Report
2) Date for which the Appraisal Report was appropriate
3) Identification, description and condition of the market used as a basis for the value conclusion.
4) Statement of the appraiser's disinterestedness or lack thereof in items being appraised.
5) Statement that the appraiser has no bias towards the property or parties involved.
6) Statement that the fees were non contingent
7) Statement of confidentiality
8) Signature of the appraiser
9) Page numbers
10) Applicable reference numbers, insurance claim number, case number, police number
11) Statement of any costs or fees included in the value conclusions
12) Statement that the report is in compliance with non-business casualty theft
13) Statement as to whether or not the appraiser personally examined the items being appraised, and if not, why?
14) Statement that facts contained in the report are true and correct
15) Statement of any limiting conditions encountered or critical assumptions made.
16) Statement limiting the misuse and /or alteration of the appraisal report
17) Statement that initial engagement of the appraiser is not contingent

SUMMARY:

The Appraisal Report does not give the insurance company or a court of law the necessary information for making an equitable settlement. If Mr. Bishop's listing was written legibly, had more description about the listed items his numbers may be correct. With the listing as presented, there could be as much as 50% difference on many of the items. The value furnished for the paintings is not appropriate. Further information would be helpful for the insurance company or the court of law in making an equitable determination of value. The appraiser Gerald Tomlin is a recognized authority in 18th and 19th Century European furniture and has credentials as an interior designer. The items in this appraisal do not fit that criteria. This is a preliminary report based on my review of the police report and the information provided. This report may be supplemented if further material is provided.

I certify that to the best of my knowledge and belief:
a) I did not view and examine the listed property as it was part of a theft. The reported analyses, opinions, and conclusions are my personal, unbiased professional analyses, opinions and conclusions.

b) I have no undisclosed part, present or contemplated future interest in the appraised items or in any proceeds to be derived therefrom.

c) The fee for this assignment was based on an hourly rate. Neither employment nor compensation for this appraisal is contingent upon my value conclusions or upon any favorable outcome anticipated to result from the use of this report.

d) To the best of my knowledge, the statements in this report are correct. The opinions are based on a full and fair consideration of all the facts available.

3

e) Unless noted elsewhere, no one provided significant professional assistance to the person signing the report.

f) This appraisal has been prepared in conformity with and is subject to the standards and requirements set forth in the *Principals of Appraisal Practice and Code of Ethics* of the American Society of Appraisers. This report is subject to the current version of the International Society of Appraisers *Appraisal Report Writing Standard* and *Code of Ethics*. In addition, this report has been prepared in accordance with the current version of the Appraisal Foundation's *Uniform Standard of Professional Appraisal Practice* USPAP)

With the exception of my client, possession of this report or its copy does not carry with it the right of publication, nor may this report be used for any purpose by anyone other than my client or his agent without my previous written consent. If the report is reproduced, copied or otherwise used it must be done so in the report's entirety including the cover document and all its attachments. Furthermore, no change to any item in this appraisal review shall be made by anyone other than myself.
Should in conjunction with this appraisal, additional services of the appraiser be requested by the client, his agent or attorney, or the courts (such as for added time researching for other value purposes, pretrial conferences, court appearances, court preparation, etc.), compensation for same shall be at the customary hourly rate charged by the appraiser at that time and shall be paid by the client immediately upon receipt of a statement for said work.

I regard all information concerning this appraisal as confidential. I retain a copy of this document along with my original notes, and I will not allow others to have access to these records without your written permission unless so ordered by a court of law.

My qualifications to conduct this appraisal are listed in the attached Professional Profile.

Sincerely,

*Anita Eisenhauer*

Anita Eisenhauer, ASA
  Accredited Senior Appraiser
    Residential Contents- General
    Antiques and Decorative Arts

4

*Ah, He Fischam*
3rd Ave 7098

## ARTICLE XI

### NOTICES

The Executive Director shall mail official notices to all members at office or home addresses furnished by the members. The mailing of any notice to either address shall be considered due service of such notice as of the date of mailing.

## ARTICLE XII

### AMENDMENTS

These By-Laws may be amended by a vote of two-thirds of the Members voting by signed mail ballot after due notice of the proposed amendment has been mailed to the Membership one month prior to the designated date.

## ARTICLE XII

### PROCEDURE

Except as herein provided, Robert's Rules of Order (the current edition) shall govern the procedure at all meetings of the Association.

## CODE OF ETHICS

The APPRAISERS ASSOCIATION OF AMERICA, INC. is an association of individual professional appraisers who have been admitted to membership in the Association after

16

meeting the qualifications for such membership as set forth by the Board of Directors.

Since appraisal procedure is a pursuit requiring extensive knowledge and experience, the Association accepts as its responsibility the duty to review continually and to maintain the highest standards for its membership.

The following sets forth the Code of Ethics which all members of the Association are required to follow:

*Assumption of Responsibility.* It is the responsibility of the individual appraiser to contract for appraisal work only within the areas of his or her professional competence and expertise. In the event that an appraiser discovers, after contracting for an appraisal, that he or she is not qualified to carry out the full appraisal, he or she must call upon, or recommend to the owner or custodian of the property, an appraiser who is qualified for that portion of the appraisal not within his or her area of expertise.

