3?

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 2 2002

Michael N. Milby
Clerk of Court

|                          |   |                             |
|--------------------------|---|-----------------------------|
|                          | **JURY** |                      |
| **DARWIN BISHOP**        | § |                             |
| *Plaintiff*              | § |                             |
|                          | § |                             |
| **vs.**                  | § | **CIVIL ACTION NO. B-00-138** |
|                          | § |                             |
| **UNION STANDARD INSURANCE** | § |                         |
| **COMPANY**              | § |                             |
| *Defendant*              | § |                             |

---

**MOTION TO COMPEL ANSWERS AND RESPONSES TO**
**DEFENDANT UNION STANDARD INSURANCE COMPANY'S**
**FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION**
**PROPOUNDED TO PLAINTIFF DARWIN BISHOP**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW **UNION STANDARD INSURANCE COMPANY**, Defendant in the above-styled and numbered cause, and files this its Motion to Compel Answers and Responses to the Defendant's First Set of Interrogatories and Requests for Production, propounded to Plaintiff, **DARWIN BISHOP**, and in support thereof would show the following:

**I.**

On or about June 27, 2001, Defendant received Plaintiff's, **DARWIN BISHOP**, answers and objections to Defendant's First Set of Interrogatories and Request for Production, a true and correct copy of which is enclosed hereto as **Exhibit "A."**

Plaintiff's, **DARWIN BISHOP**, objections and answers to Interrogatory Nos. 16, 17, 18, 19, 24, and 25; and, Request for Production Nos. 3, 5, 6, 7, 9, 10, 13, 14, 15, 16, 17, 18, 19,

20, 21, 23, 26, 27, 28, 29, 30, and 31 are without merit, inadequate or incomplete and constitute a clear abuse of the discovery process.

Said discovery requests seek information relevant to the subject matter in this action, and may lead to the discovery of admissible evidence at trial.

Defendant requests that the Plaintiff be compelled to answer to the Interrogatories and Requests for Production listed above on the basis that Plaintiff's objections and answers are not contemplated by the Federal Rules of Civil Procedure.

## II.

On or about July 20, 2001, Defendant sent a letter to Plaintiff's counsel advising him of their incomplete answers and responses to Defendant's First Set of Interrogatories and Requests for Production, a true and correct copy of which are attached hereto as **Exhibit "B."** Plaintiff has not supplemented his answers and responses to the items addressed above in the Defendant's First Set of Interrogatories and Requests for Production.

As of the date of the filing of this Motion, the Plaintiff has not supplemented his answers or responses to said First Set of Interrogatories and Requests for Production discussed above.

## III.

The Plaintiff has an obligation or duty under the Federal Rules of Civil Procedure to fully answer and respond to said Interrogatories and Requests for Production and to subsequently supplement each answer and response. Accordingly, the Defendant would be highly prejudiced and cannot prepare its defenses for the trial of this lawsuit without a ruling from the Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **UNION STANDARD INSURANCE COMPANY,** pray that, upon notice and hearing, the Court order the Plaintiff,

**DARWIN BISHOP**, to answer and respond adequately and completely and to withdraw his objections to Defendant's First Set of Interrogatories and Requests for Production and direct the Plaintiff to file supplemental answers and responses to said Interrogatories and Requests for Production within seven (7) days from the date of this hearing. The Defendant also requests the Court to grant attorney's fees to the Defendant's attorney, in a reasonable amount, for the time required in preparing for, filing for and attending the hearing on this Motion and for such other and further relief to which this Defendant may show itself entitled.

