United States District Court
Southern District of Texas
FILED

MAR 2 2 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JURY

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## DEFENDANT UNION STANDARD INSURANCE COMPANY'S
## THIRD AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND
## ORIGINAL COUNTER-CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **UNION STANDARD INSURANCE COMPANY**, Defendant in the above-styled and numbered cause of action and files this its Third Amended Answer to Plaintiff's, First Amended Complaint and Original Counter-Claim and for such Answer, would respectfully show unto the Court the following:

### I.
### ANSWER

1.0    Defendant, **UNION STANDARD INSURANCE COMPANY**, admits that venue is proper in Cameron County, Texas.

1.1    Defendant, **UNION STANDARD INSURANCE COMPANY**, admits that the property located at 2419 East Washington, in Harlingen, Texas, was covered by an insurance policy, policy number HP5619958-20, issued to the Plaintiff by Defendant with a maximum limit of

$57,000.00 in coverage. Defendant can neither admit or deny that the Plaintiff was the owner of "certain antique objects." Defendant further denies that the "certain antique objects" had a fair market value in excess of $57,000.00 on March 12, 1997. Defendant denies that **UNION STANDARD INSURANCE COMPANY** failed to reasonably investigate or effectuate a prompt, reasonable, or equitable settlement of Plaintiff's claim of loss.

1.2   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies the allegations of breach of contract contained in paragraph "IV" of Plaintiff's First Amended Complaint in its entirety.

1.3   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies the allegations of damages contained in paragraph "V" of Plaintiff's First Amended Complaint in its entirety.

1.4.   Defendant, **UNION STANDARD INSURANCE COMPANY**, denies that the Plaintiff is entitled to the sum in the amount of $59,160.00 plus prejudgment interest; denies that the Plaintiff is entitled to recover attorney's fees in the amount of atleast $5,000.00; and denies that it is entitled to such other and further relief to which the Plaintiff may be justly entitled to receive.

## II.
## AFFIRMATIVE DEFENSES

2.01   Pleading in the alternative, Plaintiff is himself guilty of various acts, wrongs, and omissions, each of which constituted negligence, misrepresentation, breach of contract, anticipatory breach, comparative fault, comparative responsibility, and each of which was the sole cause, or, alternatively, a proximate cause or producing cause of the occurrence in question and the alleged damages.

2.02   Pleading further in the alternative, Defendant would show Plaintiff failed to take

prompt, timely, and reasonable steps to mitigate damages, if he sustained any.

2.03. Pleading further in the alternative, Defendant would state that Plaintiff's causes of action are barred by the applicable statute of limitations pursuant to Section 16.004 of the Texas Civil Practices & Remedies Code. and Interpretive Case Law.

2.04 Pleading further in the alternative, Defendant evokes the doctrine of laches and would state that all of Plaintiff's claims are stale and thereby barred.

2.05 Pleading further in the alternative, Defendant would state that the occurrence in question and the alleged incident was the result of and solely caused by persons, factors, instrumentalities, circumstances, and conditions over which it had no control or right of control.

2.06 Pleading further in the alternative, Defendant would state that all conditions precedent have not been met as to Plaintiff's claim for breach of contract. Plaintiff has failed to comply with his duties and responsibilities under the insurance policy.

2.07 Pleading further in the alternative, Defendant would state that Plaintiff's causes of action are the result of fraud. Specifically, Plaintiff made representations to Defendant concerning Plaintiff's claim under the insurance policy at issue. The representations made by Plaintiff were material and false. Further, Plaintiff knew the representations he made concerning his claims under the policy were false or Plaintiff made such representations recklessly, as a positive assertion, and without knowledge of their truth. In addition, Plaintiff made such representations with the intent that Defendant act upon the same. Defendant has relied upon such representations which have in turn caused injury and damage to Defendant.

