UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| | JURY | |
| DARWIN BISHOP | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE | § | |
| COMPANY | § | |
| *Defendant* | § | |

**DEFENDANT UNION STANDARD INSURANCE COMPANY'S MOTION TO EXCLUDE EXPERT TESTIMONY OF GERALD TOMLIN**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Union Standard Insurance Company, Defendant in the above-styled and numbered case and files this its Motion to Exclude Expert Testimony of Gerald Tomlin, and would show the Court as follows:

**I.
FACTS**

Plaintiff in this case, **DARWIN BISHOP** filed suit against Defendant for breach of contract. Plaintiff's claim arises out of an alleged theft of personal property at Plaintiff's dwelling located at 2419 Washington Street in Harlingen, Texas, on or about March 12, 1997. Plaintiff alleges that Defendant breached the insurance policy insuring his personal property when Defendant failed to pay the full amount of the policy coverage for Plaintiff's claimed loss.

In that connection, according to the incident report and investigation of the Harlingen Police Department, Plaintiff reported a theft of personal property from the bed and cab, through

an "unsecured driver door" of his pick-up truck, which Plaintiff first reported to have a value of $3,340.00. However, on or about June 17, 1997, the Defendant received a ninety-three (93) page inventory of items Plaintiff claimed as his theft loss. In addition, on or about September 11, 1997, the Plaintiff submitted his sworn statement of proof of loss claiming that the actual cash value of the property allegedly stolen was $105,370.46. On September 16, 1997, the Defendant rejected Plaintiff's proof of loss and declined to make payment because of a dispute with the value of the alleged stolen property. Further, the Defendant requested that Plaintiff produce all relevant documents in his possession pertaining to the loss by theft including bills, invoices, canceled checks or cash receipts evidencing both the original purchase and its replacement cost as a result of the theft. The requested information was not produced.

Instead, Plaintiff retained Gerald Tomlin to analyze the Plaintiff's ninety-three (93) page inventory and who provided a report with regard to the value and authenticity of certain alleged collectibles, and/or antiques Plaintiff claimed as part of his loss.

Defendant argues in this motion that the testimony of Gerald Tomlin should not be allowed at the trial in this case due to following reasons:

1. Gerald Tomlin's opinion is not reliable and not based on a reliable foundation under Federal Rule of Evidence 702;

2. Gerald Tomlin's opinion should not be admitted under Federal Rule of Evidence 403.

## II.

In determining whether or not the witness qualifies as an expert, it is the role of the trial court to make the preliminary determination of whether the proffered testimony meets the standards set forth for experts under Federal Rule of Evidence 702. See, *Daubert vs. Merrell Dow*

*Pharmaceutical, Inc.*, 509 U.S. 579, 113 S.CT. 2786 (1993). In determining the qualification of a witness as an expert it is within the trial court's discretion. *Kumbo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167 (1999).

### III.
### The Expert Opinions of Gerald Tomlin is Unreliable And not based upon a Reliable Foundation.

Defendant asserts that the testimony of Gerald Tomlin is not reliable as required by law in that the underlying foundational data used by Mr. Tomlin is unreliable.

The United States Supreme Court has held that Federal Rule of Evidence 702 requires a proponent of scientific expert testimony to demonstrate that such evidence is relevant and reliable before it can be admitted. In *Daubert,* the Court adopted the following factors for a trial court to consider in determining admissibility under Rule 702:

1. The extent to which the theory has been or can be tested;

2. The extent to which the technique relies upon the subjective interpretation of the expert;

3. Whether the theory has been subjected to peer review and/or publication;

4. The technique's potential rate of error;

5. Whether the underlying theory or technique has been generally accepted as valid by the relevant scientific community; and

6. The non-judicial uses which have been made of the theory or technique. *Robinson,* 923 S. W.2d at 557.

Further, before allowing an expert to testify, the trial court must make the initial determination whether the expert's opinion is relevant and whether the method and research upon which it is based are reliable. *Daubert vs. Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 592-93, 113

S.CT. 2796 (1993). Unreliable evidence is of no assistance to the trier of fact and is therefore inadmissible. ID.

In the present case there is no evidence that Mr. Tomlin's testimony is reliable as is currently required under the state of the law. Specifically, because the property which is the subject of Mr. Tomlin's valuations was stolen, it has never been available for Mr. Tomlin to examine. Rather, Mr. Tomlin could only base his opinion upon a list and description of the property from the Plaintiff. Therefore, Mr. Tomlin had no opportunity to examine the condition of the property, whether the property was operable or useable, or what materials the property was constructed of. In other words, Mr. Tomlin had no opportunity to consider any data or underlying facts, first-hand, concerning the items he purports to valuate. Obviously such a technique for the valuation of property relies entirely upon the subjective interpretation of Mr. Tomlin. In addition, such a technique would undoubtedly result in great potential for error. Further, it is unlikely that such a technique could be tested or that it would be generally accepted as valid by the community of antique and/or collectibles appraisers of any property. In sum, Mr. Tomlin's opinion testimony is not relevant and is wholly unreliable.

## V.

In addition, Federal Rule of Evidence 403 provides that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence. In the present case, the opinion testimony of Mr. Tomlin is wholly unreliable and not based upon any facts or data. Accordingly, any probative value of such testimony is substantially outweighed by the danger of unfair prejudice to Defendant, would confuse the issues and would

mislead the jury. Therefore, this Court should exclude the opinion testimony of Gerald Tomlin from the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Defendant's respectfully request that the Court, following an evidentiary hearing on the matter, Order:

1. That the testimony of Gerald Tomlin is inadmissible for any purpose in this litigation;

2. That counsel and all other witnesses for Plaintiff refrain from any mention of or reference to the thoughts, findings, or opinions of Gerald Tomlin during all stages of litigation when the prospective or trial jurors are present;

3. That Defendant has such other and further relief, general or special, to which Defendant may show themselves to be justly entitled.

Respectfully submitted,

**CARLA M. SAENZ & ASSOCIATES, P.L.L.C.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
(956) 541-2862 Telephone
(956) 541-2864 Facsimile

BY: _____
CARLA M. SAENZ
State Bar No. 17514595
Federal ID No. 7994
**ATTORNEYS FOR DEFENDANT,
UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the above and foregoing document has been sent on this 5th day of April, 2002, to all counsel of record, to wit:

Mr. R. W. Armstrong                           **VIA CMRRR 7000 1530 0005 5014 9275**
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiffs*

 

 

 

 

_____
CARLA M. SAENZ