IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DARWIN BISHOP** | § | |
| | § | |
| VS. | § | |
| | § | |
| UNION STANDARD INSURANCE CO. | § | CIVIL ACTION NO. B-00-138 |

### JOINT PRE-TRIAL ORDER

1. **APPEARANCE OF COUNSEL**

   Darwin Bishop, Plaintiff herein, is represented by:

   R.W. Armstrong
   State Bar No. 01323500
   Federal I.D. No. 2401
   **R.W. Armstrong & Associates**
   2600 Old Alice Rd., Suite A
   Brownsville, TX 78521
   (956) 546-5556

   Union Standard Insurance Co., Defendant herein, is represented by:

   Carla Saenz Martinez
   State Bar No. 17514595
   Federal I.D. No. 7994
   1325 Palm Blvd., Suite H
   Brownsville, TX 78520
   (956) 541-2862

2. **STATEMENT OF THE CASE:**

   Plaintiff has filed this cause of action against Defendant insurer for breach of contract and their failure to properly investigate or to effectuate a prompt, reasonable or equitable settlement of

Plaintiff's claim of loss of stolen property at 2419 East Washington, Harlingen, Texas, in accordance with the policy.

3. **JURISDICTION:**

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441 because the plaintiff and defendant are diverse in citizenship, and the amount in controversy exceeds $75,000.00.

4. **PENDING MOTIONS:**

Defendant's Motions to Exclude Expert Witnesses of the Plaintiffs.

5. **CONTENTIONS OF THE PARTIES:**

   A. **PLAINTIFF**

   a. That Defendant Union Standard issued a policy of insurance insuring Darwin Bishop home and contents.

   b. That on May 12, 1997 a loss by burglary occurred at Plaintiff's home which was a covered event as per the personal property loss portions of the policy, as Union Standard Policy provided coverage in the amount of $59,160.00 for the loss of personal property.

   c. A proof of loss was filed with Union Standard Insurance Company that demonstrated Plaintiffs' loss exceeded the policy limits for personal property of $59,160.00; the Defendant has failed to pay the loss. Plaintiff has met all conditions precedent to recovery under the policy.

   d. Plaintiff is entitled to recover the policy limits of $59,160.00 along with reasonable

attorney fees.

**B.  DEFENDANT**

a.  Defendant denies that the Plaintiff suffered a loss of personal property in an amount in excess of the policy limits.

b.  Plaintiff failed to meet all conditions precedent to recovery under the policy.

c.  Defendant did not fail to timely investigate the claim and effectuate a reasonable settlement.

d.  Defendant did not breach the contract of insurance.

e.  Defendant would show that the Plaintiff has a history of prior similar theft claims.

f.  Defendant would show that the Plaintiff was guilty of various acts, wrongs, and omissions, each of which constituted negligence, misrepresentation, breach of contract, anticipatory breach, comparative fault, comparative resonsibility, and each of which was the sole cause, or alternatively, a proximate cause or producing cause of the occurrence in question.

g.  Defendant would show Plaintiff failed to take prompt, timely, and reasonable steps to mitigate damages, if he sustained any.

h.  Defendant would state that Plaintiff's causes of action are barred by the applicable statute of limitations pursuant to Section 16.004 of the Texas Civil Practices & Remedies Code. and Interpretive Case Law.

i.  Defendant evokes the doctrine of laches and would state that all of Plaintiff's claims are stale and thereby barred.

j.   Defendant would state that the occurrence in question and the alleged incident was the result of and solely caused by persons, factors, instrumentalities, circumstances, and conditions over which it had no control or right of control.

k.   Defendant would state that all conditions precedent have not been met as to Plaintiff's claim for breach of contract. Plaintiff has failed to comply with his duties and responsibilities under the insurance policy.

