59

United States District Court
Southern District of Texas
FILED

OCT 0 3 2002

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |

## PLAINTIFF'S PRETRIAL ORDER

### 1.  APPEARANCE OF COUNSEL

Darwin Bishop, Plaintiff herein, is represented by:

R.W. Armstrong
State Bar No. 01323500
Federal I.D. No. 2401
**R. W. ARMSTRONG & ASSOCIATES**
2600 Old Alice Rd, Suite A
Brownsville, Texas  78521
(956) 546-5556

Union Standard Insurance Co., Defendant herein, is represented by:

Carla Saenz
State Bar No. 17514595
Federal I.D. No. 7994
**GRIFFITH, SAENZ & HILL, L.L.P.**
1325 Palm Blvd. Suite H
Brownsville, Texas 78521
(956) 541-2862

### 2.  STATEMENT OF THE CASE

Plaintiff files this civil action against Defendant for failing to reasonably investigate or to effectuate a prompt, reasonable, or equitable settlement of Plaintiff's claim of loss of stolen property which incident occurred on or about March 12, 1997, at 2419 East Washington, Harlingen, Texas.

### 3.  JURISDICTION

This Court has original jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1343.

File Server:Bishop,D.[99-219/]Bad Faith-hm:ORDERS:Joint Pretrial OrderFile Server/Bishop

All causes of action not relying exclusively on Section 504 of the Rehabilitation Act, the ADA, the United States Constitution, and 42 U.S.C. §1983 as a basis of the Court's jurisdiction, are based on this Court's supplemental jurisdiction under 28 U.S.C. §1367(a) to consider Plaintiff's state law claims because they arise from the same facts underlying Plaintiff's federal claims and Plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

**4.    PENDING MOTIONS**

Defendant Motions to Exclude Expert Witnesses.

**5.    CONTENTIONS OF THE PARTIES**

CONTENTIONS OF PLAINTIFF:

a.    That defendant Union Standard issued a policy of insurance insuring Darwin Bishops home and contents.

b.    That on May 12ᵗʰ1997 a loss by burglary occurred at plaintiffs home which was a covered event as per the personal property loss portions of the policy, as Union Standards Policy provided coverage in the amount of $59,160.00. for the loss of personal property.

c.    A proof of loss was filed with Union Standard Insurance Company that demonstrated plaintiffs' loss exceeded the policy limits for personal property of $59,160.00; the Defendant has failed to pay the loss. Plaintiff has met all conditions precedent to recovery under the policy.

d.    Plaintiff is entitled to recover the policy limits of 59,160.00 along with reasonable attorney fees.

CONTENTIONS OF DEFENDANTS:

Defendants contend and their evidence will show that:

## 6.  ADMISSIONS OF FACT

On June 11th 2002 Plaintiff sent to Defendants' attorney Carla Saenz a request for admissions;

As a matter of law Defendant has admitted to the following facts:

### REQUEST FOR ADMISSION NO. 1:

Admit or deny that Union Standard Insurance Company issued and delivered a copy of a policy of insurance numbered # HP5619958 to Darwin Bishop.

### RESPONSE:

Admit.

### REQUEST FOR ADMISSION NO. 2:

Admit or Deny that Plaintiff Darwin Bishop had a loss of property on March 12, 1997, from his residence on 2419 East Washington, Harlingen, Texas.

### RESPONSE:

Admit that a theft loss was reported to Union Standard, but deny that the property reported in Plaintiff's Proof of Loss was stolen on 3/12/97 as alleged by the plaintiff.

### REQUEST FOR ADMISSION NO. 3:

Admit or Deny that Plaintiff Darwin Bishop filed a claim for lost property with Union Standard Insurance Company.

### RESPONSE:

Admit that the plaintiff filed a claim for lost property, but deny that the property reported in Plaintiff's Proof of Loss was stolen on 3/12/97 as alleged by the Plaintiff.

