IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DARWIN BISHOP** | § | |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| **UNION STANDARD INSURANCE CO.** | § | |
| | § | |
| *DEFENDANTS* | § | |

---

### DEFENDANT UNION STANDARD INSURANCE COMPANY'S MOTION IN LIMINE

---

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES DEFENDANT, **UNION STANDARD INSURANCE COMPANY** the Defendant in the above-entitled and numbered cause, prior to the selection of the jury or the trial of this cause and respectfully moves the court for an order in limine, instructing counsel for the Plaintiff not to question any juror, party or witness or offer any evidence or make any statement pertaining to any of the following matters, without first taking up the same with the Court out of the presence of the jury, and further that the Court direct counsel for the Plaintiff to instruct each witness that they may call of the matters contained in this Defendant's Motion in Limine:

I.

The matters listed in paragraph III below are not admissible in evidence for any purpose and have no bearing on the issues or the rights of the parties in this case.

**II.**

Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice but will reinforce the development of questionable evidence.

**III.**

The matters of information made the subject of this motion are as follows:

1. That Defendant is or may have been involved in any unrelated prior claims, suits or settlements or the amounts involved therein.

    GRANTED:_____    DENIED:_____

2. That Defendant is or may have been involved in any unrelated subsequent claims, suits or settlements or the amounts involved therein.

    GRANTED:_____    DENIED:_____

3. The failure to call any witnesses available equally to either side; <u>Texas Power & Light Company v. Walker</u>, 559 S.W.2d 403 (Tex. Civ. App.-Texarkana 1977, no writ).

    GRANTED:_____    DENIED:_____

4. Ex parte statements or reports from witnesses not then and there present in court to testify and be subject to the examination by Defendant's counsel.

    GRANTED:_____    DENIED:_____

5. The probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

   GRANTED:_____   DENIED:_____

6. Any artistic renderings, photographs, video tapes or motion picture films until shown to Defendant's counsel and the Court, outside the presence of the jury, to determine its relevance or suitability for introduction into evidence.

   GRANTED:_____   DENIED:_____

7. Demands or requests before the jury for matters found or contained in Defendant's file, which include statements, pleadings, photographs or other documents.

   GRANTED:_____   DENIED:_____

8. The calling of witnesses, either expert or lay witnesses, other than those previously disclosed in discovery proceedings, in that the disclosure of additional witnesses at this time would constitute surprise.

   GRANTED:_____   DENIED:_____

9. Any statement which tends to inform the jury or the jury panel of the effect of its answer to special issues or any reference to whether a certain special issue is a Defendant's issue or a Defendant's issue.

   GRANTED:_____   DENIED:_____

10. Any request, in the presence of the jury, to counsel for this Defendant to enter into any stipulation including, but not limited to, offers of proof or admissibility of evidence. Such procedure would obviously be improper and even if the Defendant objects to the request, such would obviously create prejudice in the minds of the jurors.

GRANTED:_____    DENIED:_____

11. Any attempt to elicit, offer any evidence, make any inquiry or mention from lay witnesses regarding any opinions which they are not qualified to give.

GRANTED:_____    DENIED:_____

12. Any mention, inference, or suggestion, directly or indirectly, that Defendant has not complied with any discovery request, interrogatory, or order of the court.

GRANTED:_____    DENIED:_____

13. That any agents or the attorneys of Defendant have deliberately withheld any evidence.

GRANTED:_____    DENIED:_____

14. That there is any additional evidence not before the jury that bears on the case.

GRANTED:_____    DENIED:_____

15. Any mention, when reading from a deposition, of who asked any such questions, because such is immaterial especially since the answer of a witness to a deposition becomes the evidence of the party offering, regardless of who asked the question.

GRANTED:_____    DENIED:_____

16. Interrogating any witness or offering any portion of any deposition or records with regard to any witness or deponents' opinion until that time the witness' qualifications to render an expert opinion are established.

GRANTED:_____   DENIED:_____

17. Making any statements, or presentations by Defendants' attorneys relating to their personal knowledge of Defendants which is not introduced as evidence or testimony by lay witnesses in this matter. Any appearance by Defendants' attorneys as witnesses with knowledge of facts in this case is prejudicial to Defendant and is a violation of The Code of Professional Responsibility.

