**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 0 3 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| **DARWIN BISHOP** | § | |
| | § | |
| *PLAINTIFF,* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-00-138** |
| | § | |
| **UNION STANDARD INSURANCE CO.** | § | |
| | § | |
| *DEFENDANTS* | § | |

---

### DEFENDANT UNION STANDARD INSURANCE COMPANY'S
### PROPOSED CHARGE AND INSTRUCTIONS TO THE JURY

---

TO THE HONORABLE U.S. DISTRICT COURT:

NOW COMES DEFENDANT, UNION STANDARD INSURANCE COMPANY and

respectfully submits Defendant's Proposed Charge and Instructions to the Jury as follows:

Respectfully submitted,

**CARLA M. SAENZ & ASSOCIATES, P.L.L.C.**
1325 Palm Blvd., Suite H
Brownsville, Texas 78520
Telephone: (956) 541-2862
Facsimile:  (956) 541-2864

By: *Carla Saenz Martinez*
      CARLA SAENZ MARTINEZ
      Attorney-in-charge for Defendant
      State Bar No. 17514595
      Federal Id. No. 7994

---

## CERTIFICATE OF SERVICE

I hereby certify that on this _3rd_ day of _Oct._ , 2002, a true and correct copy of

the above and foregoing document has been forwarded via hand-delivery, to opposing counsel:

Mr. R. W. Armstrong
**R.W. Armstrong & Associates**
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

*Attorney for Plaintiff*

CARLA SAENZ MARTINEZ

## PROPOSED INSTRUCTION NO. 1

### GENERAL INSTRUCTION

LADIES AND GENTLEMEN OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judge of the facts. Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means that amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some

important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because peoples may forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence - such as testimony of any eyewitnesses. The other is indirect or circumstantial evidence-the proof of a chain of circumstances that indicates the existence or non-existence of certain other facts. As a general rule, the law makes no distinction between

direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you may have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of the other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if your become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think

differently, or merely to finish the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given your about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any questions.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

Remember that in a very real way you are the judges - judges of the facts. Your only interest is to seek the truth from the evidence in this case.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.


_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 2

### WITNESSES

A witness may be discredited or "impeached" by contradictory evidence or by evidence that the witness has at other times made statements that are inconsistent with the witness' present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness and not to conclusively establish the truth of the earlier statements. If you believe any witness has been impeached and thus discredited, you are free to give the testimony of that witness such credibility, if any, as you may think it deserves.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 3

### EVIDENCE

You may, in your determination of the facts of this case, consider both direct and circumstantial evidence. Direct evidence is the testimony of a witness who actually saw an event occur. Circumstantial evidence is proof of a chain of circumstances pointing to the occurrence of a fact or the existence of a fact. Direct evidence includes a witness' testimony as to facts within that person's own personal knowledge, matters that the witness saw and heard, and matters that came to the witness out of that person's own senses or observations. Circumstantial evidence, rather than or in addition to direct evidence, can be used to establish a fact if that fact may be fairly and reasonably inferred from all other facts and circumstances proved in the case. In order to establish a fact or conclusion by circumstantial evidence, the facts that were directly proven in the case must be such as to make the fact or conclusion sought to be shown by circumstantial evidence more reasonably probable to be true than alternative facts or conclusions. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with a preponderance of all the evidence in the case both direct and circumstantial.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.


_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 4

### PREPONDERANCE OF THE EVIDENCE

A "preponderance of the evidence" means the greater weight and degree of the credible evidence admitted in the trial. It does not necessarily mean the greater volume of evidence or the greater number of witnesses. To establish or prove something by a preponderance of the evidence means to prove that something is more likely true than not. In other words, a preponderance of the evidence in this case means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 5

### BREACH OF CONTRACT

A contract is a promise or set of promises for the breach of which the law gives a remedy or the performance of which the law in some way recognizes a duty.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____

U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 6

### CONSIDER DAMAGES ONLY IF NECESSARY

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have the guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover from the Defendant.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.


_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 7

### MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate - to avoid or minimize those damages.

If you find the Defendant is liable and the Plaintiff has suffered damages, the Plaintiff may not recover for any item of damages which he could have avoided through reasonable effort. If you find by a preponderance of the evidence the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The Defendant has the burden of proving the damages which the Plaintiff could have mitigated. In deciding whether to reduce the Plaintiff's damages because of a failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Defendant has satisfied his burden of proving that the Plaintiff's conduct was not reasonable.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

---

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.