*Objectivity.* All items of property covered within an appraisal must be appraised objectively, independent of outside influences and without any other motive or purpose than stated in said appraisal. All items must be described accurately and all factors affecting their valuation must be stated clearly and concisely with the highest degree of accuracy.

*Examination of Property.* All items for appraisal must be examined personally by the appraiser, or be so noted.

*Purpose of Appraisal.* As appraisals are prepared under varying circumstances which can influence the valuation

17

## PROFESSIONAL PROFILE

**Experience:**

| | |
|---|---|
| (1979-present) | Private practice in the Corpus Christi area. Insurance, estate tax liability, equitable distribution, sale, moving damage, expert witness testimony, dissolution of marriage and estate liquidations |
| (1972-1979) | Co-owner of Attic Antiques |
| (1965-1968) | Teacher: Corpus Christi Independent School District American, World and Texas History |

**Memberships:**

<u>American Society of Appraisers</u>
    Senior Member 1981-2001
      Re-certified as Senior Member in 1991, 1996, and 2001
      Multi-discipline designation
        Antiques and Decorative Arts
        Residential Contents – General
    South Texas Chapter #68
      Secretary-Treasurer 1983-1987
      Examinations and Admissions Chairman 1983-1987
      Initiated formation of Corpus Christi Chapter #103 1987
    Corpus Christi Chapter #103
      Charter member Chapter #103
      Vice-president 1987-1988, 1999-2001
      President 1988-1989 and 1992-1993
    American Society of Appraisers Region 6
      Texas Deputy Director 1986-1987
      Texas Director 1987-1988
    American Society of Appraisers Personal Property Committee 1996

<u>International Society of Appraisers</u>
    Designated member 1981-2001

<u>Claims Prevention and Procedure Council</u>
    Member 1988-2001

**Education:**

    M.A. Texas A & I University, Kingsville, Texas 1967, history
    B.A. University of Texas, Austin, Texas 1964, geography

**Professional Courses Completed:**

(These courses in appraisal principles and procedures were administered examinations given by Indiana University)
    ISA Course #101, Introduction to Personal Property Appraising
      Long Beach, California September 9-12, 1984
    ISA Course #102, Personal Property Methodology and Reasoning
      Tuscon, Arizona February 1-3, 1987
    ISA Curse #103, Personal Property Appraiser's Fiduciary Responsibilities and Liabilities
      Long Beach, California September 12-15, 1984
    ISA Course #104 Advanced Appraisal Theory and Report Writing
      Dallas, Texas February 19-22, 1988
    CAPP Course #105 The Appraiser as Expert Witness – Legal research, An Advanced Appraisal Principles Course Sponsored by ISA Pasadena, California October 18-21, 1991

5

ISA Course #201 Antiques and Residential Contents
Cosa Mesa, California November 15-20, 1997
ISA Requalification – Core Course Review
Ft. Lauderdale, Fla. January 29-31, 2000
ISA Course #204, Appraisal of Fine Arts
San Antonio, Texas November 4-9, 2000

Texas State Property Tax Board Course
Appraisal of Personal Property Tax: 250
Examined and completed (Corpus Christi, Texas January 21-23, 1991)

Del Mar College
Mediation and Dispute Resolution DM391-800 (45 hrs.)
November 10, 11, 12, 13, 17 & 18, 1995

American Society of Appraisers Courses:
Uniform Standards of Professional Practice
San Antonio, February 4-5, 1994)
USPAP Home Study Course December 1999
PP201 Principles of Valuation: Introduction to Personal Property Valuation
January 26-30, 1996 Tucson, Arizona
PP207 Personal Property Valuation: Appraising Fine & Decorative Arts
April 16-19, 1998 San Francisco, California

Professional Seminars Attended:
American Society of Appraisers Personal Property Conference
New York, New York January 18-22, 2000
American Society of Appraisers Personal Property Conference
Taos, New Mexico October 21-24, 1999
American Society of Appraisers Annual Conference
Boston, Massachusetts August 15-28, 1999
American Society of Appraisers Personal Property Conference
Edinburgh, Scotland November 4-7, 1996
American Society of Appraisers Personal Property Conference
Newport/Providence, Rhode Island November 3-5, 1994
American Society of Appraisers Personal Property Conference
Las Vegas, Nevada October 28-30, 1993
American Society of Appraisers Annual Confeence3
Philadelphia, Pennsylvania June 1991
American Society of Appraisers, Omnicon IX
Baltimore, Maryland November 1989
American Society of Appraisers Annual Conference
Washington, D.C. June 1988
American Society of Appraisers Annual Conference
Portland, Oregon June 1986
American Society of Appraisers, Cornocopia V,
London, England 1985
British Furniture Society Annual Meeting, London 1985
International Society of Appraisers Annual Convention
Houston, Texas November 1981

Guest Appraiser: Antiques Roadshow, San Antonio, Texas August 1996

Related Interests:

President of the Nueces County Historical Society
Past Chairman of the Nueces County Historical Commission
Past member of the Corpus Christi Landmark Commission

Past President of the American Association of University Women (Corpus Christi Branch)
Ad Junct Professor: Del Mar College, Elderhostel
Co-author: *Corpus Christi: A Picture Post Card History*
Photo researcher: *Corpus Christi: The History of a Texas Seaport*, 1982 and revised edition, 1997.

7