  **DATED** this _____20th_____ day of March, 2002.


Respectfully submitted,

**CARLA M. SAENZ & ASSOCIATES, P.L.L.C.**
1325 Palm Blvd., Suite H
Brownsville, TX 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: _____Carla M. Saenz_____
  CARLA M. SAENZ
  State Bar No. 17514595
  Federal I.D. No. 7994

  ATTORNEYS FOR DEFENDANT,
  UNION STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this _20th_ day of March, 2002, to all counsel of record, to wit:

<u>*Via CM/RRR 7000 1530 0005 5014 8988*</u>

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*

_____
CARLA M. SAENZ

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| | **JURY** | |
| **DARWIN BISHOP** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-00-138** |
| | § | |
| **UNION STANDARD INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | |

---

### ORDER SETTING HEARING

---

**IT IS ORDERED** that a hearing in the above-entitled and numbered cause on Defendant's,

**UNION STANDARD INSURANCE COMPANY**, Motion to Compel Answers and Responses

to Defendant's First Set of Interrogatories and Requests for Production to Plaintiff, **DARWIN**

**BISHOP**, be, and the same is hereby set for the ____ day of _____, 2002, at

____ o'clock a.m., in the United States District Court Southern District of Texas, Brownsville

Division.

**SIGNED AND ENTERED** this the ____ day of _____, 2002.

_____
U.S. DISTRICT JUDGE

cc: Ms. Carla M. Saenz, **Carla M. Saenz & Associates, P.L.L.,** 1325 Palm Blvd., Suite H, Brownsville TX 78520
   Mr. R.W. Armstrong, **R.W. Armstrong & Associates,** 2600 Old Alice Rd., Suite A, Brownsville, TX 78521

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

|  | JURY |  |
|---|---|---|
| **DARWIN BISHOP** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-00-138** |
| | § | |
| **UNION STANDARD INSURANCE** | § | |
| **COMPANY** | § | |
| *Defendant* | § | |

---

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

---

BE IT REMEMBERED that on this the ___ day of _____, 2002, came on to be considered Defendant **UNION STANDARD INSURANCE COMPANY'S** Motion To Compel Answers and Responses to the Defendant's First Set of Interrogatories and Requests for Production to Plaintiff, **DARWIN BISHOP**. The Court, after considering said Motion, and argument of counsel, is of the opinion that said Motion should be in all things **granted.**

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** that Plaintiff, **DARWIN BISHOP**, shall file supplemental answers and responses to First Set of Interrogatories and Requests for Production within seven (7) days from the date of this Order.

**SIGNED AND ENTERED** this the ____ day of _____, 2002.

_____
U.S. DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

DARWIN BISHOP                                    §
                                                 §
V.                                               §CIVIL ACTION NO. B-00-138
                                                 §
                                                 §
UNION STANDARD INSURANCE CO.                     §

## PLAINTIFF'S ANSWERS TO
## DEFENDANT UNION STANDARD INSURANCE CO.'S
## <u>INTERROGATORIES</u>

**TO:**   **UNION STANDARD INSURANCE CO.'S, Defendant, by and through their attorney of record:**

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

COMES NOW, **DARWIN BISHOP** Plaintiff, and serves this his Answers to Defendant's First Set of Interrogatories **pursuant to Rule 33(b)(1)-(2)** *of the Federal Rules of Civil Procedure*.

RESPECTFULLY SUBMITTED,

**R.W.ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone     (956) 546-5556
Telecopier    (956) 546-0470
By:_____
        R. W. Armstrong
        TBA#01323500
        ATTORNEY FOR PLAINTIFF

EXHIBIT

"A"

RECEIVED
JUN 2 7 2001
BY:_____

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the **Plaintiff's Answers to Defendant's Interrogatories** was on this the _10_ day of June, 2001 sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd. Suite H
Brownsville, Texas 78521

_____
R. W. Armstrong

**INTERROGATORY NO. 5:**

Please give a list of your employers for the last ten (10) years, dates of employment and reasons for leaving employment.