2.08 Pleading further in the alternative, Defendant would state that at all relevant times, they were acting in a reasonable and prudent manner exercising ordinary care as would be expected

under the same or similar circumstances in Cameron County, Texas; and that it fully performed its legal responsibilities or, alternatively, substantially performed them. Pleading alternatively, Defendants stated they did not breach any legal duty, if any, owed to the Plaintiff.

2.09   Pleading further in the alternative, Defendant would state that Plaintiff had full knowledge of all facts or, in the alternative, should be charged with knowledge of all facts which would have been discovered by a reasonably prudent person similarly situated, and therefore Plaintiff has waived or, alternatively, are estopped from asserting that the conduct of Defendant was the cause of his alleged damages.

2.10   Pleading further in the alternative, Defendant would state that Plaintiff's attorneys' fees are neither reasonable nor necessary. Further, Defendant would state that Plaintiff's attorneys' fees are unrelated to the legal services rendered against this Defendant.

2.11   Pleading further in the alternative, Defendant would state that Plaintiff's claim for exemplary and/or punitive damages cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of an exemplary and/or punitive damage award, (2) is not adequately instructed on the limits of exemplary and/or punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation the residence, wealth and corporate status of this Defendant, (4) is permitted to award exemplary and/or punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental

state that makes punitive damages permissible, (5) is not properly instructed regarding Plaintiff's burden of proof with respect to each and every element of a claim for exemplary and/or punitive damages, and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of protection from excessive fines as provided in the Eighth Amendment and this Defendant's due process and equal protection rights, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 3 and Section 19 of the Texas Constitution, and would be improper under the common law and public policies of the State of Texas.

2.12   Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages against this Defendant are barred, in whole or in part, because an award of punitive damages under Texas law would violate this Defendant's due process rights and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 3 and Section 19 of the Texas Constitution.

2.13   Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages cannot be sustained because Texas law regarding the standards for determining liability for and the amount of punitive damages fail to give this Defendant prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed, and are void for vagueness in violation of this Defendant due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

2.14   Pleading further in the alternative, Defendant would state that Plaintiff's claims for exemplary and/or punitive damages against this Defendant cannot be sustained, because an award

of punitive damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that may be imposed, would violate these Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

2.15   Pleading further in the alternative, Defendant would state that this Defendant asserts that to the extent exemplary and/or punitive damages are sought by Plaintiff, which should be denied, such damages are limited by the Texas Civil Practice and Remedies Code, Section 41.008.

2.16   Pleading further in the alternative, Defendant would state that Plaintiff's claim for exemplary and/or punitive damages against this Defendant cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issues of exemplary and/or punitive damages from the remaining issues would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 19 of the Texas Constitution and would be improper under the common law and public policies of Texas.

2.17   Defendant pleads and invokes the dollar limitations and provisions of Texas law and the Texas Civil Practice & Remedies Code regarding the limitations of recovery of exemplary and/or punitive damages pursuant to the provisions of Section 41.007.

2.18   Pleading in the alternative, Defendant would show that the Plaintiff has failed to fulfill its obligations or duties under the insurance policy.

2.19   Pleading in the alternative, Defendant would show that a reasonable offer was extended to the Plaintiff following a reasonable investigation of the claim.

2.20   Pleading in the alternative, Defendant would show that the Plaintiff has made same

or similar complaints or reported losses of theft in the past

## III.
## ORIGINAL COUNTER-CLAIM

2.21   Pursuant to Federal Rule of Civil Procedure 13(f), Defendant **UNION STANDARD INSURANCE COMPANY**, files this, its Original Counter-Claim against Plaintiff for fraud in connection with the filing of a claim for loss under the insurance policy at issue.