l.   Defendant would state that Plaintiff's causes of action are the result of fraud. Specifically, Plaintiff made representations to Defendant concerning Plaintiff's claim under the insurance policy at issue. The representations made by Plaintiff were material and false. Further, Plaintiff knew the representations he made concerning his claims under the policy were false or Plaintiff made such representations recklessly, as a positive assertion, and without knowledge of their truth. In addition, Plaintiff made such representations with the intent that Defendant act upon the same. Defendant has relied upon such representations which have in turn caused injury and damage to Defendant.

m.   Defendant would state that at all relevant times, they were acting in a reasonable and prudent manner exercising ordinary care as would be expected under the same or similar circumstances in Cameron County, Texas; and that it fully performed its legal responsibilities or, alternatively, substantially performed them. Pleading alternatively, Defendants stated they did not breach any legal duty, if any, owed to the Plaintiff.

n.   Defendant would state that Plaintiff had full knowledge of all facts or, in the alternative, should be charged with knowledge of all facts which would have been discovered by a

reasonably prudent person similarly situated, and therefore Plaintiff has waived or, alternatively, are estopped from asserting that the conduct of Defendant was the cause of his alleged damages.

o.  Defendant would state that Plaintiff's attorneys' fees are neither reasonable nor necessary. Further, Defendant would state that Plaintiff's attorneys' fees are unrelated to the legal services rendered against this Defendant.

p.  Defendant would show that a reasonable offer was made to the Plaintiff following a reasonable investigation of the claim.

q.  Defendant would show that the Plaintiff has failed to fulfill his duties under the policy.

r.  Defendant would show that the Plaintiff has made same or similar complaints or reported losses of theft in the past.

s.  Pursuant to Federal Rule of Civil Procedure 13(f), Defendant has filed its Original Counter-Claim for fraud in connection with the filing of a claim for loss under the insurance policy at issue.

**6.  ADMISSIONS OF FACT:**

On June 11, 2002 Plaintiff sent to Defendant's attorney Carla Saenz as requested for admissions; as a matter fo law Defendant has admitted to the following facts:

**REQUEST FOR ADMISSION NO. 1:**

Admit or deny that Union Standard Insurance Company issued and delivered a copy of a policy of insurance numbered #HP5619958 to Darwin Bishop.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 2:**

Admit or Deny that Plaintiff Darwin Bishop had a loss of property on March 12, 1997, from his residence on 2419 East Washington, Harlingen, Texas.

**RESPONSE:** **Admit that a theft loss was reported to Union Standard, but deny that the property reported in Plaintiff's Proof of Loss was stolen on 3/12/97 as alleged by the Plaintiff.**

**REQUEST FOR ADMISSION NO. 3:**

Admit or Deny that Plaintiff Darwin Bishop filed a claim for lost property with Union Standard Insurance Company.

**RESPONSE:** **Admit that the Plaintiff filed a claim for lost property, but deny that the property reported in Plaintiff's Proof of Loss was stolen on 3/12/97 as alleged by the Plaintiff.**

**REQUEST FOR ADMISSION NO. 4:**

Admit or Deny that Union Standard Insurance Company is licensed with the Texas Insurance Board to do business in the State of Texas.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 5:**

Admit or Deny that Plaintiff Darwin Bishop met all conditions precedent to recover under the terms of the policy, policy #HP5619958-20.

**RESPONSE:** **Deny**

**REQUEST FOR ADMISSION NO. 6:**

Admit or Deny that Defendant Union Standard Insurance Company issued policy #HP5619958-20 having personal property coverage in the amount of $57,000.00.

**RESPONSE:** **Admit that the policy limits under 3HP 5619958 for personal property are**

$57,000.00.

**REQUEST FOR ADMISSION NO. 7**:

Admit or deny that Union Standard Insurance Company knew that its liability was reasonably clear in reference to Darwin Bishop's claim.

**RESPONSE:** **Deny**

**REQUEST FOR ADMISSION NO. 8**:

Admit or deny that Union Standard Insurance Company investigated the plaintiff's claim that makes the basis of this cause.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 10**:

Admit or deny that Union Standard Insurance Company received the proof of loss submitted by Plaintiff Darwin Bishop.