### REQUEST FOR ADMISSION NO. 4:

Admit or Deny that Union Standard Insurance Company is licensed with the Texas Insurance Board to do business in the State of Texas.

### RESPONSE:

Admit.

### REQUEST FOR ADMISSION NO. 6:

Admit or Deny that Defendant Union Standard Insurance Company issued policy # HP5619958-20 having personal property coverage in the amount of $57,000.00.
### RESPONSE:

Admit that the policy limits under 3HP 5619958 for personal property are $57,000.00

## REQUEST FOR ADMISSION NO. 8:

Admit or deny that Union Standard Insurance Company investigated the plaintiff's claim that makes the basis of this cause.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 10:

Admit or deny that Union Standard Insurance Company received the proof of loss submitted by Plaintiff Darwin Bishop.

## RESPONSE:

Admit that a Proof of Loss was provided, but deny that the Plaintiff complied with Subpart 3 entitled "Duties after Loss", of Section 1 entitled "Conditions" of the insurance policy. Specifically, Plaintiff has failed to prov ide all receipts, invoices, bills, appraisals, sales slips and other related documents to justify the value of the property allegedly stolen pursuant to Subpart 3.a(4) of Section I entitled "Conditions" of the insurance policy.

## REQUEST FOR ADMISSION NO. 12:

Admit or deny that insurance policy number # HP5619958 was in effect at the time of the loss that makes the basis of this cause.

## RESPONSE:

Admit.

## REQUEST FOR ADMISSION NO. 13:

Admit or deny that Darwin Bishop timely paid all due premiums on insurance policy number # HP5619958.

## RESPONSE:

Admit.

7.    ## CONTESTED ISSUES OF FACT:

Breach of Contract, Failure to pay the amount of damages and claim, and previous

insurance claims of Darwin Bishop pled.

## 8. AGREED PROPOSITIONS OF LAW

None

## 9. CONTESTED PROPOSITIONS OF LAW

### A. PLAINTIFF:

Plaintiff believes that Defendant will attempt to introduce into evidence various insurance claims that Plaintiff Darwin Bishop has filed during his life. Many of these claims involve auto accidents and other none related events. Plaintiff believes the admission into evidence will be prejudicial and without merit and should not be allowed under Rule 403 Federal Rules of Evidence and so not meet the requirements United States of America vs Beechum, 582 Fed2 898, which precluded the admission of extrinsic insurance matters in the original claim. Additionally Plaintiff believes that many of the so called defenses set forth in Defendants amended pleadings are not defenses to a contract cause of action but are defenses to a tort cause of action and therefore not responsive to the case before this court.

### B. DEFENDANTS:

1. The application of Rule 702 Federal Rules of Evidence in the exclusion of Plaintiffs Expert witnesses.

## 10. EXHIBITS

   a. R.W. Armstrong billing records up to date for the representation of plaintiff Darwin Bishop.
   b. All incident reports produced by the Harlingen Police department.
   c. Correspondence between the plaintiff and defendant.
   d. Correspondence from the defendant to insurance companies.
   e. Copies of plaintiff's proof of loss claims produced to defendant insurance company.
   f. Copies of all estimates, valuations, or appraisals of all items reported stolen at 2410 Washington in Harlingen, Texas.
   g. All references, manuals, magazines, catalogues that Plaintiff relied on to support the value of the items allegedly stolen. Including:
   h. Kayak estimate and copy of kayak;
   i. Copy of George Lawrence Company Kreel;
   j. Copy of a Dog Leg Jack knife;

    k.  Copy of a Maize knife;
    l.  Copy of a Boy's knife;
    m. Copy of a Bartender/Champagne knife;
    n.  Copy of a Butterfly knife;
    o.  Copy of a Florist knife;
    p.  Copy of a Bird's Eye knife;
    q.  Copy of a Toothpick knife;