GRANTED:_____   DENIED:_____

18. Mentioning or suggesting to the jury that Defendant is in the habit of doing any particular thing, or have a routine practice of doing any particular thing, unless and until it is first established, outside the presence of the jury, by sufficient probative evidence that there have occurred numerous instances of consistent specific behavior sufficient to raise the behavior in question to the status of a "habit".

GRANTED:_____   DENIED:_____

19. To exclude from the courtroom in sight and presence of the jury, all models, demonstrative evidence, cameras, motion picture film, motion picture projection machines, unless and until the attorney for the Defendant has had an opportunity to see such motion picture film, models, or other demonstrative evidence and has had a chance to raise any objections to the admissibility of said items prior to any view of such items by the jury.

GRANTED:_____   DENIED:_____

20. Any mention or reference to any statements made by employees of UNION STANDARD INSURANCE COMPANY as such statements are hearsay and do not fall under any exceptions to the hearsay rule.

GRANTED:_____   DENIED:_____

21. Reference to verdicts rendered in other cases.

GRANTED:_____   DENIED:_____

22. Contents of any pleading which have been superseded by the current pleadings.

GRANTED:_____   DENIED:_____

23. That this Motion has been presented to or ruled upon by the court. In this connection, Defendant moves that counsel for the Plaintiff be instructed not to suggest to the jury by argument or otherwise that Defendant has sought to exclude from proof any matter bearing on the issues of this case.

GRANTED:_____   DENIED:_____

24. Any reference to causes of action previously plead by Plaintiff for alleged violations of the Texas Insurance Code, Article 21.21 and the Texas Deceptive Trade Practices Act, Business and Commerce Code §17.01 et seq., as such causes of action have been dismissed by Order of this Court entered June 6, 2001.

GRANTED:_____     DENIED:_____

25.  Advising the jury not to worry about who will pay the judgment or whether it is ever paid, or words to that effect.

GRANTED:_____     DENIED:_____

26.  Any reference to Defendant's policies and procedures for the handling of insurance claims that are not related to the issues in this case.

GRANTED:_____     DENIED:_____

27.  Any mention or reference comparing and/or assessing the relative wealth of the Plaintiff and Defendant.

GRANTED:_____     DENIED:_____

28.  Any mention or reference of any offers of settlement, compromise or offer of payment, or lack thereof, made on behalf of the Defendants.

GRANTED:_____     DENIED:_____

29.  Any mention or reference or statement to the jury that the court may reduce the amount of any jury award but cannot raise the amount of such award.

GRANTED:_____     DENIED:_____

30. Any reference to discussions regarding settlement amounts in this case because mention of any of this material would be prejudicial and harmful to the Defendant and would be in violation of Rule 409 of the Federal Rules of Evidence.

   GRANTED:_____    DENIED:_____

31. Any reference, insinuation or testimony pertaining to the fact that the attorneys for the Defendant are primarily engaged in the defense of lawsuits.

   GRANTED:_____    DENIED:_____

32. Any mention or reference to any illness, disease, disability or medical condition suffered by Plaintiff as the same has no relevance to any claims made by Plaintiff is not admissible and the same would be prejudicial to Defendant.

   GRANTED:_____    DENIED:_____

### IV.

Each of the above matters, set forth in paragraph III, are generally inadmissible, irrelevant and prejudicial to the Defendant's rights to a fair and impartial trial. Should an issue regarding the matters as set forth above become material, relevant or admissible, the Plaintiff can bring such issue to the court's attention out of the presence of the jury, receive a ruling thereon, and thus preserve each and every one of their rights.

WHEREFORE, PREMISES CONSIDERED, **UNION STANDARD INSURANCE COMPANY,** Defendant requests that this court order that counsel for Plaintiff and any and all witnesses called on their behalf be instructed to refrain from any mention or interrogation, directly

or indirectly, in any manner whatsoever, including the offering of documentary evidence, regarding any of the matters set forth in this motion.