_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 8

### DAMAGES

If you find that the Defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole - that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 9

### COMPARATIVE FAULT

The Defendant UNION STANDARD INSURANCE COMPANY asserts as a defense comparative fault. Comparative fault is fault on the part of a plaintiff that contributes as a proximate cause in bringing about the plaintiff's injury.

Comparative fault, if any, on the part of plaintiff DARWIN BISHOP does not bar plaintiff's recovery against Defendants UNION STANDARD INSURANCE COMPANY but the total amount of damages to which plaintiff DARWIN BISHOP would otherwise be entitled shall be reduced by the percentage that plaintiff DARWIN BISHOP's comparative fault contributed as a proximate (legal) cause of plaintiff's injury.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED INSTRUCTION NO. 10

### FRAUDULENT MISREPRESENTATION AND/OR CONCEALMENT

The Defendant UNION STANDARD INSURANCE COMPANY asserts as a defense of fraudulent misrepresentation and/or concealment by plaintiff DARWIN BISHOP. In this case Plaintiff seeks to recover from the Defendant under an insurance policy issued by the Defendant insuring Plaintiff's home and contents. There is no dispute that a loss occurred. However, the Defendant claims that the Plaintiff DARWIN BISHOP made a fraudulent or material misrepresentation or concealment of fact relating to his claim under the policy after the loss had occurred.

In this case the false representation or statement that the Defendant alleges the Plaintiff made concerns Plaintiff's ownership and/or possession of certain items of personal property which Plaintiff DARWIN BISHOP claims as part of his losses as the result of a burglary at his home.

To establish this defense, it must be proved by a preponderance of the evidence that Plaintiff DARWIN BISHOP in making such representation knew that the representation was false, and that the representation was material to the claim involved, that is to say, that the representation affected the liability of the Defendant UNION STANDARD INSURANCE COMPANY to pay. Thus, if such representation, even though erroneous, was made with the honest belief that it was true, then the insured would not be guilty of fraud, which is a necessary part to the Defendant's defense.

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Instruction was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.


_____

U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 1

Do you find from a preponderance of the evidence that Defendant breached the insurance

contract between Plaintiff and Defendant?

Answer: "Yes" or "No"

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the
presentation of the charge to the jury that the above and foregoing Proposed Question was presented
to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 2

If you answered "Yes" to Question No. 1 above, do you find from a preponderance of the evidence that Defendant's acts in breach of the insurance contract between Plaintiff and Defendant were the proximate or legal cause of the Plaintiff's damages?

Answer: "Yes" or "No"

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff

for his losses?

Answer:

$_____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO.4

Do you find from a preponderance of the evidence that fault on the part of the plaintiff contributed as a proximate cause in bringing about the plaintiff's damages?


Answer: "Yes" or "No"

_____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.



_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 5

If you answered "Yes" to Question No. 4 above, what percentage did Plaintiff DARWIN

BISHOP's comparative fault contribute as a proximate cause of plaintiff's damages?

%_____

### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 6

Do you find from a preponderance of the evidence that the Plaintiff made material misrepresentation or concealed material facts or circumstances relating to his claim under the policy or during the inquiry made by Defendant after the loss had occurred.

Answer: "Yes" or "No"

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 7

Do you find by a preponderance of the evidence that the Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages?

Answer: "Yes" or "No"

_____


### ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.


SIGNED the _____ day of _____ 2002.


_____
U.S. MAGISTRATE JUDGE

## PROPOSED QUESTION NO. 8

If you answered "Yes" to Question No. 7 above, identity those damages which the Plaintiff would have avoided had he taken advantage of the opportunity to lessen his damages?

Answer:

_____

## ORDER

BE IT REMEMBERED that on the date of the signing of this Order and before the presentation of the charge to the jury that the above and foregoing Proposed Question was presented to the Court for inclusion in the Charge to the Jury and the same was:

_____ Included in the Court's Charge.

_____ Refused.

_____ Modified and, as modified, included in the Court's Charge.

SIGNED the _____ day of _____ 2002.

_____
U.S. MAGISTRATE JUDGE