**ANSWER:**

| | |
|---|---|
| **Previous employer:** | Zapata ISD |
| | PO Box 158 |
| | 17th and Carla St. |
| | Zapata, TX 78076 |
| | |
| **Dates of employment:** | 1991-2001 |
| **Reasons for leaving:** | Medical retirement (liver transplant) |

**INTERROGATORY NO. 6:**

Please indicate whether you have been a party to any other lawsuit, claim, including property, personal injury or other insurance claim, or complaint, and if so, please give a description of the cause number and style of the lawsuit, nature of the lawsuit, claim or complaint, date, and disposition of said lawsuit, claim or complaint.

**ANSWER:**

Plaintiff has been involved in two auto accidents. Plaintiff does not have any documentation concerning the two auto accidents.

Plaintiff previously filed a complaint of a theft to Harlingen Police Department, case # 97-38586, dated 7/29/97, wherein a lawnmower was removed from his home at 2419 Washington; Harlingen, Texas.

Plaintiff filed a complaint of theft and a property loss claim, as a result of a theft of his truck which occurred from his home at 906 Fresno St., Zapata, Texas, approximately, 20 years prior to the theft of the lawnmower. The theft included his vehicle, firearms and 6 cases of ammunition. The individuals were caught but the firearms were not recovered.

Plaintiff filed another complaint of theft when a gunshop he owned which was located next to his property at 906 Fresno St., Zapata, Texas, was robbed of tools. This incident occurred 10 years prior to the theft of his pickup and weapons from the same residence.

**INTERROGATORY NO. 7:**

Please give your current permanent home address, length of occupancy and state the name of your homeowner's insurance company.

## ANSWER:

| | |
|---|---|
| Current Home address: | 2419 E. Washington |
| | Harlingen, Texas |
| Length of Occupancy: | Since August 4, 1994 |
| Homeowner's Insurance Company: | Union Standard Insurance Co. |

## INTERROGATORY NO. 8:

Please give a description of all real state or other real properties in which you have or had an ownership interest, and indicate whether the property is covered by insurance and if so, please give the name of insurance company (ies).

## ANSWER:

Plaintiff owns six houses and seven lots within the City of Harlingen, Texas. Plaintiff does not have any homeowners insurance policies on these lots and homes. These homes are rentals.

## INTERROGATORY NO. 9:

Please indicate whether you have ever reported, filed or made a theft, fire loss, burglary or other property damage claim on any real estate or personal property owned, rented or leased by you, and if so, when, describe the circumstances surrounding each reported claim and disposition of each claim.

## ANSWER:

Plaintiff has been involved in two auto accidents. Plaintiff does not have any documentation concerning the two auto accidents.

Plaintiff previously filed a complaint of a theft to Harlingen Police Department, case # 97-38586, dated 7/29/97, wherein a lawnmower was removed from his home at 2419 Washington; Harlingen, Texas.

Plaintiff filed a complaint of theft and a property loss claim, as a result of a theft of his truck which occurred from his home at 906 Fresno St., Zapata, Texas, approximately, 20 years prior to the theft of the lawnmower. The theft included his vehicle, firearms and 6 cases of ammunition. The individuals were caught but the firearms were not recovered.

Plaintiff filed another complaint of theft when a gunshop he owned which was located next to his property at 906 Fresno St., Zapata, Texas, was robbed of tools. This incident occurred 10 years prior to the theft of his pickup and weapons from the same residence.

**INTERROGATORY NO. 10:**

Please indicate whether you have ever reported, filed or made a personal injury or workers' compensation claim, and if so, when, describe the circumstances surrounding each reported claim and disposition of each claim.

**ANSWER:**

Besides the claim that makes the basis of this cause, plaintiff reported a theft of a lawnmower on 7/29/97 from plaintiff's residence at 2419 E. Washington St., Harlingen, Texas.

Plaintiff filed a workers' compensation claim while he was employed for Zapata ISD.

Plaintiff believes this occurred in the 1980s while he was teaching shop class a student accidentally hit him with a wooden board across his forehead.

**INTERROGATORY NO. 11:**

Please indicate whether you have ever been arrested or charged with a criminal offense, and if so, when, where and disposition of offense.