### A.   FRAUDULENT MISREPRESENTATION

2.22   Specifically, the evidence reveals that at all times relevant to Plaintiff's claim for loss under the insurance policy at issue Plaintiff made a material representation to Defendant **UNION STANDARD INSURANCE COMPANY**, as to the specific personal property items Plaintiff has claimed as a loss under the insurance policy at issue. Plaintiff's material representation was false in that certain personal property items Plaintiff claims as a loss were not Plaintiff's personal property and/or were never in Plainitff's possession. In addition, when Plaintiff made such representation Plaintiff knew he did not own certain of the personal property items Plaintiff claims as a loss. Further Plaintiff knew he was never in possession of certain of the personal property items Plaintiff claims as a loss. Alternatively, Plaintiff recklessly represented his ownership and/or possession of certain personal property items he claims as a loss as a positive assertion, without knowledge of the truth of his representations. Nevertheless, Plaintiff made such false, material representation with the intent that Defendant **UNION STANDARD INSURANCE COMPANY**, act upon the same by paying monies to Plaintiff in satisfaction of his claim for loss under the insurance policy at issue. Defendant **UNION STANDARD INSURANCE COMPANY**, did rely upon such representations in that based upon

such representations by Plaintiff, Defendant **UNION STANDARD INSURANCE COMPANY**, initiated an extensive and costly investigation of Plaintiff's claim under the insurance policy at issue. Furthermore, as a result of such representations, Defendant **UNION STANDARD INSURANCE COMPANY**, has incurred legal fees and costs in the defense of this litigation which action was brought by Plaintiff on the basis of his fraudulent representations. Accordingly, Plaintiff is liable to Defendant **UNION STANDARD INSURANCE COMPANY**, for fraud in connection with the claim for loss initiated by Plaintiff and which forms the basis of Plaintiff's alleged cause of action.

### B. FRAUDULENT CONCEALMENT

2.23   In addition, at all times relevant to Plaintiff's claim for loss under the policy at issue Plaintiff concealed and/or failed to disclose a material fact to Defendant **UNION STANDARD INSURANCE COMPANY**, concerning his ownership and/or possession of certain personal property items Plaintiff claims as a loss. That is, Plaintiff concealed and/or failed to disclose the fact that Plaintiff did not own and/or was never in possession of certain of the personal property items Plaintiff claims as a loss under the policy. Further, this material fact was within Plaintiff's knowledge. In addition, Plaintiff knew that Defendant **UNION STANDARD INSURANCE COMPANY**, was ignorant of such fact and that said Defendant did not have an equal opportunity to discover the truth. Further, Plaintiff intended to induce Defendant **UNION STANDARD INSURANCE COMPANY**, to take some action by concealing or failing to disclose such material fact which Defendant did. In particular, Defendant **UNION STANDARD INSURANCE COMPANY**, initiated an investigation of Plaintiff's claim for loss to determine the amount due to Plaintiff under the policy at issue. As a result of taking such action without the knowledge of the

undisclosed material fact, Defendant **UNION STANDARD INSURANCE COMPANY**, suffered injury and damages in that it incurred costs and expenses in the investigation of Plaintiff's claim for loss and has further incurred costs, expenses and legal fees in the defense of this action which is based upon Plaintiff's fraudulent claim for loss under the policy. Accordingly, Plaintiff is liable to Defendant **UNION STANDARD INSURANCE COMPANY**, for fraud in connection with the claim for loss initiated by Plaintiff and which forms the basis of Plaintiff's alleged cause of action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, **UNION STANDARD INSURANCE COMPANY**, prays that upon final hearing hereof, Plaintiff, **DARWIN BISHOP** recovers nothing from this suit; that Defendant, **UNION STANDARD INSURANCE COMPANY**, recover, by its counter-claim, all costs, expenses and legal fees incurred in the processing and investigation of Plaintiff's claim of loss and in the defense of this action; and for such other and further relief, general and special, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

**CARLA M. SAENZ & ASSOCIATES, P.L.L.C.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile
BY: _____
         CARLA M. SAENZ
         State Bar No. 17514595
         Federal I.D. No. 7994
         **ATTORNEYS FOR DEFENDANT,**
         **UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

     **I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this _22nd_ day of March, 2002, to all counsel of record, to wit:

<u>*Via CM/RRR 7000 1530 0005 5014 9107*</u>

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

 

_____
CARLA M. SAENZ