**RESPONSE:** **Admit that a Proof of Loss was provided, but deny that the Plaintiff complied with Subpart 3 entitled "Duties after Loss," of Section I entitled "Conditions" of the insurance policy. Specifically, Plaintiff has failed to provide all receipts, invoices, bills, appraisals, sales slips and other related documents to justify the value of the property allegedly stolen pursuant to Subpart 3. a(4) of Section I entitled "Conditions" of the insurance policy.**

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny that insurance policy number #HP5619958 was in effect at the time of the loss that makes the basis of this cause.

**RESPONSE:** **Admit**

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny that Darwin Bishop timely paid all due premiums on insurance policy number #HP5619958.

**RESPONSE:** Admit

7. **CONTESTED ISSUES OF FACT:**

Breach of contract, and whether the Defendant failed to timely investigate the claim and effectuate a prompt settlement of the claim.

Whether the reported loss of personal property exceeded the policy limits.

The amount of the loss in question.

Whether the Plaintiff fulfilled all conditions precedent to the contract.

Whether the Plaintiff is guilty of fraud.

Whether the Plaintiff failed to mitigate his damages.

Whether a reasonable offer of settlement was extended by the Defendant to the Plaintiff.

8. **AGREED PROPOSITIONS OF LAW:**

Texas Substantive Law.

9. **CONTESTED PROPOSITIONS OF LAW:**

    A. **PLAINTIFF**

Plaintiff believes that Defendant will attempt to introduce into evidence various insurance claims that Plaintiff Darwin Bishop has filed during his life. Many of these claims involve auto accidents and other none related events. Plaintiff believes the admission into evidence will be prejudicial and without merit and should be allowed under Rule 403 Federal Rules of Evidence and so not meet the requirements, *United States of America vs. Beechum*, 582 Fed2 898, which precluded the admission of extrinsic insurance matters in the original claim.

B. **DEFENDANT**

FRCP Rule 702 for the exclusion of Plaintiff's expert witnesses.

10. **EXHIBITS:**

A. **PLAINTIFF**

a. R.W. Armstrong billing records up to date for the representation of Plaintiff Darwin Bishop;
b. All incident reports produced by the Harlingen Police Department;
c. Correspondence between the Plaintiff and Defendant;
d. Correspondence from the Defendant to insurance companies;
e. Copies of Plaintiff's proof of loss claims produced to Defendant's insurance company;
f. Copies of all estimates, valuations, or appraisals of all items reported stolen at 2410 Washington in Harlingen, Texas;
g. All references, manuals, magazines, catalogues that Plaintiff relied on to support the value of the items allegedly stolen, including:
h. Kayak estimate and copy of kayak;
i. Copy of George Lawrence Company Kreel;
j. Copy of a Dog Leg Jack knife;
k. Copy of a Maize knife;
l. Copy of a Boy's knife;
m. Copy of a Bartender/Champagne knife;
n. Copy of a Butterfly knife;
o. Copy of a Florist knife;
p. Copy of a Bird's knife;
q. Copy of a Toothpick knife;
r. 40 Color pages of various styles of mallets, and wood carving tools and prices;
s. Copy of a South Bend Automatic Fly Reel and price;
t. Copy of a Perrine fly reel and price;
u. 30 color photos of fishing lures and prices;
v. 3 pages of copies of photos and details of reels with collector values;
w. 6 pages of copies of photos of various knifes;
x. 2 pages of copies of photos of spurs;
y. 42 pages of copies of various styles of knifes;
z. All investigations made pertaining to the alleged theft in question, including photographs, witness statement, incident reports and all investigative material.
aa. Photographs of the items of personal property allegedly stolen on March 12, 1997