**Exhibits continued-**
    r.  40 Color pages of various styles of mallets, and wood carving tools and prices;
    s.  Copy of a South Bend Automatic Fly Reel and price;
    t.  Copy of a Perrine fly reel and price;
    u.  30 color photos of fishing lures and prices;
    v.  3 pages of copies of photos and details of reels with collector values;
    w. 6 pages of copies of photos of various knifes;
    x.  2 pages of copies of photos of spurs;
    y.  42 pages of copies of various styles of knifes;
    z.  All investigations made pertaining to the alleged theft in question, including photographs, witness statement, incident reports and all investigative material.
  aa. Photographs of the items of personal property allegedly stolen on March 12, 1997 and (79) photographs of Darwin Bishops residence and its current contents.
  bb. Darwin Bishop's home owners policy in effect at the time of the theft issued by the defendant.
  cc. Copies of all invoices, check stubs or receipts of purchases of any and all items of personal property allegedly stolen.
  dd. A hand drawing of a diagram by the plaintiff of the area of the house at 2419 Washington, Harlingen, Texas.
  ee. Copies of all documents from all insurance companies for all property loss claim(s) of Darwin Bishop.
  ff. Expert report of Guy Bevil.
  **gg.**      Expert report of Paul Rosamond.
  **hh.**      Expert report of Gerald Tomlin.

## 11.  WITNESSES

Any and all Representatives, personnel & staff of
Texas Agency, L.L.P.
Connelly & Bartnesky Ins.
1209 E. Harrison
Harlingen, Texas 78550

Capt. Robert Archer
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

R. W. Armstrong
R. W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78520
(956) 546-5556

Arabela G. Bishop
P. O. Box 202
906 Fresno Street

File Server:Bishop,D.[99-219/]Bad Faith-hm:ORDERS:Joint Pretrial OrderFile Server/Bishop

Zapata, Texas 78076
(956) 341-4932

**Witnesses  continued-**

Darwin Bishop
P. O. Box 202
906 Fresno Street
Zapata, Texas 78076
(956) 341-4932

Guy Bevil
Bygones By Guy
119 W. Park Avenue
Pharr, TX 78577
(956) 702-4661

Dr. Sam Bottomfield & Danni Bottomfield
Zapata Vet & Pets
Zapata, Texas
(956) 765-8445

Mr. Robert Bryant, Owner
Hillcrest Antiques Gallery
7570 IH 35 N.
New Braunfels, Texas 78130
(830) 620-5056

Any and all owners, managers, personnel & staff of
Bull Rider, Western Wear
1606 S. 77
Harlingen, Texas 78550
(956) 425-7291

Carlos Cisneros
Cisneros & Mattingly, P. C.
845 E. Harrison Street
Suite A
Brownsville, Texas 78520
(956) 504-2260

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingswood, Texas 77336
(281) 358-1061
(210) 967-6737

Cody Hardin (U. S. Border Patrol Officer)
U. S. Border Patrol Station
Comstock, Texas
(915) 872-5800

File Server:Bishop,D.[99-219/]Bad Faith-hm:ORDERS:Joint Pretrial OrderFile Server/Bishop

**Witnesses continued-**

Norman Konzen
2208 E. Pendelton
Harlingen, Texas 78550
(956) 425-5475

Delton Lee
Texas State Insurance Adjuster
1105 1st Street
Harlingen, Texas 78550
(956) 425-6243

Randolph Ledbetter
2420 E. Kent Ave.
Harlingen, Texas 78550
(956) 221-1302

Adan H. Lopez
Zapata County Probation Officer
22nd Avenue
Zapata Texas 78076
(956) 765-9936

Bill Lowe
Retama Nursing Home
820 Camelot
Harlingen, Texas 78550
(956) 432-2663

Detective Lieutenant Charles Manning
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Sheila M. Moss
Union Standard Insurance Company
10,000 IH-10 West, Suite 304
San Antonio, Texas 78230-3120
(210) 561-9061

Officer Eric Nelson
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Paul de la Rosa
26061 Crockett St.
Harlingen, Texas 78550
(956) 497-7563