Respectfully submitted,

**CARLA M. SAENZ & ASSOCIATES, L.L.P.**
1325 Palm Blvd, Suite H
Brownsville, Texas 78520
Tel. No. (956) 541-2862
Fax No. (956) 541-2864

By: _/s/ Carla Saenz Martinez_
　　CARLA SAENZ MARTINEZ
　　State Bar No. 17514595
　　Federal I.D. No. 7994

**ATTORNEYS FOR DEFENDANT,
UNION STANDARD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this ___3rd___ day of ___Oct.___, 2002, a true and correct copy of the above and foregoing document has been forwarded via hand-delivery, to opposing counsel:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*

_____
CARLA SAENZ MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DARWIN BISHOP | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-00-138 |
| | § | |
| UNION STANDARD INSURANCE CO. | § | |
| | § | |
| *DEFENDANTS* | § | |

## ORDER IN LIMINE

The motion in limine of Defendant, **UNION STANDARD INSURANCE COMPANY** having been presented to the Court, and the Court having considered and read the papers and pleadings filed in connection with the motion and having heard the arguments of counsel.

IT IS THEREFORE ORDERED that all parties, all attorneys, and all witnesses called by the attorneys refrain from direct and indirect argument, mention, reference, comment, suggestion, and interrogation (including the offering of documentary evidence) of any witness, juror, or prospective juror regarding any of the matters set forth below. This order shall be applicable to all stages of the proceedings in this action, including voir dire. Any person seeking to offer evidence of any of the matters covered by this order, or seeking a trial ruling on the admissibility of any matter covered by this order, shall first request and obtain a ruling from the Court outside the presence and hearing of all jurors and prospective jurors in regard to any theory of admissibility of the following matters:

1.  That Defendant is or may have been involved in any unrelated prior claims, suits or settlements or the amounts involved therein.

GRANTED:_____       DENIED:_____

2. That Defendant is or may have been involved in any unrelated subsequent claims, suits or settlements or the amounts involved therein.

GRANTED:_____       DENIED:_____

3. The failure to call any witnesses available equally to either side; <u>Texas Power & Light Company v. Walker</u>, 559 S.W.2d 403 (Tex. Civ. App.-Texarkana 1977, no writ).

GRANTED:_____       DENIED:_____

4. Ex parte statements or reports from witnesses not then and there present in court to testify and be subject to the examination by Defendant's counsel.

GRANTED:_____       DENIED:_____

5. The probable testimony of a witness who is absent, unavailable, or not called to testify in this case.

GRANTED:_____       DENIED:_____

6. Any artistic renderings, photographs, video tapes or motion picture films until shown to Defendant's counsel and the Court, outside the presence of the jury, to determine its relevance or suitability for introduction into evidence.

GRANTED:_____       DENIED:_____

7.  Demands or requests before the jury for matters found or contained in Defendant's file, which include statements, pleadings, photographs or other documents.

    GRANTED:_____     DENIED:_____

8.  The calling of witnesses, either expert or lay witnesses, other than those previously disclosed in discovery proceedings, in that the disclosure of additional witnesses at this time would constitute surprise.

    GRANTED:_____     DENIED:_____

9.  Any statement which tends to inform the jury or the jury panel of the effect of its answer to special issues or any reference to whether a certain special issue is a Defendant's issue or a Defendant's issue.

    GRANTED:_____     DENIED:_____

10. Any request, in the presence of the jury, to counsel for this Defendant to enter into any stipulation including, but not limited to, offers of proof or admissibility of evidence. Such procedure would obviously be improper and even if the Defendant objects to the request, such would obviously create prejudice in the minds of the jurors.

    GRANTED:_____     DENIED:_____

11. Any attempt to elicit, offer any evidence, make any inquiry or mention from lay witnesses regarding any opinions which they are not qualified to give.

    GRANTED:_____     DENIED:_____

12. Any mention, inference, or suggestion, directly or indirectly, that Defendant has not complied with any discovery request, interrogatory, or order of the court.

    GRANTED:_____        DENIED:_____

13. That any agents or the attorneys of Defendant have deliberately withheld any evidence.

    GRANTED:_____        DENIED:_____

14. That there is any additional evidence not before the jury that bears on the case.

    GRANTED:_____        DENIED:_____

15. Any mention when reading from a deposition, of who asked any such questions, because such is immaterial especially since the answer of a witness to a deposition becomes the evidence of the party offering, regardless of who asked the question.