**ANSWER:**

No.

**INTERROGATORY NO. 12:**

Please indicate whether you have ever been hospitalized, treated or examined for any psychological, substance or alcohol abuse, nervous disorder, or other mental condition, illness or disease, and if so, provide the name of the health care providers and/or hospitals, dates of treatment and/or admission(s), and list all medications prescribed.

**ANSWER:**

None

**INTERROGATORY NO. 13:**

Please state how and when you acquired the property located at 2419 Washington in Harlingen, Texas.

**ANSWER:**

Plaintiff inherited this property upon the death of his father in July 1996.

## INTERROGATORY NO. 14:

Please state whether the property at 2419 Washington in Harlingen, Texas, was occupied by you on the date of loss, March 12, 1997.

## ANSWER:

Yes.

## INTERROGATORY NO. 15:

Please state whether the property at 2419 Washington in Harlingen, Texas, is currently being occupied, and if so, by whom, and list dates of occupancy.

## ANSWER:

Plaintiff has occupied the said property with his spouse since July 1994.

## INTERROGATORY NO. 16:

Please provide the name of the person who maintains the property at 2419 Washington in Harlingen, Texas.

## ANSWER:

OBJECTION—Plaintiff is unable to ascertain the meaning of the term "maintains," and as such, the request is ambiguous in nature. In good faith, Plaintiff answers that he maintains the property as far as mowing the yard, painting, carpentry, maintenance to plumbing, security, and other household necessities to upkeep his home and property.

## INTERROGATORY NO. 17:

Please specifically identify the items that were allegedly stolen at the property located at 2419 Washington in Harlingen, Texas, on March 12, 1997, and please state the value for each item or personal property reported stolen.

## ANSWER:

Please refer to **Plaintiff's Exhibit A**, attached herein to Plaintiff's responses to defendant's request for productions for a list of the items stolen and their values.

## INTERROGATORY NO. 18:

Please state the total amount or value of the personal property that was reported stolen at the property located at 2419 Washington in Harlingen, Texas, on March 12, 1997.

**ANSWER:**

Plaintiff claimed the value to be $105, 370.46.

**INTERROGATORY NO. 19:**

Please state how you arrived at the value for the personal property that was reported stolen at the property located at 2419 Washington in Harlingen, Texas, on March 12, 1997.

**ANSWER:**

The value was determined by plaintiff's personal knowledge and what plaintiff paid for the items which were stolen.

**INTERROGATORY NO. 20:**

Please state where the personal property that was reported stolen was located, whether the property was secured, and if so, how it was secured.

**ANSWER:**

The personal property that Plaintiff reported stolen was located on his property at 2419 Washington in Harlingen, Texas.  Plaintiff did have this property secured by the means of a locked gate and locked truck and trailer.

**INTERROGATORY NO. 21:**

Please state the date and time when the personal property was discovered stolen, where you were located and what you were doing at the time of the alleged theft on March 12, 1997.

**ANSWER:**

Plaintiff discovered that this property had been stolen the evening of the theft.  At the approximate time of the theft on March 12, 1997, Plaintiff was inside his home reading a novel.

**INTERROGATORY NO. 22:**

Please state date and time when you contacted the police to report the alleged theft of personal property at 2419 Washington in Harlingen, Texas, on March 12, 1997, and date and time the police arrived at 2419 Washington to investigate alleged theft.

**ANSWER:**

Plaintiff did not contact the police on March 12, 1997.  The Harlingen Police Department notified plaintiff on March 12, 1997 at or about 11pm.

**ANSWER:**

    Plaintiff claimed the value to be $105, 370.46.

**INTERROGATORY NO. 19:**

Please state how you arrived at the value for the personal property that was reported stolen at the property located at 2419 Washington in Harlingen, Texas, on March 12, 1997.

**ANSWER:**

    The value was determined by plaintiff's personal knowledge and what plaintiff paid for the items which were stolen.