|     | |
| --- | --- |
|     | and (79) photographs of Darwin Bishop's residence and its current contents. |
| bb. | Darwin Bishop's home owners policy in effect at the time of the theft issued by the Defendant; |
| cc. | Copies of all invoices, check stubs or receipts of purchases of any and all items of personal property allegedly stolen; |
| dd. | A hand drawing of a diagram by the Plaintiff of the area of the house at 2419 Washington, Harlingen, Texas; |
| ee. | Copies of all documents from all insurance companies for all property loss claim(s) of Darwin Bishop; |
| ff. | Expert report of Guy Bevil; |
| gg. | Expert report of Paul Rosamond; |
| hh. | Expert report of Gerald Tomlin. |

**B.   DEFENDANT**

| | |
| --- | --- |
| a. | Copy of the incident report dated March 12, 1997; |
| b. | Copy of the incident report dated March 16, 1997; |
| c. | Copy of the incident report dated July 29, 1997; |
| d. | Copy of the incident report dated August, 7, 1999; |
| e. | Copy of the incident report dated October 20, 1999; |
| f. | Copy of the incident report dated April 23, 2000; |
| g. | Copy of the incident report dated July 7 21, 1991; |
| h. | Copy of the incident report dated May 5, 1992; |
| i. | Copy of the statement of the Plaintiff Darwin Bishop; |
| j. | Copy of the statement of witness Steve Titus; |
| k. | Copy of the proof of loss submitted by the Plaintiff; |
| l. | Zapata County Sheriff's Office Records; |
| m. | Harlingen Police Department's Records |
| n. | Claims file of Defendant |
| o. | Correspondence between the Plaintiff and the Defendant |
| p. | Settlement offers made to the Plaintiff |
| q. | Expert Report of Anita Eisenhauer |
| r. | Photographs of the truck in question; |
| s. | Photographs of personal property of the Plaintiff; |
| t. | Plaintiff's Original Petition on file herein, and any amendments thereto; |
| u. | Plaintiff's prior and/or subsequent lawsuits; |
| v. | Last Will and Testament of George Flack Bishop; |
| w. | Plaintiff's Income tax returns for 1995 and 1996; |
| x. | Correspondence between the Plaintiff and Defendant; |
| y. | State Farm Insurance Company Records; |

z.  Beacon National Insurance Company Records;

Defendant reserves the right to supplement if necessary.

11. **WITNESSES**

Any and all Representatives, personnel & staff of
Texas Agency, L.L.P.
Connelly & Bartnesky Ins.
1209 E. Harrison
Harlingen, Texas 78550

Capt. Robert Archer
Harlingen Police Department
1102 S. Commerce Street
Harlingen, TX 78550
(956) 427-8787

R.W. Armstrong
R.W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78520
(956) 546-5556

Arabela G. Bishop
P.O. Box 202
906 Fresno St.
Zapata, Texas 78076
(956) 341-4932

Darwin Bishop
P.O. Box 202
906 Fresno St.
Zapata, Texas 78076
(956) 341-4932

Guy Bevil
Bygones By Guy
119 W. Park Avenue
Pharr, Texas 78577
(956) 702-4661

Dr. Sam Bottomfield & Danni Bottomfield
Zapata Vet & Pets
Zapata, Texas
(956) 702-8445

Mr. Robert Bryant, Owner
Hillcrest Antiques Gallery
7570 IH 35 N.
New Braunfels, Texas 78130
(830) 620-5056

Any and all owners, managers, personnel & staff of
Bull Rider Western Wear
1606 S. 77
Harlingen, Texas 78550
(956) 425-7291

Carlos Cisneros
Cisneros & Mattingly, P.C.
845 E. Harrison Street, Suite A
Brownsville, Texas 78520
(956) 504-2260

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingwood, Texas 77336
(281) 358-1061
(210) 967-6737

Cody Hardin (U.S. Border Patrol Officer)
U.S. Border Patrol Station
Comstock, Texas
(915) 872-5800