**Witnesses  continued-**

Paul Rosamond
Guns and Goods
444 So. 77 Sunshine Strip
Harlingen, TX 78550
(956) 412-7571

Andy Rozell
323 E. Jackson
Harlingen, Texas 78550
(956) 428-1282

Sergio Tamez
L & E Antique Pavilion
207 W. Jackson
Harlingen, Texas 78550
(945) 423-6599

Steve Titus
Ace Engine Rebuilders (work address)
1323 W. Tyler
Harlingen, Texas 78550
(956) 412-1223

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100

Officer Richard Turner
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Any and all representatives, adjusters, personnel & staff of
Union Standard Insurance Company
122 W. Carpenter Freeway, Suite 350
Irving, Texas 75039-2008

Patrol Division Captain Vasquez
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

The following witnesses have been listed by Defendant. This party does not know the factual knowledge of each witness and does not adopt Defendant's representations of their knowledge but does hereby identify them and reserves the right to call any or all of Defendant's witnesses.

Anita Eisenhauer, A.S.A.
Anita's Antiques
11753 Up River Road
Corpus Christi, TX 78410

Sue Bennett
Harlingen, TX 78550
Telephoe No. Unknown

Joe F. Garcia
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingwood, TX 77336
(281) 358-1061
(210) 967-6737

Any and all Officers, Investigators, Detectives, personnel & staff of
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Custodian of Records FOR
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Joan Ethlan Santogrosse
309 e. Russell Ave.
Bonham, TX 75418
(903) 640-8051

Ginger Jordan
309 E. Russell Ave.
Bonham, TX 75418
(903) 640-8051

**Witnesses continued-**

Detective Lieutenant Mathew Charles Manning
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Officer Eric Nelson
U. S. Border Patrol
Harlingen, Texas 78550
(956) 440-7097

Any and all representatives, personnel & staff of
Texas Agency, L.L.P.
Connelly, Bartnesky Ins.
1209 E. Harrison
Harlingen, TX 78550

Any and all owners, managers, personnel & staff of
Bull Rider Western Wear
1606 S. 77
Harlingen, Texas 78550
(956) 425-7291

Steve Titus
Work address:
Ace Engine Rebuilders
1323 W. Tyler
Harlingen, Texas

Officer Richard Turner
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Any and all representatives, adjusters, personnel & staff of
Union Standard Insurance Company
122 W. Carpenter Frwy., Suite 350
Irving, TX 75039-2008
May have knowledge regarding the investigation and claim handling regarding the alleged theft
made the basis of this lawsuit.

Patrol Division Captain, Vasquez
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

---

**Witnesses continued-**

Sargent Ramon Vela
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

J.M. Villarreal
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Robert W. Wiley
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

Don Woods
Address unknown at this time.

Any and all Officers, Investigators, Detectives, personnel & staff of
Zapata County Sheriff's Office
Deputy Federico Lopez
Deputy Alonso M. Lopez
Deputy Enrique Pena
Deputy Romeo R. Ramirez
Deputy Abel G. Juarez
Deputy Gregory Gutierrez
Box 2311
Zapata, TX 78076
May have knowledge of facts and investigations into previous reported theft claims of the Plaintiff.

Debbie Gilliam
122 W. Carpenter Frwy., Suite 350
Irivng, TX 75039-2008
Senior Claims Adjustor in charge of the handling of this claim; terms and conditions of the
insurance policy; reported loss of the Plaintiff but may be called for any purpose which is within
their competence by reason of their training, experience, or personal knowledge.

Any and all Officers, Investigators, Detectives, personnel & staff of
Harlingen Police Department
And Custodian of Records
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

File Server:Bishop,D.[99-219/]Bad Faith-hm:ORDERS:Joint Pretrial OrderFile Server/Bishop

**Witnesses continued-**

Detective Lieutenant Charles Manning
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Officer Eric Nelson
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Patrol Division Captain Vasquez
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Officer Richard Turner
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

While not retained as experts, the above experts will testify as to the investigation of the theft in question, and personal observations of the loss sustained by the Plaintiff, but may be called for any purpose which is within his competence by reason of his training, experience, or personal knowledge.