    GRANTED:_____        DENIED:_____

16. Interrogating any witness or offering any portion of any deposition or records with regard to any witness or deponents' opinion until that time the witness' qualifications to render an expert opinion are established.

    GRANTED:_____        DENIED:_____

17.     Making any statements, or presentations by Defendants' attorneys relating to their personal knowledge of Defendants which is not introduced as evidence or testimony by lay witnesses in this matter. Any appearance by Defendants' attorneys as witnesses with knowledge of facts in this case is prejudicial to Defendant and is a violation of The Code of Professional Responsibility.

      GRANTED:_____          DENIED:_____

18.     Mentioning or suggesting to the jury that Defendant is in the habit of doing any particular thing, or have a routine practice of doing any particular thing, unless and until it is first established, outside the presence of the jury, by sufficient probative evidence that there have occurred numerous instances of consistent specific behavior sufficient to raise the behavior in question to the status of a "habit".

      GRANTED:_____          DENIED:_____

19.     To exclude from the courtroom in sight and presence of the jury, all models, demonstrative evidence, cameras, motion picture film, motion picture projection machines, unless and until the attorney for the Defendant has had an opportunity to see such motion picture film, models, or other demonstrative evidence and has had a chance to raise any objections to the admissibility of said items prior to any view of such items by the jury.

      GRANTED:_____          DENIED:_____

20. Any mention or reference to any statements made by employees of UNION STANDARD INSURANCE COMPANY as such statements are hearsay and do not fall under any exceptions to the hearsay rule.

    GRANTED:_____ DENIED:_____

21. Reference to verdicts rendered in other cases.

    GRANTED:_____ DENIED:_____

22. Contents of any pleading which have been superseded by the current pleadings.

    GRANTED:_____ DENIED:_____

23. That this Motion has been presented to or ruled upon by the court. In this connection, Defendant moves that counsel for the Defendants be instructed not to suggest to the jury by argument or otherwise that Defendant has sought to exclude from proof any matter bearing on the issues of this case.

    GRANTED:_____ DENIED:_____

24. Any reference to causes of action previously plead by Plaintiff for alleged violations of the Texas Insurance Code, Article 21.21 and the Texas Deceptive Trade Practices Act, Business and Commerce Code §17.01 et seq., as such causes of action have been dismissed by Order of this Court entered June 6, 2001 a copy of which is attached hereto as Exhibit "A".

    GRANTED:_____ DENIED:_____

25. Advising the jury not to worry about who will pay the judgment or whether it is ever paid, or words to that effect.

   GRANTED:_____        DENIED:_____

26. Any reference to Defendant's policies and procedures for the handling of insurance claims that are not related to the issues in this case.

   GRANTED:_____        DENIED:_____

27. Any mention or reference comparing and/or assessing the relative wealth of the Plaintiff and Defendant.

   GRANTED:_____        DENIED:_____

28. Any mention or reference of any offers of settlement, compromise or offer of payment, or lack thereof, made on behalf of the Defendants.

   GRANTED:_____        DENIED:_____

29. Any mention or reference or statement to the jury that the court may reduce the amount of any jury award but cannot raise the amount of such award.

   GRANTED:_____        DENIED:_____

30. Any reference to discussions regarding settlement amounts in this case because mention of any of this material would be prejudicial and harmful to the Defendant and would be in violation of Rule 409 of the Federal Rules of Evidence.

   GRANTED:_____        DENIED:_____

31. Any reference, insinuation or testimony pertaining to the fact that the attorneys for the Defendant are primarily engaged in the defense of lawsuits.

> GRANTED:_____  DENIED:_____

32. Any mention or reference to any illness, disease, disability or medical condition suffered by Plaintiff as the same has no relevance to any claims made by Plaintiff is not admissible and the same would be prejudicial to Defendant.

> GRANTED:_____  DENIED:_____

IT IS FURTHER ORDERED that each attorney shall inform each witness he or she calls in this action of the contents and effect of this order prior to the time that the witness is called to the stand to testify, and the information shall be given to the witness outside the presence and hearing of all jurors and prospective jurors.

SIGNED this ____ day of _____, 2002.

_____
U.S. DISTRICT JUDGE