**INTERROGATORY NO. 20:**

Please state where the personal property that was reported stolen was located, whether the property was secured, and if so, how it was secured.

**ANSWER:**

    The personal property that Plaintiff reported stolen was located on his property at 2419 Washington in Harlingen, Texas. Plaintiff did have this property secured by the means of a locked gate and locked truck and trailer.

**INTERROGATORY NO. 21:**

Please state the date and time when the personal property was discovered stolen, where you were located and what you were doing at the time of the alleged theft on March 12, 1997.

**ANSWER:**

    Plaintiff discovered that this property had been stolen the evening of the theft. At the approximate time of the theft on March 12, 1997, Plaintiff was inside his home reading a novel.

**INTERROGATORY NO. 22:**

Please state date and time when you contacted the police to report the alleged theft of personal property at 2419 Washington in Harlingen, Texas, on March 12, 1997, and date and time the police arrived at 2419 Washington to investigate alleged theft.

**ANSWER:**

    Plaintiff did not contact the police on March 12, 1997. The Harlingen Police Department notified plaintiff on March 12, 1997 at or about 11pm.

**INTERROGATORY NO. 23:**

Please state all factual bases for supporting your contention in your Original Petition that Defendant Union Standard Insurance Company failed to make a reasonable investigation and effectuate a prompt, fair and equitable settlement of your claim of loss.

**ANSWER:**

Plaintiff is the owner of certain valuable antique objects (hereinafter, "property"), which had a fair market value of over $57,000.00 on March 12, 1997. On that date, the property was stolen by unknown persons from Plaintiff's residence at 2419 East Washington, Harlingen, Texas, and never recovered by Plaintiff. The property was covered by an insurance policy, policy number HP5619958-20, sold to Plaintiff by Defendant Union Standard. This policy had a maximum limit of $57, 000.00. Defendant only offered Plaintiff $10,000.00 on the claim.

**INTERROGATORY NO. 24:**

Please state all factual bases for supporting your contention that Defendant Union Standard Insurance Company committed fraud by making material representations about coverage.

**ANSWER:**

Defendant Union Standard Insurance Company committed common law fraud by making material representations to Plaintiff about the coverage it offered Plaintiff in the insurance policy in question. These representations were made as positive assertions with the intention that Plaintiff act upon them, and Plaintiff did in fact rely upon them to Plaintiff's detriment. Plaintiff seeks recovery herein for the damages it has suffered as a result of this reliance.

**INTERROGATORY NO. 25:**

Please state all factual bases for supporting your contention that Defendant Union Standard Insurance Company breached its contract with you.

**ANSWER:**

Defendant Union Standard breached its contract with Plaintiff in the following particulars:
   a) Failing to reasonably and promptly settle Plaintiff's claim when Defendant Union Standard's liability on the contract was reasonably clear.
   b) Failing to conduct a reasonable investigation of Plaintiff's claim.
   c) Failing to inform Plaintiff within a reasonable time whether its claim was to be denied or not.

All conditions precedent to Defendant Union Standard's liability on the contract have occurred. Plaintiff made all required premium payments on the contract, and the contract had not been modified, altered, or rescinded as to any material portion by any party thereto.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## REQUEST FOR PRODUCTION

TO:   UNION STANDARD INSURANCE CO.'S, Defendant, by and through their attorney of record:

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

COMES NOW, **DARWIN BISHOP** Plaintiff, and serves this his Responses to Defendant's Request for Productions **pursuant to Rule 34** *of the Federal Rules of Civil Procedure*.