Norman Konzen
2208 E. Pendelton
Harlingen, Texas 78550
(956) 425-5475

Delton Lee
Texas State Insurance Adjuster
1105 1st Street
Harlingen, Texas 78550
(956) 425-6243

Randolph Ledbetter
2420 E. Kent Ave.
Harlingen, Texas 78550
(956) 221-1302

Adan H. Lopez
Zapata County Probation Officer
22nd Avenue
Zapata Texas 78076
(956) 765-9936

Bill Lowe
Retama Nursing Home
820 Camelot
Harlingen, Texas 78550
(956) 432-2663

Detective Lieutenant Charles Manning
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Sheila M. Moss
Union Standard Insurance Company
10,000 IH-I0 West, Suite 304
San Antonio, Texas 78230-3120
(210) 561-9061

Paul de la Rosa
26061 Crockett St.
Harlingen, Texas 78550
(956) 497-7563

Paul Rosamond
Guns and Goods
444 So. 77 Sunshine Strip
Harlingen, TX 78550
(956) 412-7571

Andy Rozell
323 E. Jackson
Harlingen, Texas 78550
(956) 428-1282

Sergio Tamez
L & E Antique Pavilion
207 W. Jackson
Harlingen, Texas 78550
(945) 423-6599

Steve Titus
Ace Engine Rebuilders (work address)
1323 W. Tyler
Harlingen, Texas 78550
(956) 412-1223

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100

Officer Richard Turner
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Any and all representatives, adjusters, personnel & staff of
Union Standard Insurance Company
122 W. Carpenter Freeway, Suite 350
Irving, Texas 75039-2008

Patrol Division Captain Vasquez
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Anita Eisenhauer, A.S.A.
Anita's Antiques
11753 Up River Road
Corpus Christi, TX 78410

Sue Bennett
Harlingen, TX 78550
Telephone No. Unknown

Joe F. Garcia
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingwood, TX 77336
(281) 358-1061
(210) 967-6737

Any and all Officers, Investigators, Detectives, personnel & staff of
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Custodian of Records for
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Joan Ethlan Santogrosse
309 e. Russell Ave.
Bonham, TX 75418
(903) 640-8051

Ginger Jordan
309 E. Russell Ave.
Bonham, TX 75418
(903) 640-8051

Officer Eric Nelson
U. S. Border Patrol
Harlingen, Texas 78550
(956) 440-7097

Any and all representatives, adjusters, personnel & staff of
Union Standard Insurance Company
122 W. Carpenter Frwy., Suite 350
Irving, TX 75039-2008

Sargent Ramon Vela
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

J .M. Villarreal
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Robert W. Wiley
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Don Woods
Address unknown at this time.

Any and all Officers, Investigators, Detectives, personnel & staff of
Zapata County Sheriff's Office
Deputy Federico Lopez
Deputy Alonso M. Lopez
Deputy Enrique Pena
Deputy Romeo R. Ramirez
Deputy Abel G. Juarez
Deputy Gregory Gutierrez
Box 2311
Zapata, TX 78076

Debbie Gilliam
122 W. Carpenter Frwy., Suite 350
Irving, TX 75039-2008

Mr. Robert Bryant, Owner
Hillcrest Antiques Gallery
7570 IH 35 N.
New Braunfels, Texas 78130
(830) 620-5056

12.  **SETTLEMENT:**

On December 21, 2001, the parties participated in mediation. The parties were unsuccessful in reaching a resolution of the case.

13.  **TRIAL**

The parties anticipate a three (3) day trial.


Date:_____     By: _____
                              UNITED STATES DISTRICT MAGISTRATE

APPROVED:

BY:_____          BY: *[signature: Carla Saenz Martinez]*
    R.W. Armstrong                                      Carla Saenz Martinez
    State Bar No. 1323500                          State Bar No.17574595
    Federal ID No. 2401                              Federal ID No. 7994
    *Attorney for Plaintiff*                             *Attorney for Defendant*