Mr. Robert Bryant, Owner
Hillcrest Antiques Gallery
7570 IH 35 N.
New Braunfels, Texas 78130
(830) 620-5056

Paul de la Rosa
26061 Crockett St.
Harlingen, Texas 78550
(956) 497-7563

Sergio Tamez
L & E Antique Pavilion
207 W. Jackson
Harlingen, Texas 78550
(945) 423-6599

---

**Witnesses  continued-**

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100

Guy Bevil
Bygones By Guy
119 W. Park Avenue
Pharr, TX 78577
(956) 702-4661
Connection:  Can testify as to appraisal value of stolen items.

Paul Rosamond
Guns and Goods
444 So. 77 Sunshine Strip
Harlingen, TX 78550
(956) 412-7571

Detective Lieutenant Charles Manning
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Officer Eric Nelson
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Patrol Division Captain Vasquez
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Officer Richard Turner
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Capt. Robert Archer
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

**Experts retained by Plaintiff:** Will testify as to the value of the stolen items.

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100

Guy Bevil
Bygones By Guy
119 W. Park Avenue
Pharr, TX 78577
(956) 702-4661

Paul Rosamond
Guns and Goods
444 So. 77 Sunshine Strip
Harlingen, TX 78550
(956) 412-7571

**Attorneys:** These persons will testify as to attorney's fees.

R. W. Armstrong
R. W. Armstrong & Associates
2600 Old Alice Road, Suite A
Brownsville, Texas 78520
(956) 546-5556

Carlos Cisneros
Cisneros & Mattingly, P. C.
845 E. Harrison Street
Suite A
Brownsville, Texas 78520
(956) 504-2260

**Experts that will testify as to appraised value of Plaintiff's of items:**

Mr. Robert Bryant, Owner
Hillcrest Antiques Gallery
7570 IH 35 N.
New Braunfels, Texas 78130
(830) 620-5056

Paul de la Rosa
26061 Crockett St.
Harlingen, Texas 78550
(956) 497-7563

Sergio Tamez
L & E Antique Pavilion
207 W. Jackson
Harlingen, Texas 78550
(945) 423-6599
Connection: Can testify as to the appraised value of Plaintiff's collectibles.

Gerald Tomlin
Gerald Tomlin Antiques
6148 Crestmont
Dallas, TX 75214
(214) 363-8100

Anita Eisenhauer, A.S.A.
Anita's Antiques
11753 Up River Road
Corpus Christi, TX 78410
Listed by Defendant.

Sue Bennett
Harlingen, TX 78550
Telephone No.: Unknown

Joe F. Garcia
Harlingen Police Department
1102 South Commerce Street
Harlingen, TX 78550
(956) 427-8750

William Green
INS Investigations, Inc.
2218 North Park Drive
Kingwood, TX 77336
(281) 358-1061
(210) 967-6737

Any and all Officers, Investigators, Detectives, personnel & staff of
Harlingen Police Department
1102 S. Commerce Street
Harlingen, Texas 78550
(956) 427-8787

Joan Ethlan Santogrosse
309 e. Russell Ave.
Bonham, TX 75418
(903) 640-8051
Listed by Defendant.

Debbie Gilliam
122 W. Carpenter Frwy., Suite 350
Irving, TX 75039-2008
Expert listed by Defendant

**12.**  **SETTLEMENT**

All settlement attempts have proven unsuccessful, and the case must proceed to trial.

**13.**  **TRIAL**

Plaintiff will need approximately two days (2) to present his case, call his witnesses and present his evidence. Plaintiff anticipates no logistical problems in presenting his case at this time.

Defendants will need approximately 1 day to present their case, call their witnesses and present their evidence.