RESPECTFULLY SUBMITTED,

**R.W.ARMSTRONG & ASSOCIATES**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521
Telephone     (956) 546-5556
Telecopier    (956) 546-0470
By:_____
        R. W. Armstrong
        TBA#01323500
        ATTORNEY FOR PLAINTIFF

RECEIVED
JUN 2 7 2001
BY:

## CERTIFICATE OF SERVICE

I, R. W. Armstrong, hereby certify that a true and correct copy of the **Plaintiff's Responses to Defendant's Request for Production pursuant to Rule 34 of the Federal Rules of Civil Procedure** was on this the *25* day of June sent by U. S. Certified Mail, Return Receipt Requested, to Counsel for Defendant, to wit:

Ms. Carla Saenz
**GRIFFITH, SAENZ & HILL, L.L.P.**
One Park Place
100 Savannah, Suite 620
McAllen, Texas 78503

_____
R. W. Armstrong

## REQUEST FOR PRODUCTION NO. 4:

Please provide copies of any documents, correspondence and other written material between you and any other third party, including investigators, law enforcement agencies and representatives pertaining to the reported loss in question.

## RESPONSE:

None

## REQUEST FOR PRODUCTION NO. 5:

Please provide copies of any documents, correspondence and other written material between you and any other insurance company for any and all property loss claims ever made by you or your family pertaining to the property located at 2419 Washington in Harlingen, Texas.

## RESPONSE:

Please refer to Plaintiff's Exhibit "E," which is all correspondence from the defendant.

## REQUEST FOR PRODUCTION NO. 6:

Please provide copies of any documents, correspondence and other written material between you and any other insurance company for any and all property loss claims ever made by you or  your family pertaining to real estate or other property in which you have or had an ownership interest.

## RESPONSE:

Please refer to **Plaintiff's Exhibit "E,"** which is correspondence from the defendant.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide copies of any documents, correspondence and other written material between you and any other insurance company for any and all property loss claims ever made by you or your family pertaining to personal property in which you have or had an ownership interest.

**RESPONSE:**

None at this time.

**REQUEST FOR PRODUCTION NO. 8:**

Please provide a copy of all proof of loss claims for all the alleged loss in question.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "B,"** which are copies of plaintiff's proof of loss claims produced to defendant insurance company.

**REQUEST FOR PRODUCTION NO. 9:**

Please provide a copy of all proof of loss claim you have ever filed regarding a reported property loss claim for any personal or real property owned by you.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "A,"** which are copies of all incident reports produced by the Harlingen Police department.

**REQUEST FOR PRODUCTION NO. 10:**

Please provide copies of any documents, correspondence, and other written material between you and any other insurance company for any and all personal injury or workers' compensation claims you have made in your lifetime.

**RESPONSE:**

None at this time.

**REQUEST FOR PRODUCTION NO. 11:**

Please provide copies of all estimates, valuations, or appraisals of all items reported stolen at 2410 Washington in Harlingen, Texas.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "D".**

**REQUEST FOR PRODUCTION NO. 12:**

Please provide copies of all documents which Plaintiff used to support an amount of loss for the alleged items stolen at 2419 Washington in Harlingen, Texas, on March 12, 1997.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "A,", Plaintiff's Exhibit "B".**

**REQUEST FOR PRODUCTION NO. 13:**

Please provide copies of all letters of rejection from Defendant Union Standard Insurance Company for the reported loss of March 12, 1997, made the subject of this lawsuit.

**RESPONSE:**

Plaintiff will supplement this request in accordance with the FRCP.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all agreements, including contingency fee agreements, between Plaintiff and his attorneys relating to attorneys' fees.

**RESPONSE:**

Objection: Plaintiff objects to this request as being documents which are excluded as they are under attorney client privilege in accordance to the Federal Rules of Evidence.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all legal invoices for legal services rendered to date in this lawsuit.

**RESPONSE:**

**OBJECTION:**   Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 to the extent of attorney/client privilege and work product.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce any and all statements from Plaintiff's attorneys for fees and expenses incurred in this case.

**RESPONSE:**

**OBJECTION:**   Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client privilege and work product.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce any and all time records, itemized billing invoices, costs, and expenses incurred to date created by Plaintiff's attorney for all legal services rendered in this case.