Date: _____

_____
UNITED STATES JUDGE

Approved:

Date: _____                    Date: _____

By: _____                  By: _____
    R.W. Armstrong
    TBA#01323500
    Federal I.D.#2237
    Attorney-in-charge,
    Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |

## PLAINTIFF'S MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DARWIN BISHOP,** Plaintiff in the above entitled and numbered cause, before the commencement of the Voir Dire examination of the jury panel, and respectfully moves that counsel for Defendant, and through such counsel any all defense witnesses, be instructed by this Honorable Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters hereinafter set forth, without first approaching the Bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case, in regard to any alleged theory of admissibility of such matters, because the injection of such matters in the trial of this cause would result in irreparable prejudice and harm to Plaintiff's case, which no instruction by the Court to the Jury could cure, to-wit:

### IN REGARD TO LIMITING TESTIMONY PLAINTIFF WOULD SHOW:

1. That portions of depositions which contain information about parties who are not before this court, not be read or shown to the jury.

   GRANTED: _____ DENIED: _____

2. Depositions of experts who testify to matters outside their investigation of a particular party be omitted.

   GRANTED: _____ DENIED: _____

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

3.   That no mention of any examination conducted upon a party not before the court be brought to the jury's attention.

GRANTED: _____ DENIED: _____

4.   Before Defendant utilizes any deposition that Defendant give Plaintiff a list of such portions that are to be shown to the jury.

GRANTED: _____ DENIED: _____

5.   That Defendant not present evidence concerning any fact or opinion of experts or witnesses not properly designated, and or whose testimony exceeds the expert's report as ordered by this Court.

GRANTED: _____ DENIED: _____

6.   That Plaintiff has been accused of, or in fact found guilty of, any misconduct or criminal activity.  In this connection, Plaintiff has never been convicted of any crime involving moral turpitude nor any other crime which conviction would be admissible in impeachment of Plaintiff's credibility, or any such conviction occurred at a time too remote from the present to be relevant to Plaintiff's credibility as a witness in the trial of this Cause. *City of Houston v. Watson*, 376 S.W. 2d 23 (Tex.Civ.App. - Houston 1964, writ ref'd n.r.e.); *Landry v. Travelers Ins. Co.*, 458 S.W.2d 649 (Tex.1970).  Rule 609 Texas Rules of Evidence.

GRANTED: _____ DENIED: _____

7.   That Defendant not refer to Plaintiff's having been involved in any other accidents, or has suffered any unrelated injury or illness or the effects thereof.

GRANTED: _____ DENIED: _____

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

8.  That Defendant not mention or state to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause. *Grogan v. Santos*, 617 S.W.2d 312 (Tex.Civ.App. - Tyler 1981, no writ).

    GRANTED: _____ DENIED: _____

9.  That the Defendant be instructed not to make demands or requests before the jury for matters found or contained in Plaintiff's file, which would include statements, pleadings, photographs, and other documents, physical demonstrations, or other requests during the course of the trial and in the presence of the jury.

    GRANTED: _____ DENIED: _____

10. The contents of any pleadings which have been superseded by the current pleadings on file in this case. *Zock v. Bank of Southwest National Association, Houston*, 464 S.W. 2d 375 (Tex.Civ.App. - Houston [14th Dist.] 1971, no writ).

    GRANTED: _____ DENIED: _____

11. Whether or not Plaintiff would sign a medical authorization form allowing the Defendant to personally obtain copies of medical records.

    GRANTED: _____ DENIED: _____

12. Any indication of any kind that Defendant personally will have to pay any judgment entered in this case, or the income of the Defendant which testimony would indicate the income available to pay any judgment.

    GRANTED: _____ DENIED: _____

13. Any reference to any affirmative defenses, to the extent that Defendant has not pled that affirmative defense, nor have any verified pleas been filed, and any comments associated with affirmative defenses or verified pleas on the part of the Defendants would be highly prejudicial and outside the scope of the pleadings.