**RESPONSE:**

> **OBJECTION:**    Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client privelege and work product.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce any and all agreements wherein you have arrived at a settlement or agreement between you and any other party, whether or not a party to this lawsuit, regarding or pertaining to the loss made the basis of this lawsuit or any damages resulting therefrom.

**RESPONSE:**

> **OBJECTION:**    Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client privelege and work product.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce Plaintiff's personal and/or business income tax returns for 1996, 1997, 1998, 1999, and 2000.

**RESPONSE:**

> **OBJECTION:** Plaintiff objects to this request in its entirety to the extent that it seeks production of information and materials that are not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence and constitutes no more than a "fishing expedition" by Defendants that is prohibited by the F.R.E.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents concerning other lawsuits you have been involved in either as a party, witness, representative, expert, consultant or deponent.

**RESPONSE:**

    **OBJECTION:**    Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client priQvelege and work product.  Plaintiff also objects as this request asks for information that is not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence and constitutes no more thaqn a "fishing expedition" by defendants.  In good faith plaintiff answers that he was involved in two auto accidents.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce the names of the parties, cause numbers, complete styles of all cases in which Plaintiff's attorney has handled relating to same or similar causes of action asserted in this case.

**RESPONSE:**

    **OBJECTION:**    Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client priQvelege and work product.  Plaintiff also objects as this request asks for information that is not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence and constitutes no more than a "fishing expedition" by defendants.  In good faith plaintiff answers that he was involved in two auto accidents.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce copies of any and all oral, recorded,written and/or transcribed statements from the Plaintiff, representative of this Defendant or any witness who may have knowledge of the facts of the case and Plaintiff's alleged damages.

**RESPONSE:**

    None

**REQUEST FOR PRODUCTION NO. 23:**

Please produce copies of all references, manuals, magazines, catalogues or other written material that Plaintiff relied on to support the value of the items allegedly stolen.

**RESPONSE:**

    Please refer to **Plaintiff's Exhibit "D".**

**REQUEST FOR PRODUCTION NO. 24:**

Please produce copies of any and all investigations made pertaining to the alleged theft in question, including photographs, witness statement, incident reports and all investigative material.

**RESPONSE:**

    Please refer to **Plaintiff's Exhibit "A,".**

**REQUEST FOR PRODUCTION NO. 25:**

Please produce copies of all photographs of the items of personal property allegedly stolen on March 12, 1997.

**RESPONSE:**

Plaintiff will supplement the request according to the F.R.C.P.also please refer to **plaintiff's exhibit "D".**

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all documents to support Plaintiff's cause of action of fraud against this Defendant.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "E" and plaintiff's pleadings.**

**REQUEST FOR PRODUCTION NO. 27:**

Please produce all documents to support Plaintiff's cause of action for breach of contract against this Defendant

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "E" and plaintiff's pleadings.**

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents to support Plaintiff's contention that Defendant failed to promptly investigate the claim in question.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce all documents of any and all lawsuits, claims or complaints in which Plaintiff was a party, witness or expert.

**RESPONSE:**

**OBJECTION:** Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client privelege and work product. Plaintiff also objects as this request asks for information that is not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence and constitutes no more than a "fishing expedition" by defendants. In good faith plaintiff answers that he was involved in two auto accidents.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce copies of all invoices, check stubs or receipts of purchases of any and all items of personal property allegedly stolen.

**RESPONSE:**

Please refer to **Plaintiff's Exhibits "B" and "C".**

**REQUEST FOR PRODUCTION NO. 34:**

Please produce copies of all documents evidencing the items of personal property that was allegedly stolen on March 12, 1997.

**RESPONSE:**

Please refer to **Plaintiff's Exhibits "A", "B" and "C"**

**REQUEST FOR PRODUCTION NO. 35:**

Please produce copies of photographs depicting the area of the house located at 2419 Washington in Harlingen, Texas, where the theft occurred.