    GRANTED: _____ DENIED: _____

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

14.    That any settlement negotiations have been made in this case or the results thereof, or the terms of any offers or demands. Tex.R.Evid. 408; *Beutel v. Paul*, 741 S.W.2d 510 (Tex.App.-Houston [14th Dist.] 1987, no writ).

GRANTED: _____ DENIED: _____

15.    That the Plaintiff committed any collateral wrongful acts not relevant to this case. Tex.R.Evid. 404(b); *Turner v. PV International Corp.,* 765 S.W.2d 455 (Tex.App.-Dallas 198, writ denied).

GRANTED: _____ DENIED: _____

16.    That the Defendant not present any evidence or arguments which would tend to inform the jury or jury panel of the effect of their answers to the questions submitted by the Court to the jury in this case, except with respect to the damage issues which are predicated upon a finding of liability on the part of the Defendant, and thus the jury is already apprised of the effect of the answers insofar as answering the damages questions.

GRANTED: _____ DENIED: _____

17.    That the Plaintiff made any objection to Interrogatories or document requests during the pretrial discovery phase of this case.

GRANTED: _____ DENIED: _____

18.    That the Defendant not attempt to offer into evidence any exhibit or other demonstrative evidence not timely and previously produced during the course of pretrial discovery.

GRANTED: _____ DENIED: _____

19.    That Defendant refrain from any reference or suggestion that would imply that the Plaintiff has not fully complied with all discovery requests made by the opposing side.

GRANTED: _____ DENIED: _____

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

20.  That the Defendant not request the Plaintiff's attorney to stipulate to the admissibility of any evidence or to any facts in front of the jury, as such would only be done for the purpose of attempting to prejudice the jury, and this is a matter that would more properly be taken up outside the presence of the jury.

GRANTED: _____ DENIED: _____

21.  Any reference to any character or trait of character of the Plaintiff. Tex.R.Evid. 404.

GRANTED: _____ DENIED: _____

22.  Any reference to specific instances of Plaintiff's conduct for the purpose of attacking their credibility. Tex.R.Evid. 608.

GRANTED: _____ DENIED: _____

23.  That Defendant's witnesses, both lay and expert, be instructed to refrain from testifying as to the credibility of any witnesses, for the reason that it is not competent evidence, is irrelevant and is prejudicial. *United States v. Azure*, 801 F2d 336 (8th Cir. 1986).

GRANTED: _____ DENIED: _____

24.  That the Plaintiff has filed any motions for continuance, or have sought in any way to continue the case, or any intimations by the Defendant that the Plaintiff has caused any delay, as these matters are irrelevant to any issue to be decided.

GRANTED: _____ DENIED: _____

25.  That Plaintiffs have received, have been entitled to receive, will receive or will become entitled to receive, benefits of any kind or character from a collateral source.

GRANTED: _____ DENIED: _____

26.  That any recovery by the Plaintiff either would or would not be subject to Federal Income taxation or any other form of taxation. *Turner v. General Motors Corp.*, 584 S.W.2d 844 (Tex. 1979).

GRANTED: _____ DENIED: _____

27. The non-taxability of certain investments that Plaintiff could make with a lump sum recovery.

GRANTED: _____ DENIED: _____

28. That any reference to Plaintiff's financial status not be made.

GRANTED: _____ DENIED: _____

29. That Plaintiff has not called to testify any witness equally available to both parties in this cause. In this connection, Plaintiff moves that Defendant's counsel further be instructed not to tender, read from or refer to any ex parte statement or report of any person not then and there present in court to testify and to be cross-examined by counsel for Plaintiff, and that Defendant's counsel be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.

GRANTED: _____ DENIED: _____

30. That should the Defendant wish to introduce any movies, video, film, audio tape, videotape or other reproduction of the incident scene or Plaintiffs, the same be tendered to court and opposing counsel, outside the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by Defendant.

GRANTED: _____ DENIED: _____

31. That the Defendant not mention to the jury any previous collisions or accidents in which Plaintiff may have been involved in that Plaintiff has no responsibility for this lawsuit whatsoever and to attempt to interject other collisions in which Plaintiff may have been participant would tend to introduce evidence for the purposes only to inflame the jury.