**RESPONSE:**

Please refer to a hand drawing of a diagram by the plaintiff of the area of the house at 2419 Washington, Harlingen, Texas, listed as **plaintiff's exhibit "G".**

**REQUEST FOR PRODUCTION NO. 36:**

Please produce copies of photographs of the property onto which the personal property was allegedly secured or stored.

**RESPONSE:**

Plaintiff will supplement the request according to the F.R.C.P.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce copies of all documents of any property loss claim(s) you have ever made, filed or reported for theft, burglary, fire loss or other property loss damage, whether for personal or real property, at any time.

**RESPONSE:**

**OBJECTION:**　Plaintiff objects to this discovery request in its entirety to the extent that it seeks production of information and materials that are protected from disclosure by privilege pursuant to Federal Rules of Civil Procedure 34 and the Federal Rules of Evidence to the extent of attorney/client privelege and work product.  Plaintiff also objects as this request asks for information that is not relevant to the subject matter of the pending action, is not reasonably calculated to lead to the discovery of admissible evidence and constitutes no more

than a "fishing expedition" by defendants.  In good faith plaintiff answers that he was involved in two auto accidents.


## REQUEST FOR PRODUCTION NO. 38:

Please produce copies of all documents from all insurance companies for all property loss claim(s) you have ever made, reported or filed involving a property loss on either personal or real property, at any time.


## RESPONSE:

Plaintiff will supplement the request according to the F.R.C.P.


## REQUEST FOR PRODUCTION NO. 39:

Please produce a copy of your current homeowner's insurance policy for your homestead.

## RESPONSE:

Please refer to **Plaintiff's Exhibit "F,"** homeowner's insurance policy.


## REQUEST FOR PRODUCTION NO. 40:

Please produce a copy of the effective homeowner's insurance policy at 2419 Washington in Harlingen, Texas.

## RESPONSE:

Please refer to **Plaintiff's Exhibit "F,"** homeowner's insurance policy.

**REQUEST FOR PRODUCTION NO. 41:**

Please produce a copy of the homeowner's insurance policy at 2419 Washington in Harlingen, Texas, on the date of the alleged theft of March 12, 1997.

**RESPONSE:**

Please refer to **Plaintiff's Exhibit "F,"** homeowner's insurance policy.

# GRIFFITH, SAENZ & HILL, L.L.P.

### LAWYERS

CARLA M. SAENZ

1325 PALM BLVD., SUITE H
BROWNSVILLE, TX 78520
956/541-2862
FAX/541-2864

**McALLEN OFFICE**
ONE PARK PLACE
100 SAVANNAH, SUITE 620
McALLEN, TX 78503
956/971-9446
FAX/971-9451

July 20, 2001

*VIA CMRRR 7000 1530 0005 5015 1254*

Mr. R.W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

Re:   **Civil Action No. B-00-138**
      **Darwin Bishop vs. Union Standard Insurance Co.**
      **In the United States District Court, Brownsville Division**
      **Our File No. 3800.0012/1092**

Dear Ron:

From a review of your client's response to Defendant's Request for Production, we have discovered that the answers to Request No. 28, 29, 30, and 31 were omitted. Additionally, your client's responses to Request for Production Nos. 3, 5, 6, 7, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 26, and 27 are incomplete and objections are without merit. With regard to your client's responses to Written Interrogatories Nos. 8, 9, 16, 17, 18, 19, 23, 24 and 25, we find said responses and/or objections are incomplete and without merit. I would kindly ask that you please supplement your answers and responds to these discovery matters within 14 days of this letter, or I will have no choice but to file a Motion to Compel with the Court.

I would appreciate your cooperation in this matter. If you should have any questions, please do not hesitate to contact me.

Sincerely,

**GRIFFITH, SAENZ & HILL, L.L.P.**

By: *Carla Saenz*
      Carla M. Saenz

CMS:se

---

**EXHIBIT**

**"B"**

7-20-01

C