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

- 6 -

GRANTED: _____ DENIED: _____

32. That a Plaintiff's attorney or that Plaintiff attorney(s) represents only Plaintiffs or has represented primarily Plaintiffs.

GRANTED: _____ DENIED: _____

33. That Defendant make no reference to Plaintiff's church affiliation or counseling relationship to the pastor or others, as mental anguish is not an element of damages.

GRANTED: _____ DENIED: _____

34. That Plaintiff has used other names than the name listed as Plaintiff Darwin Bishop, or has been married previously or has resided in various states or other countries.

GRANTED: _____ DENIED: _____

35. Previous medical doctors and/or hospitalizations Plaintiff may have sought treatment from unrelated to this incident.

GRANTED: _____ DENIED: _____

36. That Defendant make no reference in regards to workman's compensation claim(s) concerning any injuries to Plaintiff while at work.

GRANTED: _____ DENIED: _____

37. That Defendant make no reference Plaintiff's having been shot while at work or hurt at work or filed a workman's compensation claim for the injuries.

GRANTED: _____ DENIED: _____

38. That Defendant's attorney not make any reference to Plaintiffs' attorney's avocations, hobbies or other outside interest not having a direct correlation to this suit.

GRANTED: _____ DENIED: _____

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

39.    That Defendant not refer or make reference to this Motion in Limine.

      GRANTED: _____ DENIED: _____

      WHEREFORE, Plaintiff requests that this Court enter an order as follows: that counsel for the Defendant, and each of them, and through such counsel any and all witnesses (including the parties themselves) called on behalf of such Defendant be and are instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, regarding any of the matters set forth in such Motion, including the offering of documentary evidence, without first requesting and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters.

                                    RESPECTFULLY SUBMITTED,

                                _____
                                R. W. Armstrong
                                TBA#01323500
                                2600 Old Alice Road, Suite A
                                Brownsville, Texas 78521-1450
                                Telephone:    (210) 546-5556
                                Telecopier:    (210) 546-0470
                                **ATTORNEY FOR PLAINTIFF**
                                **Federal I.D. 2237**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the Plaintiff's Motion in Limine was on this the _____ day of October, 2002, served by hand delivery, to wit:

                        Ms. Carla Saenz
              **GRIFFITH SAENZ & HILL, L.L.P.**
                  1325 Palm Blvd. Suite H
                  Brownsville, Texas 78521

                      _____
                      R. W. Armstrong

File Server:Bishop,D.[99-219/]Bad Faith-hm:MOTIONS:Mtn Limine

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |

### PLAINTIFF'S PROPOSED CHARGE TO THE JURY

MEMBERS OF THE JURY:

1)      Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.  Neither are you to be concerned with the wisdom of any rule of law stated by me.

2)      Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Out system of law does not permit jurors to be governed by prejudice or sympathy or public opinion.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

dll/plaintiff's proposed charge to the jury/g. m. distributing co., inc. 96-743

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands, as is a private individual. The law is no respecter of persons, and all persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

3)    When a corporation is involved, of course, it may act only through natural persons as its agents or employees; and, in general, any agent or employee of a corporation may bind the corporation by his acts and declarations made while acting within the scope of his authority delegated to him by the corporation, or within the scope of his duties as an employee of the corporation.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call you attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions, which reason and common sense lead you to draw from the facts, which have been established, by the testimony and evidence in the case.

4)    Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

dll/plaintiff's proposed charge to the jury/g. m. distributing co., inc. 96-743

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighting the testimony of a witness you should consider his relationship to the Plaintiff or to the Defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

5)      A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

6)      The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in our minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them.

dll/plaintiff's proposed charge to the jury/g. m. distributing co., inc. 96-743

If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

## QUESTION NO. 1

What amount of money if paid now in cash would fairly and reasonably compensate Darwin Bishop for the losses sustained March 12, 1997?

$_____